HY-15 194

CLERK'S RECORD

VOLUME 1 OF 6

TRIAL COURT CAUSE NO: 380-81972-07
A REINDICTMENT OF NO: 380-82629-06

IN THE 380TH DISTRICT COURT
OF COLLIN COUNTY, TEXAS,
HONORABLE CHARLES SANDOVAL JUDGE PRESIDING

KOSOUL CHANTHAKOUMMANE                          APPELLANT

                              VS.

                                    **FILED IN
                                    COURT OF CRIMINAL APPEALS**

THE STATE OF TEXAS                              APPELLEE          FEB 2 6 2008

                                                        **Louise Pearson, Clerk**

APPEALED TO THE
COURT OF CRIMINAL APPEALS IN AUSTIN, TEXAS

ATTORNEY FOR APPELLANT:                 ATTORNEY FOR APPELLEE:
NAME:  C WAYNE HUFF                     NAME:    JOHN R ROACH
ADDRESS: P O BOX 2334                   ADDRESS: 2100 BLOOMDALE RD
         BOERNE   TX  78006-2334                 MCKINNEY TX  75069
TELEPHONE: (214)803-4127                TELEPHONE:   (972) 548-4323
FAX NO: (830)230-5567                   FAX NO:      (972) 548-4388
SBOT NO: 10180600                       SBOT NO:     90001601

DELIVERED TO THE COURT OF CRIMINAL APPEALS IN AUSTIN, TEXAS
ON THE 13TH DAY OF FEBRUARY 2008
SIGNATURE OF CLERK: _Carolyn McCarley_
NAME OF CLERK:  CAROLYN MCCARLEY
TITLE:  DEPUTY CLERK

APPELLATE COURT CAUSE NO. AP-75,794

FILED IN THE COURT OF CRIMINAL APPEALS IN AUSTIN, TEXAS

ON THE_____DAY OF_____20__-

                              _____, CLERK

                    BY_____,DEPUTY

CAUSE NO. 380-81972-07 A REINDICTMENT OF CAUSE NO. 380-82629-06

KOSOUL CHANTHAKOUMMANE

VS.

THE STATE OF TEXAS

IN THE 1380TH JUDICIAL DISTRICT COURT

OF

COLLIN COUNTY, MCKINNEY, TEXAS

## INDEX

APPEAL CERTIFICATE AFTER INDEX ---------------------------------------------------------------1

CRIMINAL DOCKET SHEET (380-81972-07)-------------------------------------------------------2 – 6

TRUE BILL OF INDICTMENT (380-81972-07 FILED 08/21/07) ---------------------------------7

COPY OF CAPIAS IN FELONY CASE --------------------------------------------------------------- 8

EXECUTED CAPIAS IN FELONY CASE FILED 08/27/07 -------------------------------------9 -11

DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE
ALTERNATIVE FIRST MOTION FOR CONTINUANCE FILED 08/27/07 ---------------------- 12 –17

MOTION FOR JURY SHUFFLE FILED 08/30/07 --------------------------------------------------18-20

STATE AND COUNTY QUICKFACTS ---------------------------------------------------------- 21-23

ORDER DENYING MOTION FOR CHANGE OF VENUE SIGNED 08/30/07 ------------------ 24

ORDER SIGNED AUGUST 30 2007 DENIES DEFENDANT'S MOTIONS NUMBERED
FORTY-THREE (43) THROUGH SEVENTY-SIX (76) ------------------------------------------------25

AGREED MOTION TO ELECTRONICALLY SCAN JUROR QUESTIONNAIRES FILED
SEPTEMBER 05 2007 --------------------------------------------------------------------------------- 26-29

DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE ALTERNATIVE
SECOND MOTION FOR CONTINUANCE FILED 09/07/07 ------------------------------------- 30-35

THIRD SUPPLEMENTAL NOTICE OF EXPERTS THAT MAY TESTIFY AT TRIAL
UNDER ARTICLE 39.14(B) OF THE TEXAS CODE OF CRIMINAL PROCEDURE
FILED SEPTEMBER 07 2007 --------------------------------------------------------------------- 36-37

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX PAGE 2 –

DEFENDANT'S OBJECTIONS TO THE COURT'S VOIR DIRE, MOTION TO INSTRUCT THE JURY TO DISREGARD, MOTION FOR MISTRIAL, OR IN THE ALTERNATIVE, MOTION TO QUASH THE JURY PANEL FILED 09/10/07 ------------------------------------------- 38-45

APPLICATIONS/ORDERS FOR PROCESS OF AN OUT OF STATE WITNESS FOR TRIAL FILED/SIGNED SEPTEMBER 21 2007 ------------------------------------------------------------- 46-102

MOTION TO ABATE VOIR DIRE AND TRIAL AND TO DECLARE THE DEATH PENALTY UNCONSTITUTIONAL BASED ON TEXAS' LETHAL INJECTION PROTOCOL AND THE U.S. SUPREME COURT'S DEFACTO AND DEJURE DECLARATION OF A MORATORIUM ON THE USE OF THE LETHAL INJECTION PROTOCOL AND THE TEXAS STATUTE'S AND PROVISION FOR THE USE OF LETHAL INJECTION FILED IN OPEN COURT OCTOBER 1 2007 ------------------------------- 103-140

SUBPOENA DUCES TECUM REQUEST FORM – CRIMINAL FILED 10/09/07 ----------------- 141

JURY CHOSEN --------------------------------------------------------------------------------142

CHARGE OF THE COURT --------------------------------------------------------------------143 – 150

CHARGE OF THE COURT --------------------------------------------------------------------151 – 156

NOTES TO JUDGE FROM JURY AND ANSWERS FROM JUDGE DATED 10/17/07 ----------157 – 160

JUDGMENT OF CONVICTION BY JURY SENTENCE BY JURY TO DEATH OF OCTOBER 17 2007 ------------------------------------------------------------------------------161 – 164

CLERK'S CERTIFICATE DATED OCTOBER 18 2007 -------------------------------------- 165

ORDER APPOINTING ATTORNEY FOR APPEAL PURPOSES SIGNED 10/23/07 -------------- 166

ORDER APPOINTING ATTORNEY FOR 11.071 WRIT PURPOSES SIGNED 10/23/07 --------- 167

FAX CONFIRMATION TO OFFICE OF COURT ADMINISTRATION DATED 10/24/07 -------- 168 – 169

ORDERS TO APPEAR IN TEXAS FROM STATE OF NORTH CAROLINA ----------------------- 170 – 190

FAX CONFIRMATIONS DATED OCTOBER 31 2007 ------------------------------------------ 191 – 193

MOTION FOR NEW TRIAL FILED NOVEMBER 15 2007 -------------------------------------- 194 – 209

CRIMINAL DOCKET SHEET (380-82629-06) ------------------------------------------------------ 210 – 211

TRUE BILL OF INDICTMENT FILED SEPTEMBER 21 2006 ------------------------------------- 212

ATTORNEY APPOINTMENT INFORMATION DATED 09-06-06 ------------------------------------- 213 – 218

NOTICE TO APPEAR DATED SEPTEMBER 25 3006 ------------------------------------------- 219

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 09/28/06 ------------------------- 220 –221

COPY OF CAPIAS IN FELONY CASE ----------------------------------------------------------- 222

LETTER TO COUNSEL FROM JUDGE FILED SEPTEMBER 29 2006 -------------------------------  223

ORDER APPOINTING ATTORNEY FOR TRIAL PURPOSES ------------------------------------------ 224

ORDER APPOINTING ATTORNEY FOR TRIAL PURPOSES ------------------------------------------ 225

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED OCTOBER 4 2006 ---------------- 226 – 227

ATTORNEY APPOINTMENT INFORMATION ------------------------------------------------------- 228 – 235

SPEEDY TRIAL WAIVER DATED OCTOBER 6 2006 ------------------------------------------- 236

NOTICE OF INTENT TO SEEK DEATH PENALTY FILED OCTOBER 27 2006 --------------------- 237 – 238

STATE'S PRODUCTION OF DOCUMENTS FILED OCTOBER 27 2006 ------------------------------ 239 – 240

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED OCTOBER 30 2006 --------------- 241

STATE'S FIRST SUPPLEMENTAL PRODUCTION OF DOCUMENTS FILED 11/07/06 ----------- 242 – 244

PRETRIAL SCHEDULING AND DISCOVERY ORDER SIGNED JANUARY 5 2007 --------------- 245 – 249

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED JANUARY 2 2007 --------------- 250

AUTHORIZATION FOR WARRANT CANCELLATION DATED 01/10/07 --------------------------- 251

STATE'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS FILED MARCH 26 2007 --------- 252 – 254

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX PAGE 4 –

STATE'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS FILED 04/10/07 --------- ----- 255 – 256

DEFENSE APPLICATION FOR SUBPOENA ISSUANCE FILED 04/12/07 --------------------- 257

MOTION FOR DISCOVERY AND INSPECTION OF THE ALLEGED CRIME
SCENE FILED APRIL 12 2007 -------------------------------------------------------------------258 – 262

ORDER OF THE COURT ON THE DEFENDANT'S MOTION FOR DISCOVERY AND
INSPECTION OF THE ALLEGED CRIME SCENE SIGNED MAY 8 2007 ----------------------- 263 – 264

STATE'S DESIGNATION OF WITNESSES FILED APRIL 13 2007 ------------------------------ 265 – 270

STATE'S DESIGNATION OF EXPERT WITNESSES FILED APRIL 13 2007 ------------------- 271 – 274

NOTICE OF INTENT TO USE EXTRANEOUS AND UNADJUDICATED OFFENSES
FILED APRIL 13 2007 -------------------------------------------------------------------------------275 – 277

STATE'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS FILED APRIL 13 2007 ------ 278 – 279

NOTICE OF FILING OF BUSINESS RECORDS PURSUANT TO RULE 902(10)
FILED APRIL 13 2007 -------------------------------------------------------------------------------280 – 322

NOTICE OF INTENT TO USE CERTIFIED RECORDS FILED APRIL 13 2007 ----------------- 323 – 382

NOTICE OF EXPERTS THAT MAY TESTIFY AT TRIAL UNDER ARTICLE 39.14(B)
OF THE TEXAS CODE OF CRIMINAL PROCEDURE FILED APRIL 19 2007 ------------------ 383 – 385

STATE'S SUPPLEMENTAL PRODUCTION OF DOCUMENTS FILED 04/26/07 --------------- 386 – 387

NOTICE OF FILING OF BUSINESS RECORDS PURSUANT TO RULE 902(10)
FILED APRIL 26 2007 -------------------------------------------------------------------------------388 – 394

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 04/18/07----------------------- 395

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED  04/19/07 --------------------- 396

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 04/23/07 ----------------------- 397 – 398

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED MAY 1 2007 ----------------- 399

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX PAGE 5 –

NOTICE OF FILING OF BUSINESS RECORDS PURSUANT TO RULE 902 (10)
FILED MAY 7 2007 -------------------------------------------------------------------------------400 – 443

NOTICE OF FILING OF BUSINESS RECORDS PURSUANT TO RULE 902(10)
FILED MAY 8 2007 -------------------------------------------------------------------------------444 – 449

APPLICATION FOR SUBPOENA DUCES TECUM FILED MAY 30 2007 ----------------------- 450 – 451

STATE'S CHALLENGE TO EXPERT WITNESSES FILED JUNE 6 2007 ------------------------ 452 – 453

SUPPLEMENTAL NOTICE OF INTENT TO USE EXTRANEOUS AND
UNADJUDICATED OFFENSES FILED JUNE 18 2007 ------------------------------------------- 454 – 461

COVER LETTER FROM ATTORNEY FILED JUNE 22 2007 -------------------------------------- 462

DEFENDANT'S MOTION TO SUPPRESS TESTIMONY BASED UPON
HYPNOTICALLY ENHANCED MEMORY, OR IN THE ALTERNATIVE,
DEFENDANT'S MOTION IN LIMINE REGARDING TESTIMONY BASED UPON
HYPNOTICALLY ENHANCED MEMORY FILED JUNE 22 2007 --------------------------------- 463 – 469

COVER LETTER FROM ATTORNEY FILED JUNE 22 2007 -------------------------------------- 470 – 474

MOTION TO SUPPRESS EVIDENCE AND STATEMENTS FILED JUNE 22 2007 ------------ 475 – 482

REQUEST THAT DEFENSE BE ALLOWED TO OCCUPY COUNSEL TABLE
NEAREST TO JURY BOX FILED JUNE 22 2007 ------------------------------------------------- 483 – 486

DEFENDANT'S MOTION FOR A RESTRICTIVE ORDER REGULATING NEWS
ACCOUNTS, COMMENTS AND EDITORIALS CONCERNING CERTAIN
CIRCUMSTANCES OF THE CASE FILED JUNE 22 2007 --------------------------------------- 487 – 490

MOTION TO REQUIRE THE PROSECUTION TO RESPOND IN WRITING TO EVERY
WRITTEN MOTION FILED BY THE DEFENSE FILED JUNE 22 2007 -------------------------- 491 – 492

MOTION FOR THE COURT TO DIRECT THE COURT REPORTER TO RECORD
PROCEEDINGS FILED JUNE 22 2007 -------------------------------------------------------------- 493 – 496

MOTION TO PROHIBIT COMMENT ON THE WEIGHT TO BE GIVEN OR
CREDIBILITY OF TESTIMONY DURING TRIAL FILED JUNE 22 2007 ------------------------ 497 – 500

MOTION TO PRESERVE RIGHT TO FILE OTHER MOTIONS FILED JUNE 22 2007 -------- 501 – 503

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX  PAGE 6 –

MOTION FOR THE PRODUCTION OF WITNESS INTERVIEW NOTES FILED
JUNE 22 2007 --------------------------------------------------------------------504 – 507

MOTION TO PRESERVE EVIDENCE FILED JUNE 22 2007 -------------------------------------- 508 – 518

MOTION TO PRECLUDE CREATION OF SNITCH TESTIMONY FILED JUNE 22 2007 ---- 519 – 525

MOTION TO PRECLUDE MR CHANTHAKOUMMANE FROM BEING SHACKLED IN
PUBLIC FILED JUNE 22 2007 --------------------------------------------------------------526 – 530

MOTION FOR EQUAL ACCESS TO BACKGROUND INFORMATION ON
PROSPECTIVE JURORS FILED JUNE 22 2007 ------------------------------------------------ 531 – 533

MOTION FOR IN CAMERA INSPECTIONS FILED JUNE 22 2007 ------------------------------ 534 – 536

MOTION FOR PRODUCTION OF EVIDENCE RELATING TO EXPERT WITNESSES
FILED JUNE 22 2007 ------------------------------------------------------------------------537 – 542

MOTION TO LIST EXHIBITS TO BE OFFERED IN BOTH PHASES OF TRIAL
FILED JUNE 22 2007 ------------------------------------------------------------------------543 – 545

MOTION TO DISCOVER THE PORTIONS OF THE DEFENDANT'S STATEMENT
WHICH THE STATE INTENDS TO USE AT TIME OF TRIAL FILED JUNE 22 2007 --------- 546 – 548

MOTION FOR PRODUCTION OF EXCULPATORY, IMPEACHMENT AND
MITIGATING EVIDENCE FILED JUNE 22 2007 --------------------------------------------- 549 – 552

DEFENDANT'S MOTION REGARDING VICTIM CHARACTER/IMPACT
TESTIMONY AFTER MOSLEY V. STATE FILED JUNE 22 2007 -------------------------------- 553 – 556

MOTION TO PREVENT IMPROPER JURY ARGUMENT BY STATE FILED
JUNE 22 2007 --------------------------------------------------------------------------------557 – 576

MOTION FOR IDENTIFICATION HEARING OUTSIDE PRESENCE OF JURY AND
MOTION TO SUPPRESS TESTIMONY RESULTING FROM HYPNOSIS FILED
JUNE 22 2007 --------------------------------------------------------------------------------577 – 580

MOTION FOR HEARING ON ADMISSIBILITY OF ANY STATEMENT BY DEFENDANT
WHETHER WRITTEN OR ORAL OR EVIDENCE RESULTING FROM SAME FILED
JUNE 22 2007 --------------------------------------------------------------------------------581 – 585

MOTION FOR RULE 702/705 HEARING FILED JUNE 22 2007 ---------------------------------- 586 – 594

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX  PAGE 7 –

MOTION FOR BIFURCATION PUNISHMENT HEARING AND RIGHT TO OPEN
AND CLOSE IN PUNISHMENT PHASE FILED JUNE 22 2007 ----------------------------------- 595 – 604

DEFENDANT'S MOTION TO VIDEOTAPE THE INDIVIDUAL VOIR DIRE FILED
JUNE 22 2007 -----------------------------------------------------------------------------------605 – 609

MOTION TO LIST WITNESSES AND REQUEST FOR CRIMINAL HISTORIES FILED
JUNE 22 2007 -----------------------------------------------------------------------------------610 – 612

MOTION TO PRECLUDE UNIFORMED POLICE OFFICERS FROM ATTENDING THE
PROCEEDINGS AGAINST MR CHANTHAKOUMMANE AND LIMIT THE SHOW OF
FORCE IN THE COURTROOM FILED JUNE 22 2007 ------------------------------------------- 613 – 617

MOTION TO LIMIT STATE'S CROSS-EXAMINATION OF DEFENDANT TO THE
SCOPE OF THE DIRECT EXAMINATION BY THE DEFENSE DURING PUNISHMENT
PHASE FILED JUNE 22 2007 -------------------------------------------------------------------618 – 620

MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND
FRIENDS REGARDING THEIR FEELINGS ON THE PROSPECT OF A DEATH
SENTENCE AND THE IMPACT AN EXECUTION WOULD HAVE ON THEM FILED
JUNE 22 2007 -----------------------------------------------------------------------------------621 – 631

MOTION TO INTRODUCE THE DEFENDANT'S STATEMENT OF ALLOCUTION,
FREE FROM CROSS-EXAMINATION BY THE STATE, REFLECTING HIS
REMORSE FOR THE OFFENSE FILED JUNE 22 2007 ----------------------------------------- 632 – 640

MOTION FOR LIMITING INSTRUCTIONS TO THE JURY REGARDING EXTRANEOUS
OFFENSES FILED JUNE 22 2007 ----------------------------------------------------------------641 – 644

MOTION FOR LIMITED DAILY TRANSCRIPTS FILED JUNE 22 2007 ------------------------ 645 – 648

MOTION TO ADJOURN AT A REASONABLE TIME FILED JUNE 22 2007 -------------------- 649 – 652

DEFENDANT'S ASSERTION OF RIGHTS FILED JUNE 22 2007 ---------------------------- 653 – 655

MOTION IN LIMINE – GENERAL FILED JUNE 22 2007 --------------------------------------- 656 – 660

MOTION IN LIMINE (GUARANTEE OF NO VIOLENCE) FILED JUNE 22 2007 -------------- 661 – 664

MOTION IN LIMINE REGARDING THE OFFER OF EVIDENCE OF EXTRANEOUS
OFFENSES (RING V. ARIZONA) FILED JUNE 22 2007 --------------------------------------- 665 – 672

MOTION IN LIMINE TO EXCLUDE PSYCHIATRIC OR PSYCHOLOGICAL
TESTIMONY CONCERNING FUTURE DANGEROUSNESS FILED JUNE 22 2007 ----------- 673 – 676

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE PSYCHIATRIC OR PSYCHOLOGICAL TESTIMONY CONCERNING
FUTURE DANGEROUSNESS FILED JUNE 22 2007 -------------------------------------------- 677 – 703

MOTION IN LIMINE REGARDING ADMISSION OF PREJUDICIAL PHOTOGRAPHS
FILED JUNE 22 2007 --------------------------------------------------------------------------------704 – 708

MOTION IN LIMINE (PRECLUDE TESTIMONY ABOUT VIOLENT ACTS BY
OTHERS) FILED JUNE 22 2007 ---------------------------------------------------------------- 709 – 712

MOTION FOR ORDER "IN LIMINE" TO PRESERVE THE TRUE AND CORRECT
MEANING OF "PROBABILITY" IN THE FUTURE DANGEROUSNESS INSTRUCTION
FILED JUNE 22 2007 --------------------------------------------------------------------------------713 – 719

MOTION IN LIMINE (VICTIM IMPACT TYPE EVIDENCE) ------------------------------------- 720 – 724

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION
CONSTITUTIONAL MOTION NUMBER 1 FILED  JUNE 22 2007 -------------------------------- 725 – 731

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION
CONSTITUTIONAL MOTION NUMBER 2 FILED JUNE 22 2007 --------------------------------- 732 – 742

MOTION PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION
CONSTITUTIONAL MOTION NUMBER 3 FILED JUNE 22 2007 --------------------------------- 743 – 748

MOTION TO DECLARE THE CURRENT TREATMENT OF THE "SUDDEN PASSION"
DEFENSE IN CAPITAL MURDER CASES UNCONSTITUTIONAL CONSTITUTIONAL
MOTION NUMBER 4 FILED JUNE 22 2007 ----------------------------------------------------- 749 – 770

DEFENDANT'S MOTION TO QUASH INDICTMENT ON GROUNDS THAT TEX. CODE
CRIM. PROC. ART. 37.071(2) IS UNCONSTITUTIONAL CONSTITUTIONAL MOTION
NUMBER 5 FILED JUNE 22 2007 ---------------------------------------------------------------- 771 – 777

MOTION TO PRECLUDE DEATH PENALTY AS A SENTENCING OPTION OR, IN THE
ALTERNATIVE, TO QUASH THE INDICTMENT APPRENDI V. NEW JERSEY/RING V.
ARIZONA/BLAKELY V. WASHINGTON/BUSH V. GORE CONSTITUTIONAL MOTION
NUMBER 6 REQUESTS TO VOIR DIRE/REQUESTED INSTRUCTIONS/MOTIONS IN
LIMINE, RELATED TO CLAIMS IN THIS MOTION FILED JUNE 22 2007 --------------------- 778 – 796

MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE THE DEATH PENALTY
AS A SENTENCING OPTION FILED JUNE 22 2007 -------------------------------------------------- 797 – 827

MOTION TO PRECLUDE DEATH PENALTY AS A SENTENCING OPTION DUE TO
EQUAL PROTECTION VIOLATIONS CONSTITUTIONAL MOTION NO 7 FILED
JUNE 22 2007 -----------------------------------------------------------------------------------------828 – 851

MOTION TO PRECLUDE THE DEATH PENALTY DUE TO THE GRAND JURY'S
FAILURE TO ALLEGE IN THE INDICTMENT ALL ELEMENTS NECESSARY TO MAKE
THE DEFENDANT DEATH-ELIGIBLE CONSTITUTIONAL MOTION NUMBER 8
FILED JUNE 22 2007 ---------------------------------------------------------------------------------852 – 856

MOTION PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION AND TO
DECLARE TEX. CODE CRIM. PROC. ART. 37.071 UNCONSTITUTIONAL (RING V.
ARIZONA) CONSTITUTIONAL MOTION NUMBER 9 FILED JUNE 22 2007 ------------------ 857 – 867

MOTION PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION
CONSTITUTIONAL MOTION NUMBER 10 FILED JUNE 22 2007 ------------------------------ 868 – 872

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION AND
DECLARE ARTICLE 37.071 UNCONSTITUTIONAL (JONES V. UNITED STATES;
APPRENDI V. NEW JERSEY; AND RING V. ARIZONA) CONSTITUTIONAL MOTION
NUMBER 11 FILED JUNE 22 2007 --------------------------------------------------------------- 873 – 878

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION  ·
(SELECTION OF DEATH PENALTY CASES) CONSTITUTIONAL MOTION NUMBER 12
FILED JUNE 22 2007 ---------------------------------------------------------------------------------879 – 883

MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY
CONSTITUTIONAL MOTION NUMBER 13 FILED JUNE 22 2007 ------------------------------ 884 – 896

MOTION TO HOLD THAT TEX. CODE CRIM. PROC. ART. 37.01 IS UNCONSITUTIONAL
CONSTITUTIONAL MOTION NUMBER 14 FILED JUNE 22 2007 ------------------------------ 897 – 900

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION
CONSTITUTIONAL MOTION NUMBER 15 FILED JUNE 22 2007 ------------------------------ 901 – 910

MOTION TO HOLD STATUTORY DEFINITION OF MITIGATING EVIDENCE
UNCONSTITUTIONAL AS APPLIED TO IMPOSE A "NEXUS" LIMITATION, AND
TO GRANT DEFENDANT'S REQUESTED CLARIFYING VOIR DIRE, INSTRUCTION,
ARGUMENT AND MOTION IN LIMINE. TENNARD V. DRETKE CONSTITUTIONAL
MOTION NUMBER 16 FILED JUNE 22 2007 ------------------------------------------------- 911 – 919

MOTION TO HOLD THAT TEX. CODE CRIM. PROC. ART. 37.01 IS
UNCONSTITUTIONAL CONSTITUTIONAL MOTION NUMBER 17 FILED 6/22/07 --------- 920 – 926

MOTION REQUESTING THE COURT TO FIND TEX. CODE CRIM. PROC. ART.
37.071. SECTION 2(F)(4) TO BE UNCONSTITUTIONAL CONSTITUTIONAL MOTION
NUMBER 18 FILED JUNE 22 2007 ----------------------------------------------------------- 927 – 933

MOTION TO DECLARE TEXAS DEATH PENALTY STATUTE TO BE
UNCONSTITUTIONAL CONSTITUTIONAL MOTION NUMBER 19 (JUROR'S
INABILITY TO PREDICT FUTURE DANGEROUSNESS FILED JUNE 22 2007 --------------- 934 – 938

MOTION TO DECLARE THE CAPITAL SENTENCING STATUTE UNCONSTITUTIONAL
BECAUSE IT ALLOWS JURIES TO DECIDE FUTURE DANGEROUSNESS BASED
SOLELY ON THE FACTORS OF THE CASE CONSTITUTIONAL MOTION
NUMBER 20 FILED JUNE 22 2007 ----------------------------------------------------------- 939 – 945

MOTION TO DECLARE THE "10-12 RULE" UNCONSTITUTIONAL CONSTITUTIONAL
MOTION NUMBER 21 FILED JUNE 22 2007 --------------------------------------------------- 946 – 966

MOTION TO FIND THAT TEX. CODE CRIM. PROC. ART. 37.071 SEC. 2(2)(B)(1) IS
UNCONSTITUTIONAL ("FUTURE DANGER" ISSUE) CONSTITUTIONAL MOTION
NUMBER 22 FILED JUNE 22 2007 ----------------------------------------------------------- 967 – 979

MOTION TO HOLD UNCONSTITUTIONAL TEX. CODE CRIM. PROC. ART. 37.071
SEC. 2(E) AND (F) – FAILURE TO REQUIRE MITIGATION BE CONSIDERED
CONSTITUTIONAL MOTION NUMBER 23 FILED JUNE 22 2007 ----------------------------- 980 – 983

MOTION TO DECLARE ARTICLE 37.071 OF THE TEXAS CODE OF CRIMINAL
PROCEDURE UNCONSTITUTIONAL DUE TO UNRELIABILITY CONSTITUTIONAL
MOTION NUMBER 24 FILED JUNE 22 2007 --------------------------------------------------- 984 – 995

MOTION FOR COURT TO FIND ART. 37.071 OF THE TEXAS CODE OF CRIMINAL
PROCEDURE UNCONSTITUTIONAL AS APPLIED TO THIS DEFENDANT
CONSTITUTIONAL MOTION NUMBER 26 FILED JUNE 22 2007 ----------------------------- 996 – 1003

MOTION TO DECLARE ARTICLE 37.071, ~2(B)(1) OF THE TEXAS CODE OF
CRIMINAL PROCEDURE UNCONSTITUTIONAL ON ITS FACE CONSTITUTIONAL
MOTION NUMBER 27 FILED JUNE 22 2007 -------------------------------------------------------- 1004 – 1012

MOTION TO DECLARE ARTICLE 37.071 ~ 2(A) OF THE TEXAS CODE OF CRIMINAL
PROCEDURE UNCONSTITUTIONAL ON ITS FACE CONSTITUTIONAL MOTION
NUMBER 28 FILED JUNE 22 2007 ------------------------------------------------------------ 1013 – 1027

MOTION TO HOLD UNCONSTITUTIONAL TEX. CODE CRIM. PROC. ART. 37.071
SEC. 2(E) AND (F) – BURDEN OF PROOF CONSTITUTIONAL MOTION NUMBER 29
FILED JUNE 22 2007 ---------------------------------------------------------------------------------- 1028 – 1032

MOTION TO DECLARE SECTION 19:02-19:03 TEXAS PENAL CODE
UNCONSTITUTIONAL CONSTITUTIONAL MOTION NUMBER 30 FILED 6/22/07 --------- 1033 – 1039

MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO WARRANT NO.
W219-09052006-2 FILED JUNE 22 2007 ------------------------------------------------------------ 1040 – 1062

MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO WARRANT NO.
W219-09202006-1 FILED JUNE 22 2007 ------------------------------------------------------------ 1063 – 1081

MOTION TO SUPPRESS EVIDENCE OBTAINED PURSUANT TO WARRANT NO.
W219-09182006-1 FILED JUNE 22 2007 ------------------------------------------------------------ 1082 – 1099

MOTION TO HOLD UNCONSTITUTIONAL TEX. CODE CRIM. PROC. ART. 37.071
SEC. 2(E) AND (F) – BURDEN OF PROOF CONSTITUTIONAL MOTION NUMBER 25
FILED JUNE 22 2007 ---------------------------------------------------------------------------------- 1100 – 1104

STATE'S SUPPLEMENTAL DESIGNATION OF WITNESSES FILED JUNE 27 2007 -------- 1105 – 1107

MOTION FOR DISCOVERY OF GRAND JURY TRANSCRIPTS FILED JULY 3 2007 ------- 1108 – 1112

COVER LETTER FROM ATTORNEY TO DISTRICT CLERK FILED JULY 3 2007 ----------- 1113

APPLICATIONS FOR SUBPOENA DUCES TECUM FILED JULY 6 2007---------------------- 1114 – 1125

APPLICATION FOR SUBPOENA FILED JULY 10 2007 -------------------------------------------- 1126

MOTION FOR DISCOVERY OF GRAND JURY TRANSCRIPTS FILED JULY 10 2007 ------ 1127 – 1131

APPLICATION FOR SUBPOENA FILED JULY 12 2007 -------------------------------------------- 1132

LETTER FROM ATTORNEY TO DISTRICT CLERK FILED AUGUST 16 2007 ---------------- 1133

SECOND SUPPLEMENTAL NOTICE OF EXPERTS THAT MAY TESTIFY AT TRIAL
UNDER ARTICLE 39.14(B) OF THE TEXAS CODE OF CRIMINAL PROCEDURE
FILED AUGUST 16 2007 ------------------------------------------------------------------------------- 1134 – 1135

SUPPLEMENTAL NOTICE OF EXPERTS THAT MAY TESTIFY AT TRIAL UNDER
ARTICLE 39.14(B) OF THE TEXAS CODE OF CRIMINAL PROCEDURE FILED
JULY 23 2007 ---------------------------------------------------------------------------------------------- 1136 – 1137

STATE'S MOTION TO QUASH SUBPOENA FILED JULY 19 2007 ------------------------------ 1138 – 1140

MOTION FOR CHANGE OF VENUE FILED AUGUST 15 2007 ----------------------------------- 1141 – 1146

STATE'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE
FILED AUGUST 27 2007 ------------------------------------------------------------------------------- 1147 – 1179

KDFW AND KXAS'S RESPONSE TO SUBPOENA OF CHIEF TECHNICAL
ENGINEERS FILED AUGUST 29 2007 ----------------------------------------------------------------- 1180 – 1181

KDFW AND KXAS'S RESPONSE AND OBJECTIONS TO SUBPOENA OF SALES
MANAGERS FILED AUGUST 29 2007 ------------------------------------------------------------------ 1182 – 1183

KDFW AND KXAS'S RESPONSE AND OBJECTIONS TO SUBPOENA OF NEWS
DIRECTORS FILED AUGUST 29 2007 ------------------------------------------------------------------ 1184 – 1186

LETTER FROM JOHN R THOMPSON III TO DISTRICT CLERK FILED 8/29/07 -------------- 1187 – 1188

STAR COMMUNITY NEWSPAPERS, DAVID SORTER, AND KEN MCEWEN'S
MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM FILED 8/29/07 -------- 1189 – 1200

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 8/30/07 ----------------------- 1201

STATE'S APPLICATIONS FOR SUBPOENA ISSUANCE DATED 8/31/07 --------------------- 1202 – 1203

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 9/4/07 ------------------------- 1204

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 9/10/07 ---------------------- 1205

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 9/24/07 ---------------------- 1206

KOSOUL CHANTHAKOUMMANE
380-81972-07 (REINDICTMENT OF 380-82629-06)
INDEX  PAGE 13 -

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 9/25/07 ------------------------ 1207

STATE'S APPLICATIONS FOR SUBPOENA ISSUANCE DATED 9/28/07 --------------------- 1208 – 1210

STATE'S APPLICATION FOR SUBPOENA ISSUANCE DATED 10/16/07 ---------------------- 1211

MOTION TO DISMISS PROSECUTION IN CASE NUMBER 380-82629-06 – CASE
HAS BEEN REINDICTED AS CAUSE NUMBER 380-81972-07 FILED AND SIGNED
OCTOBER 18 2007 --------------------------------------------------------------------------------------1212

CLERK'S CERTIIFICATE DATED FEBRUARY 13 2008 -------------------------------------------- 1213

THE STATE OF TEXAS

COUNTY OF COLLIN


IN THE 380TH JUDICIAL DISTRICT COURT OF COLLIN COUNTY, TEXAS THE HONORABLE

CHARLES SANDOVAL, JUDGE PRESIDING, THE FOLLOWING PROCEEDINGS WERE HELD AND

THE FOLLOWING INSTRUMENTS AND OTHER PAPERS WERE FILED IN THIS CAUSE,

TO WIT:


TRIAL COURT CAUSE NO. 380-81972-07 (A REINDICTMENT OF 380-82629-06)


KOSOUL CHANTHAKOUMMANE APPELLANT          IN THE 380TH JUDICIAL DISTRICT CO

VS                                        OF

THE STATE OF TEXAS      APPELLEE          COLLIN COUNTY, MCKINNEY, TEXAS

IN JAIL

C R I M I N A L   D O C K E T

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEY'S | OFFENSE |
|---|---|---|---|
| 380-81972-07 | | DISTRICT ATTORNEY<br>GREG DAVIS<br>Curtis Howard | Capital Murder   FX |

DATE OF FILING
MONTH | DAY | YEAR
08 | 21 | 07   CHANTHAKOUMMANE, KCSOUL

THE STATE OF TEXAS vs.

APPOINTED   Keith Gore

STEVEN R. MIEARS
ATTORNEY AT LAW
P.O. BOX 736
BONHAM, TX 75418 (903) 640-4963

DEFENDANT

ORDERS OF COURT                    INFORMATION OR INDICTMENT

DATE OF ORDERS
MONTH | DAY | YEAR

8 27 07   BOND SET AT $ 1,000,000.00   Gibson signed. CJs

6 27 07   D's Mtn to Quash indictment or Mtn for
new trial. Dnt. Nt 8-30-07 @ 9am

8 28 07   D w/attorney DA   M Mt Continuance
Granted. Ct Denies WPC, Ct
grants state un/ct transfer
continues r 360-8226 - bg to
distribe Ct & Mark present
sent to represent D in this
cau. Chr

8 30 07   D w/attys & DA. Ct objection to
state discovering defendant.
Mtn for change renud & Ct denies.
Ct denies change venue.

8 30 07   Order denying mtn/change of venue signed. CJs

Federal Courthouse

380-81972-07

| MO. | DAY | YR. | DATE OF ORDERS |
|---|---|---|---|
| 8 | 30 | 07 | Order denying Constitutional challenge; motion in limine; regret. Jr |
| 9 | 7 | 07 | General Voir Dire of Jury Panel Scheduled individual Voir Dire for 1st week. Jury Panel |
| 9 | 10 | 07 | Begin individual Voir Dire. Case called for. State announced ready and Defense announced not ready. Court proceeded with the Voir Dire Jurors 1-7 |
| 9 | 11 | 07 | Ct proceeded with Individual Voir Dire Jurors 8-14 |
| 9 | 12 | 07 | Ct proceeded with Individual Voir Dire Jurors 15-21 |
| 9 | 13 | 07 | Ct proceeded with Individual Voir Dire Jurors 22-30 |
| 9 | 14 | 07 | Ct proceeded with Individual Voir Dire Jurors 31-37 |
| 9 | 20 | 07 | Ct proceeded with Individual Voir Dire Jurors 38-45 |
| 9 | 21 | 07 | Ct proceeded with Individual Voir Dire Jurors 46-53 |
| 9 | 24 | 07 | Ct proceeded with Individual Voir Dire Jurors 54-62 |
| 9 | 25 | 07 | Ct proceeded with Individual Voir Dire Jurors 63-71 |
| 9 | 26 | 07 | Ct proceeded with Individual Voir Dire Jurors 72-89 |
| 9 | 27 | 07 | Ct proceeded with Individual Voir Dire Jurors 90-104/77 |
| 9 | 28 | 07 | Ct proceeded with Individual Voir Dire Jurors 105-115+102 |
| 10 | 1 | 07 | Ct proceeded with Individual Voir Dire Jurors 116-126 |
| 10 | 2 | 07 | Ct proceeded with Individual Voir Dire Jurors 127- 1 Jurors and 2 Defendants gave states |

CRIMINAL DOCKET

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|---|
| 380-81972-07 | | DISTRICT ATTORNEY | Capital Murder    FX |
| DATE OF FILING MONTH DAY YEAR 08 21 07 | THE STATE OF TEXAS vs. CHANTHAKOUMMANE KOSOUL | MIEARS STEVEN R STEVEN R. MIEARS P.O. BOX 736 BONHAM, TX 75418 (903) 640-4963 | |
| | | | DEFENDANT |

| DATE OF ORDERS MONTH DAY YEAR | ORDERS OF COURT    INFORMATION OR INDICTMENT |
|---|---|
| 10 4 07 | D.W. Callyard DA 07 docket Jenkins testimony B motion |
| 10 8 07 | (cont'd) D.W. atty of Jury sworn indictment read Brleads N.G. W testimony recess to W sworn state 1:09/07 ord |
| 10 9 07 | Resume testimony — state rests Defts rest clos. recess to 10/10/07 at 9:00 a.m. Ord |
| 10 10 07 | (resume) ordered recovered (closing) charge overruled Jury read Arguments Jury retire at 10:30 a.m. |

380-81972-07

| MO. | DAY | YR. | |
|---|---|---|---|
| 10 | 11 | 07 | Jury return w/verdict at 10:25. Verdict read + accepted. Recess to 10/11/07 at 9:00 a.m. Reconvene after ☐ Testimony. Recess to 10/12/07 at 1:30 p.m. |
| 10 | 12 | 07 | Reconvene. After Orders — Testimony. Recess to 10/15/07 at 9:00 a.m. |
| 10 | 15 | 07 | Reconvene Testimony. Recess to 10/16/07 |
| 10 | 16 | 07 | Reconvene Testimony. Recess to 10/17/07 |
| 10 | 17 | 07 | Arraign to Clerk. Reconvene. Jury charged, jury return. Deliberation at 1:00 a.m. Jury ct O ... reached a verdict ... at affirm reply ... |
| 10 | 18 | 07 | Judgmt of conviction signed. On |
| 10 | 22 | 07 | ... |

CRIMINAL DOCKET

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|---|
| 380-81972-07 | | DISTRICT ATTORNEY | Capital Murder    FX |
| DATE OF FILING | | | |
| MONTH DAY YEAR | THE STATE OF TEXAS | | |
| 08 21 07 | vs. | | |
| | CHANTHAKOUHMANE KOSOUL | MIEARS STEVEN R | |
| | | STEVEN R. MIEARS | |
| | | P.O. BOX 736 | |
| | | BONHAM, TX. 75418 (903) 640-4963 | DEFENDANT |

| DATE OF ORDERS | ORDERS OF COURT | INFORMATION OR INDICTMENT |
|---|---|---|
| MONTH DAY YEAR | | |
| 10 23 07 | Order Appt Appt Attys signed Ord | |

| | |
|---|---|
| DEFENDANT   CHANTHAKOUMMANE KOSOUL | CHARGE   CAP/MURDER |
| ADDRESS   3613 FRANKFORD #223 DALLAS TX 75287 | CAUSE#   380-81972-07 |
| DESCRIPTION   A/M, 5'8, 180, BLK/BRO, 10-11-80 | AGENCY/#   MCK 06-34122 |
| ARREST INFORMATION   9-6-06 ON W219-09052006-1 | |
| C/C   RE-INDICTMENT OF 380-82629-06   witness:   K. ADLEY | |

## TRUE BILL OF INDICTMENT

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:** The Grand Jury of Collin

County, State of Texas, duly organized at the   JULY   Term, A.D.,   2007   of the   380th

District Court of said county, in said court at said term, do present that _____

KOSOUL CHANTHAKOUMMANE        **HEREINAFTER CALLED DEFENDANT**

on or about the   8TH   day of   JULY   A.D.  2006, in said county and State, did then and there

intentionally and knowingly cause the death of Sarah Walker, an individual, hereinafter called deceased, by stabbing and cutting deceased with a knife, a deadly weapon, and by stabbing and cutting deceased with an object, a deadly weapon, whose exact nature and identity is unknown to the grand jurors, and by striking deceased with a plant stand, a deadly weapon, while the defendant was in the course of committing or attempting to commit the offense of robbery of deceased;

against the peace and dignity of the State.

_____
Foreman of the Grand Jury

## FILED

07 AUG 21  PM 5: 52

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY _____ DEPUTY

IN THE 380th DISTRICT COURT OF COLLIN COUNTY, TEXAS
Criminal Cause Number 380-81972-07

THE STATE OF TEXAS
     vs
KOSOUL CHANTHAKOUMMANE

CAPIAS IN FELONY CASE

The State of Texas, to Any Sheriff of the State of Texas, GREETING:

   You are hereby commanded to arrest

     KOSOUL CHANTHAKOUMMANE      HGT/508 EYE/BRO RAC/A SEX/M
     3613 FRANKFORD 223         DOB/101180
     DALLAS, TX 75287- 0000

and him safely keep so that you have him before the 380th District
Court of Collin County, in said state, at the courthouse of said
county, in the city of McKinney, forthwith, then and there to answer
the State of Texas upon an indictment pending in said court, charging
him with Capital Murder FX.
Date of Offense 07/08/06.

   Herein fail not, but due return make hereof to this court,
forthwith.

   Witness my signature and official seal on this the 27th day of
August AD 2007.

   Signed the 27 day of August 2007.    HANNAH KUNKLE
                                Clerk of the District Courts
                                Collin County, Texas

Judge Presiding                 by _____
                             Deputy

The amount of bond fixed by the court in this case is $1,000,000.00

SHERIFF'S RETURN

   Came to hand _____ day of _____, _____, at _____ o'clock _M,
and executed the _____ day of _____, _____, at _____ o'clock _M,
by arresting the within named KOSOUL CHANTHAKOUMMANE and _____
*placing him in jail at _____
*accepting his bond.

                    _____
                    Constable or Sheriff

                    _____ County, Texas

             by _____ Deputy

* strike one according to facts

                      8.27.07    12:40

IN THE 380th DISTRICT COURT OF COLLIN COUNTY, TEXAS
Criminal Cause Number 380-81972-07

THE STATE OF TEXAS
    vs
KOSOUL CHANTHAKOUMMANE

CAPIAS IN FELONY CASE

The State of Texas, to Any Sheriff of the State of Texas, GREETING:

You are hereby commanded to arrest

    KOSOUL CHANTHAKOUMMANE          HGT/508 EYE/BRO RAC/A SEX/M
    3613 FRANKFORD 223               DOB/101180
    DALLAS, TX 75287- 0000

and him safely keep so that you have him before the 380th District
Court of Collin County, in said state, at the courthouse of said
county, in the city of McKinney, forthwith, then and there to answer
the State of Texas upon an indictment pending in said court, charging
him with Capital Murder FX.
Date of Offense 07/08/06.

    Herein fail not, but due return make hereof to this court,
forthwith.

    Witness my signature and official seal on this the 27th day of
August AD 2007.

Signed the 27 day of August 2007.   HANNAH KUNKLE
                                  Clerk of the District Courts
                                  Collin County, Texas

                                  by
Judge Presiding                       Deputy

The amount of bond fixed by the court in this case is $1,000,000.00

SHERIFF'S RETURN

    Came to hand 27th day of August, 2007, at 1250 o'clock P M,
and executed the 27th day of August, 2007, at 100 o'clock P M,
by arresting the within named KOSOUL CHANTHAKOUMMANE and
*placing him in jail at Collin County
*accepting his bond.

                          T. BOX
                          Constable or Sheriff

FILED

07 AUG 27 PM 2:12

                          Collin County, Texas
                          by B. Thornhill, Lt. Deputy

* strike one according to facts

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY _____ DEPUTY

RECEIVED
07 AUG 27 PM 12:50
SHERIFF
COLLIN COUNTY

ENTERED 8-27-07

IN THE 380th DISTRICT COURT OF COLLIN COUNTY, TEXAS
Criminal Cause Number 380-81972-07

THE STATE OF TEXAS
        vs
KOSOUL CHANTHAKOUMMANE

PRECEPT TO SERVE COPY OF INDICTMENT

To the Sheriff of Collin County, Texas - GREETINGS:

You are hereby commanded to immediately deliver to
KOSOUL CHANTHAKOUMMANE, a prisoner in your custody, the
accompanying Certified Copy of Indictment in cause 380-81972-07.

Witness my signature and seal of office on this 27th day of
August AD 2007.

HANNAH KUNKLE
Clerk of the District Courts
Collin County, Texas

by _Suzanne Davis_
  Deputy

### SHERIFF'S RETURN

Came to hand _27_ day of _August_, _2007_, at _1255_ o'clock _P_ M,
and executed the _27_ day of _August_, _2007_, at _100_ o'clock _P_ M,
by delivering to the within named KOSOUL CHANTHAKOUMMANE, a
prisoner in my custody, in person, a Certified Copy of Indictment
mentioned with, and delivered to me with this writ.

Returned on this _27_ day of _August_ AD _2007_.

TERRY BOX
Sheriff,
Collin County, Texas

by _B Thornhill, Lt_
  Deputy
  #401

RECEIVED
07 AUG 27 PM 12: 55
SHERIFF
COLLIN COUNTY

FILED

07 AUG 27 PM 2: 12

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

Authorization for WARRANT CANCELLATION

Defendant Name:   CHANTHAKOUMMANE KOSOUL

Offense:          Capital Murder                            FX
                  CAPIAS
Cause Number:     380-81972-07

Talked to:        _____

I, the undersigned authority, do hereby authorize the cancellation of the
warrant on the above named defendant, this the   27th day of   August   , 2007.


                              HANNAH KUNKLE


                    by:   _____
                          SYLVIA GREER
                          District Clerk, Collin County, Texas

OFFICE

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 380TH DISTRICT COURT |
| | « | |
| VS. | * | OF |
| | « | |
| KOSOUL CHANTHAKOUMMANE | | COLLIN COUNTY, TEXAS |

## DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE ALTERNATIVE FIRST MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, by and through his attorneys of record, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 of the Texas Constitution, Articles 1.05, 1.06 and 1.09 of the Texas Code of Criminal Procedure and moves the Court to quash the indictment herein, or in the alternative continue the trial setting in this cause. A continuance is requested pursuant to the guarantee of due process and the effective assistance of counsel, and pursuant to Art. 29.03 C.C.P. and in support thereof would show the Court the following:

I.

1. This capital murder case wherein the state is seeking the death penalty was previously indicted on September 21, 2006 under cause number 380-82629-06.

2. Jury trial was scheduled to commence on August 31, 2007.

3. On August 21, 2007 the State re-indicted the case under the above cause number adding

DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE ALTERNATIVE FIRST MOTION FOR CONTINUANCE
Page 1 of 6

FILED
At _____ O'CLOCK _____ M

AUG 27 2007

HANNAH KUNKLE
Clerk District Court Collin County, Texas
By _____

allegations of two additional alternative manner and means of defendant allegedly causing the death of Sarah Walker.

II.

**DEATH IS DIFFERENT**

1. The Defendant has been indicted by the county grand jury for the offense of capital murder.

2. The State is seeking the death penalty. The Eighth Amendment to the United States Constitution requires a greater degree of accuracy and fact finding than would be true in a non-capital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L. Ed.2d 306 (1993), and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

III.

The Defendant moves the Court to Quash the indictment herein, or in the alternative, to continue this cause for trial for the below listed reasons:

1. The Defendant has neither been served with a certified copy of the indictment in violation of Article 25.01 C.C.P., nor has a return of the indictment been filed pursuant to 25.02 C.C.P..

2. The Defendant has not been arraigned on the new indictment pursuant to Chapter 26 C.C.P.

3. The Defendant has not been appointed counsel on the new indictment pursuant to Chapter 26 C.C.P.

4. The Defendant will not be allowed "ten entire days" pursuant to Article 27.11 to file written pleadings in answer to the indictment, or ten days to file written pleadings after service of the indictment pursuant to Article 27.12.

5. The defendant has not been allowed sufficient time to file pretrial pleadings as allowed for under 28.01 C.C.P.

6. The defendant has not been furnished with a list of prospective jurors summoned in response to the new indictment in violation of Chapter 34 C.C.P.

7. The defendant has not been allowed sufficient time to investigate and challenge the formation of the Grand Jury returning the new indictment as provided under Art. 19 of the C.C.P., or investigate and challenge the exercise of such Grand Jury's duties and powers as provided by Art. 20 C.C.P..

8. The Defendant is surprised by the allegations contained in the new indictment which aver that the cause of death of Ms. Walker was either by a means unknown to the grand jurors, or that death was caused by "striking her with a plant stand, a deadly weapon."

The defendant would show that his defense has been prepared on the assumption the state was going to attempt to prove that the cause of death was by "stabbing and cutting deceased with a knife, a deadly weapon." This preparation included the defendant's filing of pretrial motions, the development of trial strategy, and the securing of certain experts including a forensic pathologist. The defendant has not had sufficient time to investigate the new theories of the State concerning the cause of death in order to secure appropriate experts to investigate these allegations.

Defendant requests that the Court make findings of fact and conclusions of law regarding this motion.

WHEREFORE PREMISES CONSIDERED, Defendant prays that relief be granted as prayed for herein.

Respectfully Submitted,

Steven R. Miears
Lawyer
P.O. Box 736
Bonham, Texas 75418
SBOT#14025600
903-640-4963
Fax: 903-640-4964
StevenMiears@msn.com

## VERIFICATION

STATE OF TEXAS                    §
                                  §
COUNTY OF FANNIN                  §

ON THIS DAY personally appeared STEVEN R. MIEARS, who, after being placed under oath, stated the following:

"My name is STEVEN R. MIEARS and I am the attorney of record for KOSOUL CHANTHAKOUMMANE and have been so at all material times relevant to this proceeding.

"I have read the Motion to Quash the Indictment or in the Alternative First Motion for Continuance and every statement is within my personal knowledge and is true and correct."

_____

STEVEN R. MIEARS

Sworn to and subscribed before me on the _24th_ day of August, 2007.

_Pam Durham_

NOTARY PUBLIC

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was hand-delivered to the offices of the Collin County Attorney on the _27th_ day of _August_, 2007.

Steven Miears

FIAT

A hearing on the foregoing motion is set for the _30_ day of _August_, 2007, at _9_ o'clock _A_ .m. in the courtroom of the 380th Judicial District Court, Collin County Courthouse, McKinney, Texas.

Judge Presiding

**DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE ALTERNATIVE FIRST MOTION FOR CONTINUANCE**
Page 5 of 6

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 380TH DISTRICT COURT |
| | « | |
| VS. | * | OF |
| | « | |
| KOSOUL CHANTHAKOUMMANE | | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S MOTION TO QUASH AND MOTION FOR CONTINUANCE

On the _____ day of _____, 2007, came on to be heard the above-entitled motion.

After consideration the court hereby:

GRANTS THE MOTION.

DENIES THE MOTION.

SO ORDERED THIS _____ DAY OF _____, 2007.

_____

JUDGE PRESIDING

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| vs. | § | 380TH JUDICIAL DISTRICT |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## MOTION FOR JURY SHUFFLE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes KOSOUL CHANTHAKOUMMANE, Defendant, in the above styled and numbered cause, and before voir dire has commenced, and moves that the jury panel be shuffled pursuant to Article 35.11 of the Texas Code of Criminal Procedure.

Respectfully submitted,

Steven R. Miears, P.C.
211 N. Main
Bonham, Texas 75418
Tel: (903) 640-4963
Fax: (903) 640-4964

By:_____
STEVEN R. MIEARS
State Bar No. 14025600
Attorney for Kosoul Chanthakoummane

## CERTIFICATE OF SERVICE

This is to certify that on August 30, 2007, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Collin County, Texas by certified mail.

**MOTION FOR JURY SHUFFLE** - Page 1

Filed 8/30/07 at 11:00 a.m.

document was served on the District Attorney's Office, Collin County, Texas, by certified mail, return receipt requested.

_____
STEVEN R. MIEARS

## ORDER FOR A SETTING

On _____, 2007, the Defendant filed a Motion for Jury Shuffle. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, 2007 at ____ .m.

Signed on the _____ day of _____, 2007.

_____
JUDGE PRESIDING

**MOTION FOR JURY SHUFFLE** - Page 2

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## O R D E R

On the _____ day of _____ 2007, came on to be considered

KOSOUL CHANTHAKOUMMANE's Motion for Jury Shuffle, and said motion is hereby

(Granted)   (Denied)

_____

JUDGE PRESIDING

# U.S. Census Bureau
State & County QuickFacts

# Collin County, Texas

| People QuickFacts | Collin County | Texas |
|---|---|---|
| Population, 2006 estimate | 698,851 | 23,507,783 |
| Population, percent change, April 1, 2000 to July 1, 2006 | 42.1% | 12.7% |
| Population, 2000 | 491,675 | 20,851,820 |
| Persons under 5 years old, percent, 2005 | 7.8% | 8.2% |
| Persons under 18 years old, percent, 2005 | 27.6% | 27.7% |
| Persons 65 years old and over, percent, 2005 | 6.1% | 9.9% |
| Female persons, percent, 2005 | 49.8% | 50.2% |
| White persons, percent, 2005 (a) | 81.3% | 83.2% |
| Black persons, percent, 2005 (a) | 6.9% | 11.7% |
| American Indian and Alaska Native persons, percent, 2005 (a) | 0.5% | 0.7% |
| Asian persons, percent, 2005 (a) | 9.5% | 3.3% |
| Native Hawaiian and Other Pacific Islander, percent, 2005 (a) | 0.1% | 0.1% |
| Persons reporting two or more races, percent, 2005 | 1.7% | 1.1% |
| Persons of Hispanic or Latino origin, percent, 2005 (b) | 12.8% | 35.1% |
| White persons not Hispanic, percent, 2005 | 69.0% | 49.2% |
| Living in same house in 1995 and 2000, pct 5 yrs old & over | 38.1% | 49.6% |
| Foreign born persons, percent, 2000 | 13.3% | 13.9% |
| Language other than English spoken at home, pct age 5+, 2000 | 18.5% | 31.2% |
| High school graduates, percent of persons age 25+, 2000 | 91.8% | 75.7% |
| Bachelor's degree or higher, pct of persons age 25+, 2000 | 47.3% | 23.2% |
| Persons with a disability, age 5+, 2000 | 51,910 | 3,605,542 |
| Mean travel time to work (minutes), workers age 16+, 2000 | 28.4 | 25.4 |
| Housing units, 2005 | 250,452 | 9,026,011 |
| Homeownership rate, 2000 | 68.6% | 63.8% |
| Housing units in multi-unit structures, percent, 2000 | 27.8% | 24.2% |
| Median value of owner-occupied housing units, 2000 | $155,500 | $82,500 |

| | | |
|---|---:|---:|
| Households, 2000 | 181,970 | 7,393,354 |
| Persons per household, 2000 | 2.68 | 2.74 |
| Median household income, 2004 | $75,709 | $41,645 |
| Per capita money income, 1999 | $33,345 | $19,617 |
| Persons below poverty, percent, 2004 | 5.5% | 16.2% |

| Business QuickFacts | Collin County | Texas |
|---|---:|---:|
| Private nonfarm establishments, 2004 | 14,297 | 491,092[2] |
| Private nonfarm employment, 2004 | 228,523 | 8,118,483[2] |
| Private nonfarm employment, percent change 2000-2004 | 24.7% | 1.1%[2] |
| Nonemployer establishments, 2004 | 54,918 | 1,581,734[1] |
| Total number of firms, 2002 | 54,814 | 1,734,509 |
| Black-owned firms, percent, 2002 | 3.0% | 5.1% |
| American Indian and Alaska Native owned firms, percent, 2002 | 1.0% | 0.9% |
| Asian-owned firms, percent, 2002 | 6.7% | 4.5% |
| Native Hawaiian and Other Pacific Islander owned firms, percent, 2002 | F | 0.1% |
| Hispanic-owned firms, percent, 2002 | 5.7% | 18.4% |
| Women-owned firms, percent, 2002 | 29.7% | 27.0% |
| Manufacturers shipments, 2002 ($1000) | 4,459,062 | 310,815,965 |
| Wholesale trade sales, 2002 ($1000) | 14,503,286 | 397,405,111 |
| Retail sales, 2002 ($1000) | 8,086,129 | 228,694,755 |
| Retail sales per capita, 2002 | $14,214 | $10,528 |
| Accommodation and foodservices sales, 2002 ($1000) | 896,556 | 29,914,774 |
| Building permits, 2005 | 13,844 | 210,611 |
| Federal spending, 2004 ($1000) | 1,674,560 | 141,858,480[2] |

| Geography QuickFacts | Collin County | Texas |
|---|---:|---:|
| Land area, 2000 (square miles) | 847.56 | 261,797.12 |
| Persons per square mile, 2000 | 579.8 | 79.6 |
| FIPS Code | 085 | 48 |
| Metropolitan or Micropolitan Statistical Area | Dallas-Fort Worth-Arlington, TX Metro Area | |

1: The 2004 Nonemployer totals may be low due to late tax reporting in hurricane-impacted counties/regions in Alabama, Florida, Louisiana, Mississippi, and Texas.
2: Includes data not distributed by county.

(a) Includes persons reporting only one race.
(b) Hispanics may be of any race, so also are included in applicable race categories.

D: Suppressed to avoid disclosure of confidential information
F: Fewer than 100 firms
FN: Footnote on this item for this area in place of data
NA: Not available
S: Suppressed; does not meet publication standards
X: Not applicable
Z: Value greater than zero but less than half unit of measure shown

Source U.S. Census Bureau: State and County QuickFacts. Data derived from Population Estimates, Census of Population and Housing, Small Area Income and Poverty Estimates, State and County Housing Unit Estimates, County Business Patterns, Nonemployer Statistics, Economic Census, Survey of Business Owners, Building Permits,

Consolidated Federal Funds Report

Last Revised: Monday, 07-May-2007 09:36:25 EDT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF COLLIN COUNTY |
| | § | |
| KOUSOUL CHANTHAKOUMMANE | § | 380TH DISTRICT COURT |

## <u>ORDER</u>

On August 30, 2007, the court heard the defendant's motion for change of venue.

The court being advised in the same, said motion is denied.

Signed this 30th day of August, 2007.

Judge Presiding

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF COLLIN COUNTY |
| | § | |
| KOUSOUL CHANTHAKOUMMANE | § | 380TH DISTRICT COURT |

### ORDER

The court having heard the evidence and arguments of counsel in the pretrial motions here and the court having made certain rulings on the record. It is ordered that Defendant's motions numbered forty-three (43) through seventy-six (76) are denied.

Signed this 30th day of August, 2007.

_____
Judge Presiding

NO. 380-81972-07

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### AGREED MOTION TO ELECTRONICALLY SCAN JUROR QUESTIONNAIRES

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes the STATE by and through its attorney of record, and KOSOUL CHANTHAKOUMMANE, Defendant, in the above styled and numbered cause, and move that the juror questionnaires be electronically scanned and in support thereof, would show the court the following:

1.

In order to prepare for voir dire, it will be necessary to distribute copies of the juror questionnaires to each member of the prosecuting team and the defense team. Electronically scanning the juror questionnaires to CD's and distributing the CD's to each member of the prosecuting team and the defense team will be more economical than producing hard copies of the questionnaires.

Additionally, electronically scanned juror questionnaires will be less burdensome during voir dire.

2.

The electronically scanned juror questionnaires will not be dissimilated to anyone other than the members of the prosecuting team and the defense team. Upon conclusion of voir dire,

MOTION TO ELECTRONICALLY SCAN JUROR QUESTIONNAIRES     Page 1

**FILED**

M

SEP 0 5 2007

HANNAH KUNKLE
Clerk District Court Collin County, Texas
By

all electronically scanned copies of the juror questionnaires will be destroyed by the prosecuting team and the defense team.

    **WHEREFORE, PREMISES CONSIDERED**, the State and the Defendant pray that the Court order that the juror questionnaires be electronically scanned for the use of the prosecuting team and the defense team during voir dire.

                                      **Respectfully submitted,**

                                        Steven R. Miears, P.C.
                                        211 N. Main
                                        Bonham, Texas 75418
                                        Tel: (903) 640-4963
                                        Fax: (903) 640-4964

                              By: _____
                              **STEVEN R. MIEARS**
                              State Bar No. 14025600
                              Attorney for Kosoul Chanthakoummane

**AGREED:**

_____
**GREGORY S. DAVIS**
First Assistant District Attorney
Collin County

**MOTION TO ELECTRONICALLY SCAN JUROR QUESTIONNAIRES**- Page 2

## CERTIFICATE OF SERVICE

This is to certify that on September 4, 2007 a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Collin County, Texas, by hand-delivery or facsimile.

_____

STEVEN R. MIEARS

**MOTION TO ELECTRONICALLY SCAN JUROR QUESTIONNAIRES** Page 3

NO. 380-81972-07

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## O R D E R

On the _____ day of September 2007, came on to be considered the Agreed

Motion to Electronically Scan Juror Questionnaires.  The same is hereby:

_____ GRANTED; and it is Ordered that the juror questionnaires in this

case be electronically scanned and distributed to the members of

the prosecuting team and the defense team.


_____ DENIED.


_____

JUDGE PRESIDING

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 380TH DISTRICT COURT |
| | « | |
| VS. | * | OF |
| | « | |
| KOSOUL CHANTHAKOUMMANE | | COLLIN COUNTY, TEXAS |

## DEFENDANT'S MOTION TO QUASH THE INDICTMENT OR IN THE ALTERNATIVE SECOND MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, by and through his attorneys of record, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 of the Texas Constitution, Articles 1.05, 1.06 and 1.09 of the Texas Code of Criminal Procedure and moves the Court to quash the indictment herein, or in the alternative continue the trial setting in this cause. A continuance is requested pursuant to the guarantees of due process and the effective assistance of counsel, and pursuant to Art. 29.03 C.C.P. and in support thereof would show the Court the following:

I.

1. This capital murder case wherein the state is seeking the death penalty was previously indicted on September 21, 2006 under cause number 380-82629-06.

2. Jury trial is scheduled to commence on September 7, 2007.

3. On August 21, 2007 the State re-indicted the case under the above cause number, adding

**FILED**

SEP 0 7 2007

HANNAH KUNKLE
Clerk District Court, Collin County, Texas
By _____

allegations of two additional alternative manner and means of defendant allegedly causing the death of Sarah Walker.

II.

**DEATH IS DIFFERENT**

1. The Defendant has been indicted by the county grand jury for the offense of capital murder.


2. The State is seeking the death penalty. The Eighth Amendment to the United States Constitution requires a greater degree of accuracy and fact finding than would be true in a non-capital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L. Ed.2d 306 (1993), and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

III.

The Defendant moves the Court to Quash the indictment herein, or in the alternative, to continue this cause for trial for the below listed reasons:

1. The Defendant has not been arraigned on the new indictment pursuant to Chapter 26 C.C.P.

2. The Defendant has not had appointed counsel on the new indictment pursuant to Chapter 26 C.C.P. for more than 10 days.

3. The Defendant will not be allowed "ten entire days" pursuant to Article 27.11 to file written pleadings in answer to the indictment, or ten days to file written pleadings after service of the indictment pursuant to Article 27.12.

4. The defendant has not been allowed sufficient time to file pretrial pleadings as allowed for under 28.01 C.C.P.

5. The defendant has not been furnished with a list of prospective jurors summoned in response to the new indictment in violation of Chapter 34 C.C.P. A special venire has not been summoned pursuant to the new indictment.

6. The defendant has not been allowed sufficient time to investigate and challenge the formation of the Grand Jury returning the new indictment as provided under Art. 19 of the C.C.P., or investigate and challenge the exercise of such Grand Jury's duties and powers as provided by Art. 20 C.C.P..

7. The Defendant is surprised by the allegations contained in the new indictment which aver that the cause of death of Ms. Walker was either by a means unknown to the grand jurors, or that death was caused by "striking her with a plant stand, a deadly weapon."

The defendant would show that his defense has been prepared on the assumption the state was going to attempt to prove that the cause of death was by "stabbing and cutting deceased with a knife, a deadly weapon." This preparation included the defendant's filing of pretrial motions, the development of trial strategy, and the securing of certain experts including a forensic pathologist. The defendant has not had sufficient time to investigate the new theories of the State concerning the cause of death in order to secure appropriate experts to investigate these allegations.

Defendant requests that the Court make findings of fact and conclusions of law regarding this motion. If this motion is denied, Defendant advises the Court that his announcement for trial is NOT READY and that he objects to proceeding forward. Denial of this motion will result in the Defendant not receiving effective assistance of counsel.

WHEREFORE PREMISES CONSIDERED, Defendant prays that relief be granted as prayed for herein; and that trial be continued for 90 days.

Respectfully Submitted,

Steven R. Miears
Lawyer
P.O. Box 736
Bonham, Texas 75418
SBOT#14025600
903-640-4963
Fax: 903-640-4964
StevenMiears@msn.com

## VERIFICATION

STATE OF TEXAS       §
             §
COUNTY OF FANNIN     §

ON THIS DAY personally appeared STEVEN R. MIEARS, who, after being placed under oath, stated the following:

"My name is STEVEN R. MIEARS and I am the attorney of record for KOSOUL CHANTHAKOUMMANE and have been so at all material times relevant to this proceeding.

"I have read the Motion to Quash the Indictment or in the Alternative Second Motion for Continuance and every statement is within my personal knowledge and is true and correct."

STEVEN R. MIEARS

Sworn to and subscribed before me on the _6th_ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was hand-delivered to the offices of the Collin County Attorney on the 7th day of September, 2007.

Steven Miears

## FIAT

A hearing on the foregoing motion is set for the _____ day of _____, 2007, at ____ o'clock ___ .m. in the courtroom of the 380th Judicial District Court, Collin County Courthouse, McKinney, Texas.

Judge Presiding

**CAUSE NO. 380-81972-07**

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 380TH DISTRICT COURT |
| | « | |
| VS. | * | OF |
| | « | |
| KOSOUL CHANTHAKOUMMANE | | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S MOTION TO QUASH AND SECOND MOTION FOR CONTINUANCE

On the _____ day of September, 2007, came on to be heard the above-entitled motion. After

consideration the court hereby:

GRANTS THE MOTION.

DENIES THE MOTION.

SO ORDERED THIS _____ DAY OF SEPTEMBER, 2007.

_____

JUDGE PRESIDING

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### THIRD SUPPLEMENTAL NOTICE OF EXPERTS
### THAT MAY TESTIFY AT TRIAL UNDER ARTICLE 39.14(b)
### OF THE TEXAS CODE OF CRIMINAL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, KOSOUL CHANTHAKOUMMANE, by and through his attorneys, and files this Supplemental Notice pursuant to Article 39.14 of the Texas Code of Criminal Procedure of expert witnesses that may testify on behalf of the Defendant in the above numbered and styled cause in addition to the expert witnesses designated by separate pleadings:

1.  Casey DuPont
    Orchid Cellmark
    13988 Diplomat Drive, Suite 100
    Dallas, TX 75234
    1-800-872-5227
    Forensic DNA Analyst

Respectfully submitted,

_____
STEVEN R. MIEARS
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX
stevenmiears@msn.com

FILED
At _____ M
SEP 0 7 2007
HANNAH KUNKLE
Clerk District Court Collin County, Texas
By_____

KEITH GORE
State Bar No. 24002164
2301 W. Virginia Parkway
McKinney, TX   75071
972-670-6288


COUNSEL FOR DEFENDANT


<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Notice of Experts that May Testify

at Trial has been served on counsel for the State by hand-delivery on this 7th day of

September, 2007.

_____
COUNSEL FOR DEFENDANT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | 380TH JUDICIAL DISTRICT |

## DEFENDANT'S OBJECTIONS TO THE COURT'S VOIR DIRE, MOTION TO INSTRUCT THE JURY TO DISREGARD, MOTION FOR MISTRIAL, OR IN THE ALTERNATIVE, MOTION TO QUASH THE JURY PANEL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW KOSOUL CHANTHAKOUMMANE, Defendant in the above-entitled and numbered criminal action, by and through counsel, and objects to the Court's statements during voir dire to the general panel of potential petit jurors and in support thereof will show the following.

### Background

The Defendant has been indicted by the Collin County Grand Jury for capital murder. The State of Texas is seeking the death penalty. The Eight Amendment requires a greater degree of accuracy and procedural safeguards than would be true in a non-capital case. *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L. Ed. 2d 306 (1993), and *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

### Court's Objectionable / Harmful Statements

While speaking to the general panel of potential petit jurors ("panel") on September 7, 2007, the Court advised the panel that the petit jury in this case would not decide whether the Defendant is sentenced to death but would instead answer two special questions (paraphrasing). The Defendant objects to this statement by the Court because it:

BY
COLLIN COUNTY, TEXAS
DISTRICT CLERK
HANNAH HUNKL
2007 SEP 10 AM
50
DEPUTY

1

1.  misstates the law; see *Caldwell v. Mississippi*, 472 U.S. 320, 328-29 (1985);

2.  violates the Defendant's right to a fair and impartial jury, and a speedy and public trial by jury, as guaranteed by the Sixth Amendment to the United States Constitution;

3.  violates the Defendant's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution;

4.  violates the prohibition against infliction of cruel and unusual punishment as guaranteed the Defendant by the Eight Amendment to the United States Constitution;

5.  violates the Defendant's rights to equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution;

6.  violates the Defendant's rights under the due course of law provision of Tex. Const. Art. I §19;

7.  violates the Defendant's rights to a speedy and public trial by an impartial jury as guaranteed by Tex. Const. Art. I §10;

8.  violates Tex. Const. Art. I, §15 providing that "the right of trial by jury shall remain inviolate. The legislature shall pass laws to maintain its purity and efficiency."

9.  violates the prohibition against the infliction of "cruel and unusual" punishment as provided by Tex. Const. Art. I, §13; and

10. minimizes the responsibility that each individual juror will have in this case; see *Caldwell v. Mississippi*, 472 U.S. 320, 328-29 (1985).

Responsibility for sentencing a criminal defendant to death rests firmly with each juror. *Caldwell v. Mississippi*, 472 U.S. 320, 328-29 (1985). Jurors must be "confronted with the truly awesome responsibility of decreeing death for a fellow human being" for only then "will [they] act with due regard for the consequences of their decision..." *McGrath v. California*, 402 U.S. 183, 208 (1971) (quoted in Caldwell, 472 U.S. at 329-330).

In a seminal 1983 article, using the infamous Milgram obedience studies as a point of departure, Robert Weisberg posed the following empirical question: "whether [capital] jurors artificially distance themselves from choices by relying on legal formalities?" Robert Weisberg, "Deregulating Death," 1983 Sup. Ct. Rev. 305, 391. More recent research indicates that this is really happening in capital cases. Capital jurors, quite understandably, want to distance themselves from the emotional and moral work required in the capital decision making process. Jurors frequently labor under the misperception that they are not ultimately responsible for the life or death decision in a capital case. See Craig Haney, "Taking Capital Jurors Seriously," 70 Ind. L.J. 1223, 1230-31 (Fall 1995). Indeed, one study found that of all the court's instructions, the jurors most vividly recalled the instruction "indicating the jury's decision was only a recommendation." Joseph L. Hoffman, "Where's the Buck? - - Juror Misperception of Sentencing Responsibility in Death Penalty Cases," 70 Ind. L. J. 1137, 1147 (1995),

Thus, the Defendant objects to the Court's September 7, 2007, description to the general panel of the petit jury's involvement, or lack thereof, in deciding whether the Defendant lives or dies. Because of the Court's statements, a juror may very likely get the false impression that he or she need only act like a merciless adding machine, spitting out answers to special questions after being given instructions from the Court, with no subjective role to play and no latitude to

make the profoundly moral discretionary decision the United States and Texas Constitutions compel. An uncorrected suggestion in voir dire "that the responsibility for any ultimate determination of death rest with others [or with the "law"] presents an intolerable danger that the jury will in fact choose to minimize the importance of its role. *Caldwell*, 472 U.S. at 333.

The Defendant also objects to the comments and remarks the Court made while introducing the parties. Specifically, the Court introduced the prosecutor, John Roach, and went on to describe in detail Mr. Roach's biography, including Mr. Roach's prior service as a district court judge in Collin County, Texas; Mr. Roach's prior service as a justice on a Texas appellate court; that Mr. Roach knows how to correctly raise his children as evidenced by some of them becoming lawyers; that Mr. Roach's son is currently serving as a district court judge in Collin County, Texas; that the Court is particularly fond of Mr. Roach's daughter-in-law who is also a practicing attorney in Collin County, Texas. The Court also referred to the prosecutor, Mr. Roach, as "judge" throughout voir dire to the general panel.

The Court also described his own professional experience to the panel, which included service as an elected county judge, district court judge, and district attorney, as well as service as a felony assistant prosecutor. The Court's professional experience and that of Mr. Roach are remarkably similar (and impressive), and at least as stated by the Court the resumes of both did not include service as criminal defense lawyers.

Leaving aside the fact that what the Court said regarding Mr. Roach is factually true (and certainly deserving of mention and high regard in other settings), the Defendant objects that these statements have a processing and prejudicial effect on the jurors in that they needlessly bolster the prosecution's credibility and bias the jurors in favor of the prosecution. A juror could

4

easily think, based upon the Court's remarks, that if such a distinguished and experienced jurist as Mr. Roach believes the death penalty is appropriate in this case that he/she should too. The Defendant also asserts that because of the similarity between the Court's and Mr. Roach's professional experience, and the fact that Court referred to Mr. Roach as "judge" and even remarked in a moment of humor to Mr. Roach that the law does not provide an excuse for judges to opt out of jury duty the way it does for legislators, the Court's statements needlessly and harmfully aligned the prosecution with the Court and essentially anointed the prosecution with the blessing of the Court.

A presiding trial court judge must conduct the trial in a manner that is fair and impartial to all parties and must "refrain from making comments which may tend to cause prejudice to a litigant or which are calculated to influence the minds of the jury. *Valenzuela v. St. Paul Insurance Company*, 878 S.W.2d 667, 670 Tex.App. – San Antonio (1994) quoting *In Re Marriage of D.MB. and R.L.B.*, 798 S.W.2d 399, 401 (Tex.App. – Amarillo 1990, no writ). This rule applies equally when the trial court addresses a general panel of prospective jurors. *Valenzuela* at 670. Further, it is clearly improper for the court to comment on his opinion of the credibility or character of the parties in front of the jury. *City of Houston v. Pillot*, 105 S.W.2d 870, 872 (Tex.Com.App. 1937).

The Defendant objects to the Court's comments regarding Mr. Roach because they:

1.     violate the Defendant's right to a fair and impartial jury, and a speedy and public trial by jury, as guaranteed by the Sixth Amendment to the United States Constitution;

2.     violate the Defendant's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution;

3.     violate the prohibition against infliction of cruel and unusual punishment as guaranteed the Defendant by the Eight Amendment to the United States Constitution;

4.     violate the Defendant's rights to equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution;

5.     violate the Defendant's rights under the due course of law provision of Tex. Const. Art. I §19;

6.     violate the Defendant's rights to a speedy and public trial by an impartial jury as guaranteed by Tex. Const. Art. I §10;

7.     violate Tex. Const. Art. I, §15 providing that "the right of trial by jury shall remain inviolate. The legislature shall pass laws to maintain its purity and efficiency."

8.     violate the prohibition against the infliction of "cruel and unusual" punishment as provided by Tex. Const. Art. I, §13; and

9.     minimizes the responsibility that each individual juror will have in this case by allowing them to trust the prosecutor without evidence; see *Caldwell v. Mississippi*, 472 U.S. 320, 328-29 (1985).

The Defendant moves the Court to sustain these objections, to instruct the jurors to disregard, and moves for a mistrial. In the alternative, the Defendant moves to quash the panel.

6

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this motion be granted and for any other relief to which he is entitled.

Respectfully submitted,

STEVEN R. MIEARS
State Bar No. 14025600
Post Office Box 736
211 North Main
Bonham, Texas 75418
Telephone: 903-640-4963
Telefax: 903-640-4964
KEITH GORE
State Bar No. 24002164
Attorneys for Kosoul Chanthakoummane

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of same this the ___ day of September, 2007.

Keith Gore

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | 380TH JUDICIAL DISTRICT |

## ORDER OF THE COURT ON
## DEFENDANT'S OBJECTIONS TO THE COURT'S VOIR DIRE, MOTION TO INSTRUCT THE JURY TO DISREGARD, MOTION FOR MISTRIAL, OR IN THE ALTERNATIVE, MOTION TO QUASH THE JURY PANEL

BE IT REMEMBERED, that on the _____ day of _____,

2007, came to be considered the above motion. After consideration of the motion, it is the

opinion of the court that defendant's motion be:

GRANTED _____

DENIED _____, to which the Defendant excepts.


_____
JUDGE PRESIDING

8

## CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS )
)
COUNTY OF FANNIN )

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that JESSIE McDONALD is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at _1019 Old Prison Camp Rd, Polkton_____, ___Anson_____County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said JESSIE McDONALD as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for

FILED

07 SEP 21 PM 2:45

HANNAH RUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS

BY_____DEPUTY

pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 21 day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the 21st day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

**CAUSE NO. 380-81972-07**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, JESSIE McDONALD, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the _21_ day of September, 2007.


_____
Judge Presiding

**CAUSE NO. 380-81972-07**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 380TH DISTRICT COURT** |
| **VS.** | § | **OF** |
| **KOSOUL CHANTHAKOUMMANE** | § | **COLLIN COUNTY, TEXAS** |

## APPLICATION FOR PROCESS OF AN OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS )
)
COUNTY OF FANNIN )

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that KEVIN TUTTLE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at _1019 Old Prison Camp Rd, Polkton_, _Anson_ County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said KEVIN TUTTLE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for his out-of-pocket

**FILED**

HANNAH HUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the ___2\___ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the ___21st___ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

Notary Public, State of Texas

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### ORDER ON DEFENDANT'S APPLICATION FOR
### PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, KEVIN TUTTLE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF FANNIN | ) |

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that BRUCE CABOT is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at _1019 Old Prison Camp. Rd., Polkton_ ; _Anson_ County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said BRUCE CABOT as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED

07 SEP 12 PM 2: 45

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS

BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the _21_ day of September, 2007.

Respectfully submitted,

By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the _21st_ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
Notary Public, State of Texas

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, BRUCE CABOT, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the ___ day of September, 2007.

_____
Judge Presiding

**CAUSE NO. 380-81972-07**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS )
                )
COUNTY OF FANNIN )

     I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that MIKE PITTMAN is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at _10190ld Prison Camp Rd, Polkton_, _Anson_ County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

     Your Applicant respectfully asks that process be issued to compel the attendance of the said MIKE PITTMAN as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY _____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the ___21___ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the ___21st.___ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
Notary Public, State of Texas

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, MIKE PITTMAN, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS            )
                          )
COUNTY OF FANNIN          )

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that LAWRENCE PARSONS is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at _1019 Old Prison Camp Rd., Polkton_, _Anson_ County, North Carolina; that the presence of the said witness will be required from the _15 th_ day of October, 2007, THRU the _31 st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said LAWRENCE PARSONS as a witness before this Court. Your application further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-

FILED

07 SEP 21 PM 2: 46

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 2\ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the 21st. day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
Notary Public, State of Texas

# CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, LAWRENCE PARSONS, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

## CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF FANNIN | ) |

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that PAMELA ALLEN is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 108 Eastside Drive, Rockingham, Richmond County, North Carolina 28379; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31 st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said PAMELA ALLEN as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED

07 SEP 21 PM 2:46

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY TEXAS
BY_____ DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the ___21___ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX  75418
903-640-4963
903-640-4964  FAX

Subscribed and sworn before me, the undersigned authority, on this the ___21st___ day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

# CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, PAMELA ALLEN, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the _21_ day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS   )
         )
COUNTY OF FANNIN  )

   I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that RAYMOND W. HENDERSON is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 110 Evander Little Road, Lilesville, Anson County, North Carolina 28091; that the presence of the said witness will be required from the _15_ day of October, 2007, THRU the _31 st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

   Your Applicant respectfully asks that process be issued to compel the attendance of the said RAYMOND W. HENDERSON as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed

FILED

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

for all out-of-pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 21 day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the 21st. day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

Notary Public, State of Texas

## CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, RAYMOND W. HENDERSON, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

**CAUSE NO. 380-81972-07**

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| STATE OF TEXAS | ) |
|---|---|
| | ) |
| COUNTY OF FANNIN | ) |

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that HARRISON WHITLEY is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 2732 Highway 74 West, Wadesboro, Anson County, North Carolina 28170; that the presence of the said witness will be required from the _15_$^{th}$ day of October, 2007, THRU the _31 st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said HARRISON WHITLEY as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-

FILED
07 SEP 21 PM 2: 47
HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the _21_ day of September, 2007.

Respectfully submitted,

By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the _21st._ day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, HARRISON WHITLEY, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the ___ day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF FANNIN | ) |

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that DIANE MOORE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 211 North Long Drive, Rockingham, Richmond County, North Carolina 28379; that the presence of the said witness will be required from the _15ᵗʰ_ day of October, 2007, THRU the _31 ˢᵗ_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said DIANE MOORE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all per-diem docket

FILED

07 SEP 21 PM 2:43

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 21 day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX  75418
903-640-4963
903-640-4964  FAX

Subscribed and sworn before me, the undersigned authority, on this the 21st day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 380TH DISTRICT COURT** |
| **VS.** | § | **OF** |
| **KOSOUL CHANTHAKOUMMANE** | § | **COLLIN COUNTY, TEXAS** |

### ORDER ON DEFENDANT'S APPLICATION FOR
### PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, DIANE MOORE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

**CAUSE NO. 380-81972-07**

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### APPLICATION FOR PROCESS OF AN
### OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| STATE OF TEXAS | ) |
|---|---|
| | ) |
| COUNTY OF FANNIN | ) |

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that FRANK THULEEN is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 699 Johnson Road, Polkton, Anson County, North Carolina 28135; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said FRANK THULEEN as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED
07 SEP 21 PM 2:47
HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 21 day of September, 2007.

Respectfully submitted,

By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the _21st_ day of September, 2007.



PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
Notary Public, State of Texas

# CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, FRANK THULEEN, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS          )
                        )
COUNTY OF FANNIN        )

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that JERRY McDONALD is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 110 Entwistle Road, Rockingham, Richmond County, North Carolina 28379; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said JERRY McDONALD as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-

FILED
07 SEP 21 PM 2:48
HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the _21_ day of September, 2007.

Respectfully submitted,

By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the _21st_ day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, JERRY McDONALD, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS         )
                       )
COUNTY OF FANNIN       )

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that TONY SHANK is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 6600 Wilson Woods Drive, Charlotte, Mecklenburg County, North Carolina 28227; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said TONY SHANK as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all but-of-pocket

FILED
07 SEP 21 PM 2:48
HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY. TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the ___2 1___ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX   75418
903-640-4963
903-640-4964   FAX

Subscribed and sworn before me, the undersigned authority, on this the ___21st___ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

Notary Public, State of Texas

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, TONY SHANK, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the ___ day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### APPLICATION FOR PROCESS OF AN
### OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS        )
                      )
COUNTY OF FANNIN      )

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that MARTY COX is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 2732 Highway 74 West, Wadesboro, Anson County, North Carolina 28170; that the presence of the said witness will be required from the 15TH day of October, 2007, THRU the 31ST day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said MARTY COX as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED

OCT 2 PM 2: 48

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the ___21___ day of September, 2007.

Respectfully submitted,

By:  _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the __21st__ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

Notary Public, State of Texas

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, MARTY COX, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____

Judge Presiding

# CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE 380TH DISTRICT COURT** |
| **VS.** | § | **OF** |
| **KOSOUL CHANTHAKOUMMANE** | § | **COLLIN COUNTY, TEXAS** |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF FANNIN | ) |

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that JEREMY WILSON is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 2732 Highway 74 West, Wadesboro, Anson County, North Carolina 28170; that the presence of the said witness will be required from the _15 th_ day of October, 2007, THRU the _31 st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said JEREMY WILSON as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 𝟤𝟣 day of September, 2007.

Respectfully submitted,



By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the 𝟤𝟣𝑠𝑡 day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
Notary Public, State of Texas

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, JEREMY WILSON, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS    )
                   )
COUNTY OF FANNIN  )

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that DOM DUARTE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at Restoration House Ministries, 1610 W. Franklin, Monroe, Union County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said DOM DUARTE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-pocket

FILED
07 SEP 21 PM 2: 49

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the $\underline{21}$ day of September, 2007.

Respectfully submitted,

By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the $\underline{21st}$ day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### ORDER ON DEFENDANT'S APPLICATION FOR
### PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, DOM DUARTE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

Judge Presiding

CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

| | |
|---|---|
| STATE OF TEXAS | ) |
| | ) |
| COUNTY OF FANNIN | ) |

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that CHANH CHANTHAKOUMMANE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 1921 Forest Side Lane, Charlotte, Mecklenburg County, North Carolina; that the presence of the said witness will be required from the _15th_ day of October, 2007, THRU the _31st_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the said CHANH CHANTHAKOUMANNE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed

FILED

07 SEP 24 PM 2:49

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY TEXAS
BY_____DEPUTY

for all out-of-pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the _21_ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX  75418
903-640-4963
903-640-4964  FAX

Subscribed and sworn before me, the undersigned authority, on this the _21st_ day of September, 2007.

_____
Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### ORDER ON DEFENDANT'S APPLICATION FOR
### PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, CHANH CHANTHAKOUMMANE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 24 day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS )
                )
COUNTY OF FANNIN )

    I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that KOMONH CHANTHAKOUMMANE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 226 Cromer Street, Charlotte, Mecklenburg County, North Carolina; that the presence of the said witness will be required from the __/5__ day of October, 2007, THRU the __3/__ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

    Your Applicant respectfully asks that process be issued to compel the attendance of the said KOMONH CHANTHAKOUMANNE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be

FILED

07 SEP 21 PM 2: 50

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS

BY_____ DEPUTY

reimbursed for all out-of-pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the __21__ day of September, 2007.


Respectfully submitted,


By: _____
**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX


Subscribed and sworn before me, the undersigned authority, on this the __21__ day of September, 2007.


_____
Notary Public, State of Texas

**CAUSE NO. 380-81972-07**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### ORDER ON DEFENDANT'S APPLICATION FOR
### PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, KOMONH CHANTHAKOUMMANE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the ____ day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS    )
                   )
COUNTY OF FANNIN    )

      I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the County of Collin and State of Texas; that SOPHA CHANTHAKOUMMANE is a material and necessary witness for the defense who has testimony concerning the offense of CAPITAL MURDER charged in the above-entitled and -numbered cause, the production of which testimony before the said Court is necessary for the proper administration of justice; that the witness is presently located at 226 Cromer Street, Charlotte, Mecklenburg County, North Carolina 28208; that the presence of the said witness will be required from the _/5_ day of October, 2007, THRU the _3/ 𝑎/_ day of October, 2007; that in order to arrive at this court, it will be necessary for the said witness to pass through those states between the State of North Carolina and the State of Texas and such States, as well as the State of Texas, under their laws will give the said witness protection from arrest and service of civil and criminal process in connection with matters which arose before entrance of the said witness into such States.

      Your Applicant respectfully asks that process be issued to compel the attendance of the said SOPHA CHANTHAKOUMMANE as a witness before this Court. Your applicant further deposes and says that under the laws of the State of Texas, the said witness will be reimbursed

FILED

OCT 15 2 12 PM '50

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

for all out-of-pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the 2⟨ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX 75418
903-640-4963
903-640-4964 FAX

Subscribed and sworn before me, the undersigned authority, on this the _21 st_ day of September, 2007.

Notary Public, State of Texas

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, SOPHA CHANTHAKOUMMANE, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 21 day of September, 2007.

_____
Judge Presiding

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## APPLICATION FOR PROCESS OF AN
## OUT OF STATE WITNESS FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE OF TEXAS     )
               )
COUNTY OF FANNIN    )

I, STEVEN R. MIEARS being duly sworn, depose and say: I am the court-appointed
counsel for the Defendant, in the above-entitled and -numbered cause; that the above criminal
prosecution is pending in the 380TH Judicial District Court, which is the Court of Record in the
County of Collin and State of Texas; that ROBERT HARDDEN *HARDEN* is a material and necessary
witness for the defense who has testimony concerning the offense of CAPITAL MURDER
charged in the above-entitled and -numbered cause, the production of which testimony before the
said Court is necessary for the proper administration of justice; that the witness is presently
located at 1019 Old Prison Camp Road, Polkton, Anson County, North Carolina; that the
presence of the said witness will be required from the __/5__ day of October, 2007, THRU the
__31 st__ day of October, 2007; that in order to arrive at this court, it will be necessary for
the said witness to pass through those states between the State of North Carolina and the State of
Texas and such States, as well as the State of Texas, under their laws will give the said witness
protection from arrest and service of civil and criminal process in connection with matters which
arose before entrance of the said witness into such States.

Your Applicant respectfully asks that process be issued to compel the attendance of the
said ROBERT HARDDEN *HARDEN* as a witness before this Court. Your applicant further deposes and
says that under the laws of the State of Texas, the said witness will be reimbursed for all out-of-

pocket expenses paid for actual travel, housing, and food in connection with the appearance of the said witness before the Court.

SIGNED this the _24_ day of September, 2007.

Respectfully submitted,

By: _____

**STEVEN R. MIEARS**
Attorney for Defendant
State Bar No. 14025600
211 North Main
P.O. Box 736
Bonham, TX  75418
903-640-4963
903-640-4964  FAX

Subscribed and sworn before me, the undersigned authority, on this the _24th_ day of September, 2007.

PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 26, 2010

Notary Public, State of Texas

# CAUSE NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH DISTRICT COURT |
| VS. | § | OF |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER ON DEFENDANT'S APPLICATION FOR
## PROCESS ON AN OUT-OF-STATE WITNESS FOR TRIAL

On this day came on for consideration the Defendant's Application for Process on an out-of-state witness to secure the appearance and testimony of the witness at the trial of the above-entitled and -numbered cause, and having considered the same, the Court is of the opinion that the said witness, ROBERT HARDDEN, is a material and necessary witness for the Defendant, and the said Application is granted.

SIGNED this the 24 day of September, 2007.

_____
Judge Presiding

THE STATE OF TEXAS     }
     }
     }
v.     }     Indictment No. 380-81972-07
     }
     }
KOSOUL CHANTHAKOUMMANE     }

## MOTION TO ABATE VOIR DIRE AND TRIAL
### AND TO DECLARE THE DEATH PENALTY UNCONSTITUTIONAL
### BASED ON TEXAS' LETHAL INJECTION PROTOCOL AND THE U.S. SUPREME
### COURT'S DEFACTO AND DEJURE DECLARATION OF A MORATORIUM ON THE
### USE OF THE LETHAL INJECTION PROTOCOL AND THE TEXAS STATUTE'S AND
### PROVISION FOR THE USE OF LETHAL INJECTION

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW, KOSOUL CHANTHAKOUMMANE, by Counsel and pursuant to the

Fifth, Sixth, Eighth and Fourteenth Amendments to the UNITED STATES CONSTITUTION and

Articles 1, Section 13 of the TEXAS CONSTITUTION, and pursuant to international law, moves this

Court to abate the trial in this case and to further declare Texas' capital punishment scheme

unconstitutional based on its lethal injection protocol. In support, the defendant would show:

### I.

### FACTUAL BACKGROUND

     The defendant has been charged with the offense of capital murder. If the defendant is

found guilty and sentenced to death, he will face death by lethal injection of a drug cocktail that

includes an agent – pancuronium bromide – that the State of Texas has outlawed for use in

euthanizing animals. Because defendant believes that Texas' lethal injection protocol is violative

Motion to declare law unconstitutional as to lethal injection and motion to abate trial.

of his rights under the Texas and United States constitutions, as well as under international law,

he brings this motion.

## II.

## M O T I O N:

## TEXAS' LETHAL INJECTION PROTOCOL VIOLATES THE TEXAS AND FEDERAL CONSTITUTIONS AND INTERNATIONAL LAW.

## A.

## TEXAS' USE OF PANCURONIUM BROMIDE DRAWS A "CHEMICAL VEIL" OVER THE LETHAL INJECTION PROCEDURE WHICH VIOLATES THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 13 OF THE TEXAS CONSTITUTION.

1.  <u>Summary</u>.

Pancuronium bromide is the second of three drugs administered to the condemned inmate

during the lethal injection process. Pancuronium bromide draws a "chemical veil" over the

procedure. It is a neuromuscular blocking agent, which is illegal for use in animal euthanasia. It

has the effect of rendering the muscles unable to contract but does not affect the brain or the

nerves of the inmate. The paralytic effect on the muscles make the inmate look serene, when that

is not necessarily true. Defendant contends that the use of this drug creates an unreasonable risk

that the inmate will be paralyzed but will not be rendered unconscious before he is administered

the final horrific painful drug. The effect of pancuronium bromide can therefore be to subject the

inmate to torturous pain, but because of his paralysis he is unable to communicate his

consciousness or his agony and viewers are unable to perceive that the inmate is conscious or in

agony. This result offends the human dignity of the inmate and of society. It is therefore

unconstitutional to use it in the lethal injection procedure. *See Weems v. United States*, 217 U.S.

2

349, 367-8 (1910). The use of pancuronium bromide inflicts the type of unnecessary psychological suffering during the inmate's final living moments which was prohibited by the U.S. Supreme Court in *Weems*.

Counsel for the Defendant submits three affidavits in support of this motion. They are from Dr. Mark Heath of Columbia University, Dr. Dennis Geiser of the University of Tennessee, and Carol Weihrer, founder of Anesthesia Awareness. These affidavits were submitted in the case of *Texas v. Jesus Flores*, No. 877,994A and are attached to this motion as Exhibits 1 through 3.

**2.     The "Chemical Veil" Causes an Unnecessary and Wanton Infliction of Pain.**

The Eighth Amendment prohibition against cruel and inhuman punishment forbids punishments that involve unnecessary and wanton inflictions of pain. *Estelle v. Gamble*, 429 U.S. 97, 102-5 (1976). The use of pancuronium bromide (also known as *Pavulon)* is unnecessary in the lethal injection process. The Court of Appeals of Tennessee, at Nashville, recognized that "there is no dispute that Pavulon can mask the pain and suffering of persons who are not completely sedated and that these persons would appear to be peaceful despite the pain they were experiencing." *Abdur'Rahman v. Bell*, (No. M2003-01767-COA-R3-CV), 2004 Tenn. App. LEXIS 643 at *70, *cert. granted on other grounds, judgment vacated and case remanded,* 2005 U.S. LEXIS 5217 (U.S. Sup. Ct. June 28, 2005). Pancuronium bromide is a neuromuscular blocking agent that renders the muscles unable to contract but does not affect the brain or the nerves of the inmate. The paralytic effect on the muscles make the inmate look serene, when that is not necessarily true. *See* Affidavit of Dr. Mark Heath, attached as Exhibit 1. If pancuronium bromide were not used in the process at all, it would not decrease the efficacy of the procedure. It

would, however, increase the humaneness of the procedure because it would lift the "chemical veil" behind which the inmate's agony hides. *See id.* It would also allow the observers to witness actual pain that the inmate is suffering. Pancuronium bromide is administered so that the executioner and viewing public are themselves "sedated" into thinking that the execution process is a calm, peaceful and humane procedure. This is only true because the 2nd drug in the cocktail is designed to mask the true pain experienced by the inmate as he is dying.

Carol Weihrer is the President and Founder of the charity Anesthesia Awareness. She has provided an affidavit describing her personal experience of agony under a neuromuscular blocking agent when the brain-scrambling anesthesia was ineffective. This is the same as the experience the condemned inmate may endure. *See* Affidavit of Carol Weihrer, attached as Exhibit 2. She is of the opinion that the experience was "worse than death" because she is unable to sleep at night, and has to cope every day with the horror of what happened.

A punishment is cruel under the Eighth Amendment when it includes "something more than the mere extinguishment of life." *In re Kemmler*, 136 U.S. 436, 447 (1890). As interpreted by the Supreme Court, the Eighth Amendment prohibition is intended to reduce the punishment as far as possible to no more than that of death itself. Methods of execution have evolved over time in keeping with this principle. The "chemical veil" of pancuronium bromide now constitutes that extra factor that makes the punishment more than merely taking the life of the inmate; in some cases it makes the punishment worse than death itself. For the short time before the inmate's life expires, there is the substantial risk that the punishment is more than the law allows. The punishment is therefore unconstitutional under the law as it stands.

4

This false impression of serenity to viewers raises the age-old concerns of government abuses of power. By masking the real effects of government actions, the government is manipulating the setting and "gilding the lily" in order to orchestrate and manipulate public reaction to the death penalty; it, therefore, offends the dignity and the evolving standards of decency of our society. *See Trop v. Dulles*, 356 U.S. 86, 101 (1958).

## 3. Substantial Risk

The Eighth Amendment prohibition against cruel and inhuman punishment forbids punishments when the method of execution creates a substantial risk of wanton and unnecessary infliction of pain, torture or lingering death. *See Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947). The risk of unnecessary pain is substantial in the lethal injection procedure because the first drug to be administered, sodium thiopental, is an anachronistic anesthetic. It does not always render the inmate unconscious. *See* Exhibit 1 (Heath Aff.). Unnecessary psychological pain and torture is inflicted when the inmate is not unconscious because the chemical veil of the pancuronium bromide prevents the inmate from expressing the pain he/she is experiencing.

The risks of the sodium thiopental not rendering the inmate unconscious do not affect the end result of the execution, but they do affect the constitutionality of the execution. In a study of post-mortem levels of thiopental in 49 persons executed by lethal injection, medical researchers have found that "most of the executed inmates had concentrations that would not be expected to produce a surgical plane of anaesthesia, and 21 (43 per cent) had concentrations consistent with consciousness." Dr. Leonidas G. Koniaris, et al., *Inadequate Anaesthesia in Lethal Injection for Execution*, 365 LANCET 1412, 1413 (2005). The study concluded: "In view of these data, we

suggest that it is possible that some of these inmates were fully aware during their executions. We certainly cannot conclude that these inmates were unconscious and insensate." *Id.* at 1414.

Once in liquid form, sodium thiopental has a very short shelf life of less than 24 hours. This compromises its potency. *See* Exhibit 1 (Heath Aff.). The dose of sodium thiopental fails to adequately cater to the different drug tolerances, the different drug histories and the different physical sizes of inmates. Sodium thiopental was originally chosen to be used because it is fast acting, but now it is this characteristic of the drug which can cause the anesthesia to wear off in a matter of minutes and cause the inmate to awaken while the other drugs are administered; it is another aspect of the execution procedure which is in need of updating. In surgery, the injection of sodium thiopental will be followed almost immediately, subject to the monitoring of the patient, with administration of another, longer-lasting anesthetic. Other drugs, such as sodium pentobarbital, endure far longer and would serve the desired purposes better.

It is often difficult for a physician to find a suitable vein to inject, especially when the inmate is nervous, or obese, or a drug user, or diabetic, or muscular, or has heavily pigmented skin. It is therefore even harder for the person entrusted with this job by the State of Texas because he/she is not a qualified physician. It is not proposed here to retell the numerous accounts of botched injections in the State of Texas, but they exist as proof of the substantial risk that the anesthesia does not protect the inmate from the torture of the "chemical veil." There are plenty of opportunities throughout the process for a botched execution. These risk factors, when taken all together, amount to a substantial risk of unnecessary pain. They therefore make the lethal injection procedure, as it currently stands, unconstitutional under the law as described by the U.S. Supreme Court. The fact that pancuronium bromide is unnecessary to bring about the

6

death of the inmate makes these risks all the more unacceptable and unconstitutional. It is only the third drug in the series that causes the heart to stop beating.

## 4.    <u>Conclusion</u>

Lethal injection is seen by the public to be the most humane method of execution. The result, therefore, is the most duplicitous irony of all: the very method which seems the most appealing in the eyes of the public is also one of the most unjustifiably cruel. The use of pancuronium bromide creates a double veil over the process. It disguises the fact that there is a disguise over the process. *See* Exhibit 1 (Heath Aff.).   Pancuronium bromide is psychologically horrific and its use violates the Eighth Amendment. Further, any argument that the risk of unnecessary suffering is remote is disingenuous. No one has survived an execution to testify to his or her experience. All evidence of suffering has first been masked by pancuronium bromide and then ultimately buried by the state.

## B.

## TEXAS' USE OF PANCURONIUM BROMIDE IN ITS LETHAL INJECTION PROCEDURE OFFENDS HUMAN DIGNITY, AND VIOLATES THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 13 OF THE TEXAS CONSTITUTION, BECAUSE THE DRUG IS ILLEGAL IN THE EUTHANASIA OF ANIMALS.

1.  **Pancuronium Bromide is Illegal in Animal Euthanasia, and Therefore Does Not Pass the Evolving Standards of Decency Test.**

Although Texas' lethal injection procedure was held not to violate the Eighth Amendment in *Ex Parte Granviel*, 561 S.W.2d 503, 510 (1978), it would be error for this court to assume the protocol would survive constitutional scrutiny today. All Eighth Amendment determinations are subject to the evolving standards of decency that mark the progress of a maturing society. *See Atkins v. Virginia*, 536 U.S. 304, 311-2 and 321 (2002); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). *Compare Roper v. Simmons*, 125 S.Ct. 1183, 1198 (2005) *with Stanford v. Kentucky*, 492 U.S. 361, 369 (1989). The lethal injection procedure must conform to the contemporary norms and standards of American society. *See Weems v. United States*, 217 U.S. 349, 367 (1910). Science has moved on since the late 1970's, and a greater knowledge is available of the drugs involved in lethal injection. Pancuronium bromide is strongly discouraged by the American Veterinary Medical Association[1]

---

[1] The American Veterinary Medical Association is the national association for veterinarians. It is a governing body for the veterinary medical profession. The AVMA standards establish the standards of veterinary practice throughout the state of Texas as well as the rest of the country.

in the euthanasia of animals, with the warning that animals may perceive pain and distress after they are immobilized. *See* Affidavit of Dr. Dennis Geiser, attached as Exhibit 2. The use of the drug is banned in the State of Texas for this purpose. TEX. HEALTH & SAFETY CODE Article 821.052.[2] The euthanasia of animals in Texas must now be in accordance with the American Veterinary Medical Association Panel on Euthanasia Report 2000, which condemns the use of pancuronium bromide. *See id.* (Geiser Aff.)

If the use of pancuronium bromide is unacceptable for killing animals, it cannot be acceptable in killing human beings. The standards of decency in Texas must have evolved to the point of treating humans with more humanity and dignity than we treat our animals. Texas is not the only State to use pancuronium bromide as part of the lethal injection process; the States who use lethal injection copied each other's techniques when the process became fashionable in the late 1970s. Oklahoma and Texas were the first to codify the method. The fact that the other States use the same chemical is therefore not evidence of the standards of decency not having evolved. They are locked in to the same standards, and they are waiting for a State to take the lead in modernizing the method in accordance with contemporary standards.

A punishment is 'cruel' under the Eighth Amendment when it includes "something more than the mere extinguishment of life." *In re Kemmler*, 136 U.S. 436, 447 (1890). The aim is to reduce the punishment as far as possible to no more than that of death itself. The humiliation of being executed using a drug which is banned for use in animal euthanasia makes the current

---

[2] The TEX HEALTH AND SAFETY CODE codified Senate Bill 572 and House Bill 1115, which were signed into law by the Governor of Texas on May 14, 2003.

execution procedure something more than the mere extinction of life. The standards of decency have evolved to make such a humiliation unacceptable.

**2.    Pancuronium Bromide is Illegal in Animal Euthanasia, and Therefore Its Use on Humans Offends Human Dignity.**

The United States Supreme Court has made clear that the principle of human dignity is central to the Eighth Amendment's cruel and unusual punishments clause, and that this principle of dignity goes beyond the mere infliction of physical pain or suffering. *See Trop v. Dulles*, 356 U.S. 86, 101 (1958). Human dignity can be offended in unconstitutional ways through unacceptable stigmatization of an inmate or through other means that may not involve excessive pain or suffering.    In *Furman v. Georgia*, 408 U.S. 238 (1972), the Court explained this principle of human dignity as follows: "The State, even as it punishes, must treat its members with respect for their intrinsic worth as human beings.  A punishment is 'cruel and unusual,' therefore, if it does not comport with human dignity. . ." *Id.* at 270.  The Court went on to hold that "The primary principle is that a punishment must not be so severe as to be degrading to the dignity of human beings. Pain, certainly, may be a factor in the judgment." *Id.* at 271.  The Court continued, "Yet the Framers also knew 'that there could be exercises of cruelty by laws other than those which inflicted bodily pain or mutilation.' *Id.* (internal citations omitted). The Court concluded although "'[t]here may be involved no physical mistreatment, no primitive torture,' severe mental pain may be inherent in the infliction of a particular punishment. . .The true significance of these punishments is that they treat members of the human race as nonhumans, as objects to be toyed with and discarded." *Id* at 272-3 (internal citations omitted).

This principle was implicitly applied in *Rupe v. Wood*, 863 F. Supp. 1315, 1321 (W.D. Wash. 1994). In *Rupe*, the federal district court declared that, although death by hanging at that time was not generally considered to be unconstitutional, if there is significant risk of decapitation in the hanging of an obese death row inmate the hanging would violate the Eighth Amendment. Such a hanging would not increase the inmate's pain or physical suffering, but it would offend the principle of dignity to treat an inmate in such a manner.[3]

If the State of Texas were permitted to execute [NAME OF CLIENT], or any other human being, pursuant to a procedure that would be deemed inhumane if used in the euthanasia of animals, then it would certainly violate the Eighth Amendment principle of human dignity. This is true regardless of whether it would create the kind of horrifying and excruciating experience that is possible under the Texas procedure.

The Texas procedure also offends the dignity of our society as well as the dignity of the inmate. If it offends the dignity of the inmate, then it necessarily offends society's sense of dignity. When the state executes one of its citizens, it does so in the name of all of its citizens, and all citizens therefore have a constitutionally protected interest in ensuring that executions are carried out in a humane way.

3. **An Alternative Method is Available.**

It should not be left to the defendant to suggest a more humane alternative to Texas' lethal injection procedure. However, there is at least one such alternative. The most common method of euthanasia for domesticated animals is a single intravenous injection of sodium

---

[3]The issue of execution by hanging was later held moot because of a change in the Washington capital statue removing a presumption in favor of hanging. *Rupe v. Wood*, 93 F.3d 1434, 1438 (9th Cir. 1996).

pentobarbital, which, like sodium thiopental, quickly creates its anesthetic effect. But sodium pentobarbital is quite different from sodium thiopental in other important respects: it is more stable, its anesthetic effect lasts much longer, and it will bring about death within a two or three minute period, which is less time than is required to complete the long process under the Texas protocol. Sodium pentobarbital is inexpensive. A simple method of making a single injection of sodium pentobarbital would carry virtually none of the risks of causing inhumane suffering that are inherent in the Texas lethal injection procedure.

The question of what might constitute minimal contemporary standards of decency also must be considered in light of the availability of alternatives. Defendant submits that normal citizens of our state would rebel against the idea of using the present lethal injection procedure if they understood that Texas could easily develop a safe, simple, and properly regulated procedure that would involve a single injection of sodium pentobarbital, the most commonly used method in the euthanasia of domesticated animals.

In light of this alternative, the state can offer no justification or excuse for its antiquated and barbaric method.

**4.    Conclusion**

Although Texas' lethal injection procedure is outdated and inhumane, time stands still for it in  Texas and other states while society marches on toward a more humane standard of decency. The law of the land should afford even the vilest criminal the same dignity afforded to an animal *in extremis* It is of no moment that society may view a murderer as a life form lower than that of an animal. Although some may subscribe to this view, the law does not permit us to punish men via methods we consider beneath the dignity of animals.

**C.**

## THE ADMINISTRATION OF SODIUM THIPOPENTAL AND PANCURONIUM BROMIDE IN THE LETHAL INJECTION PROCEDURE AMOUNTS TO STATE-SPONSORED TORTURE IN VIOLATION OF INTERNATIONAL LAW.

Torture is prohibited by the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 23 ILM 1027 (1984). The United States is a party to this agreement and its provisions must be applied in full. The United States signed this treaty on April 18, 1988 and ratified it on October 21, 1994. *See* Status of Ratification of the Convention Against Torture *available at* www.ohchr.org/english/law/cat-ratify.htm *(website for Office of the United Nations High Commissioner for Human Rights updated as of November 2, 2004).*

*The Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment prohibits torture and cruel, inhuman or degrading treatment or punishment. Torture is defined in Article 1, 1 of the Convention as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as. . .punishing him for an act he or a third person has committed. . ." 23 ILM 1027.*

*Thus, execution by means of lethal injection is substantially likely to result in torture such that international law is violated. The prisoner can physically feel the horrific pain of the lethal injection process if the anesthesia effects of sodium thiopental have worn off, or if it was not properly administered in the first place. In addition, the prisoner will experience atrocious mental torture as he will be unable to communicate (physically or orally) the horrific agonizing pain he is experiencing due to the paralytic effects of the pancuronium bromide. Article 2, 2 of the Convention requires: "each State Party shall take effective legislative, administrative, judicial or other measures to prevent acts of torture in any territory under its jurisdiction." Id*

13

Thus, this court is required to act in accordance with this provision and rule that the chemical cocktail presently applied during the lethal injection process is illegal.

Further, if the court does not find this horrific suffering tantamount to torture, section 1 in Article 16 of the Convention requires Texas to "undertake to prevent in any territory under its jurisdiction other acts of cruel, inhuman or degrading treatment or punishment which do not amount to torture. . ." *Id.* The use of pancuronium bromide in the lethal injection process, when it is illegal to use it in the euthanasia of animals, makes the procedure cruel and inhuman and degrading. Therefore, the Court is still obliged to find the current lethal injection procedure to be a violation of international law and the dignity of mankind, even if it does not believe the present procedure amounts to torture

### III.

### ARGUMENT

### A.

### Defendant PRESENTS A COLORABLE CLAIM THAT LETHAL INJECTION – AS IT IS CURRENTLY ADMINISTERED IN TEXAS – PRODUCES UNNECESSARY PAIN, TORTURE, AND LINGERING DEATH, AND VIOLATES THE EIGHTH AMENDMENT.

The Eighth Amendment's proscription against cruel and unusual punishment forbids the infliction of unnecessary pain in the execution of a sentence of death. *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947) (opinion of Reed, J.); *Fierro v. Gomez*, 865 F. Supp. 1387, 1413 (N.D. Cal. 1994) (execution by lethal gas in California held unconstitutional where evidence indicated "death by this method is not instantaneous. Death is not extremely rapid or within a matter of seconds. Rather . . . inmates are likely to be conscious for anywhere from

14

fifteen seconds to one minute from the time that the gas strikes their face" and "during this period of consciousness, the condemned inmate is likely to suffer intense physical pain" from "air hunger"; "symptoms of air hunger include intense chest pains . . . acute anxiety, and struggling to breath"), *aff'd,* 77 F.3d 301, 308 (9th Cir. 1996), *vacated on other grounds,* 519 U.S. 918 (1996). Further, "[p]unishments are cruel when they involve . . . a lingering death." *In re Kemmler,* 136 U.S. 436, 447 (1890). A punishment is particularly constitutionally offensive if it involves the *foreseeable* infliction of suffering. *Furman v. Georgia,* 408 U.S. 238, 273 (1973), citing *Resweber, supra* (had failed execution been intentional and not unforeseen, punishment would have been, like torture, "so degrading and indecent as to amount to a refusal to accord the criminal human status.")

It is not only foreseeable, it is predictable that death by lethal injection as it is currently practiced in Texas–using a paralytic agent in combination with a sedative–will produce unnecessary pain, torture, and lingering death. Evidence has existed for at least fifty years that the "drugs used in lethal injections pose a substantial threat of torturous pain to persons being executed." *Chaney v. Heckler,* 718 F.2d 1174, 1178 (C.A.D.C. 1983), *overturned on other grounds, Heckler v. Chaney,* 470 U.S. 821 (1985) (citing ROYAL COMMISSION ON CAPITAL PUNISHMENT, 1949-1953 REPORT (1953)). The Court of Appeals in *Chaney* found: "substantial and uncontroverted evidence to support their claim that execution by lethal injection poses a serious risk of cruel, protracted death. Even a slight error in dosage or administration can leave a prisoner conscious but paralyzed while dying, a sentient witness of his or her own slow, lingering asphyxiation." *Id.* at 1191 (internal citation omitted.)

Further, the Texas lethal injection protocol has not changed since it was first used in 1982. *Judge Denies Stays of Three Executions*, HOUSTON CHRONICLE, Dec. 9, 2003, at A29 (quoting a TDCJ official who acknowledges that no changes have been made to the procedure in place since 1982). What has changed over the last two decades, however, is that numerous states, most recently the State of Texas, have enacted statutes regulating the euthanasia of animals which preclude using the same combination of drugs currently administered to human beings during executions. If evolving standards of decency, as reflected by legislative action and the professional association of veterinarians, preclude the use of these particular drugs when killing a dog or a cat, then certainly those same standards of decency would require a more humane, readily available version of the lethal injection for human beings. "'The basic concept underlying the Eighth Amendment is nothing less than the dignity of man . . . The Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Atkins v. Virginia*, 536 U.S. 304, 311-2 (2002) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-101(1958)).

1. <u>**The combination of chemicals used to execute inmates in Texas creates a strong probability of unnecessary suffering and torture.**</u>

The State of Texas executes its inmates by poisoning them with a lethal combination of three chemical substances: sodium thiopental, or sodium pentothal (an ultrashort-acting barbiturate); pancuronium bromide, or Pavulon (a curare-derived agent which paralyzes all skeletal or voluntary muscles, but which has no effect whatsoever on awareness, cognition or sensation); and potassium chloride (an extraordinarily painful chemical which activates the nerve fibers lining the person's veins and which can interfere with the rhythmic contractions of the

heart and cause cardiac arrest). While each of these chemicals individually creates concern about their use in the execution process, in combination they cannot pass constitutional muster. Far from producing a rapid and sustained loss of consciousness and humane death, this particular combination of chemicals often causes the inmate to consciously suffer an excruciatingly painful and protracted death.

### a. Sodium Thiopental

Sodium thiopental, or sodium pentothal, is a short-acting barbiturate which is ordinarily used to render a surgical patient unconscious for mere minutes, only in the induction phase of anesthesia, specifically so that the patient may re-awaken and breathe on their own power if any complications arise in inserting a breathing tube pre-surgery. Because of its brief duration, sodium thiopental may not provide a sedative effect throughout the entire execution process. Dr. Dennis Geiser, chairman of the Department of Large Animal Clinical Sciences at the College of Veterinary Medicine at the University of Tennessee, recently explained:

> Sodium thiopental is not a proper anesthetic for use in lethal injection. Indeed, the American Veterinary Medical Association standards for euthanasia indicate that the ideal barbituric acid derivative for animal euthanasia should be potent, long acting, stable in solution, and inexpensive. Sodium pentobarbital (not sodium thiopental) best fits these criteria. Sodium thiopental is a potent barbituric acid derivative but very short acting with one therapeutic dose.

Affidavit of Dr. Dennis Geiser, attached as Exhibit 2.

Due to the chemical combination used in the Texas execution process, there is also a probability that the sedative effect of the sodium thiopental is neutralized by the second chemical, pancuronium bromide. As Dr. Mark Heath, Assistant Professor of Clinical Anesthesia at Columbia University states:

17

Sodium thiopental is an ultra short-acting barbiturate. It would not be used to maintain a patient in a surgical plane of anesthesia for purposes of performing surgical procedures. It is unnecessary, and risky, to use a short-acting anesthesia in the execution procedure. If the solution of sodium thiopental comes into contact with another chemical, such as pancuronium bromide, the mixture of the two will cause the sodium thiopental immediately to precipitate or crystallize. These factors are significant in the risk of the inmate not being properly anesthetized, especially since no-one checks that the inmate is unconscious before the second drug is administered.

Affidavit of Dr. Heath, attached as Exhibit 1.

Concerns about using sodium thiopental are heightened by the lack of medical personnel, the lack of proper monitoring of the inmate during the process and the lack of inmate-specific dosing of the barbiturate. According to Dr. Geiser:

> [T]he dosage of thiopental sodium must be measured with some degree of precision, and the administration of the proper amount of the dosage will depend on the concentration of the drug and the size and condition of the subject. Additionally, the drug must be administered properly so that the full amount of the dosage will directly enter the subject's blood stream at the proper rate. If the dosage is not correct, or if the drug is not properly administered, then *it will not adequately anaesthetize the subject, and the subject may experience the untoward effects of the neuromuscular blocking agent. . .*

Exhibit 2, (Geiser Aff.) (emphasis supplied).[4]

Moreover, drug manufacturers warn that without careful medical supervision of dosage and administration, sedatives can cause "paradoxical excitement" and can heighten sensitivity

---

[4] The problems inherent in Texas' use of sodium thiopental and pancuronium bromide cannot be directly discounted because of TDCJ's sudden administrative decision in 1989 to cease conducting autopsies of executed individuals. Texas' failure to collect any post-mortem data precludes the State from presenting any direct evidence to argue that the dosage of sodium pentothal injected into the veins of Texas condemned inmates still provides therapeutic levels of sodium pentothal: the terrible specter of inadequate anesthesia can never be ruled out for any Texas condemned inmate. *But see* Dr. Leonidas G. Koniaris et. al., *Inadequate Anaesthesia in Lethal Injection for Execution*, 365 LANCET 1412 (2005) (finding insufficient levels of anaesthesia in post-mortem studies of executed individuals.)

to pain. *See* PHYSICIANS DESK REFERENCE, 50th Ed. (1996) at 438-440. Manufacturers warn against administration by intravenous injection unless a patient is unconscious or out of control. *Id.*

### b. Pancuronium Bromide

> The second chemical involved in the lethal injection process, pancuronium bromide, or Pavulon, is a derivative of curare that acts as a neuromuscular blocking agent. If, as is probable in the Texas execution process, the sedative effect of the sodium thiopental is ineffective or neutralized, the pancuronium bromide would serve only to mask the excruciating pain of the condemned inmate. Pancuronium bromide makes the patient look serene because of its paralytic effect on the muscles. The face muscles cannot move or contract to show pain and suffering. It therefore provides a 'chemical veil' over the proceedings. By completely paralyzing the inmate, pancuronium bromide masks the normal physical parameters that an anesthesiologist or surgeon would rely upon to determine if a patient is completely unconscious and within a proper surgical plane of anesthesia. Because pancuronium bromide is an invisible chemical veil and not a physical veil like a blanket or hood that is easily identifiable, the use of pancuronium bromide in lethal injection creates a double veil. It disguises the fact that there is a disguise over the process.

Exhibit 1, (Heath Aff.).

In *Abdur' Rahman v. Bell*, Dr. Geiser asserted that while Pavulon paralyzes skeletal muscles, including the diaphragm, it has *no effect on consciousness or the perception of pain or suffering.* Administration of Pavulon is *"like being tied to a tree, having darts thrown at you, and feeling the pain without any ability to respond."* Exhibit 2, (Geiser Aff.) (emphasis added). This assertion is corroborated by the experience of eye surgery patient, Carol Weihrer. During Ms. Weihrer's surgery the sedative she received was ineffectual and Ms. Weihrer was conscious of the entire surgery. Due to the administration of a neuromuscular blocking agent like pancuronium bromide, however, she was unable to indicate her consciousness to doctors:

19

121

> I experienced what has come to be known as Anesthesia Awareness, in which I was able to think lucidly, hear, perceive and feel everything that was going on during the surgery, but I was unable to move. It burnt like the fires of hell. It was the most terrifying, torturous experience you can imagine. The experience was worse than death.

Affidavit of Carol Weihrer, attached as Exhibit 3. In short, the second chemical, pancuronium bromide, or Pavulon, in the lethal injection protocol serves no purpose other than to guarantee that the condemned inmate will be forced into a total chemical straightjacket and gag while he consciously experiences the potassium chloride ravaging his internal organs. Persons viewing the lethal injection procedure and the public will never realize that a cruel fraud is being perpetrated upon them: instead of witnessing an inmate quiet and motionless while being "put to sleep," they are in fact witnessing the cover-up of a deliberate act of excruciating torture for which only the inmate is fully conscious.

### c.   Potassium Chloride

Finally, the use of potassium chloride itself raises important Eighth Amendment concerns. James J. Ramsey, a certified perfusionist and currently the Program Director in the Program in Cardiovascular Perfusion at Vanderbilt Medical Center, Nashville, Tennessee, gave a lengthy statement in Abdur Rahman's case regarding the use of potassium chloride in lethal injections. Perfusion involves the study of medicine related to the artificial circulation technologies, including but not limited to the operation of the heart-lung machine, a medical device commonly used during open-heart surgeries of all kinds. The arena involving the chemical arrest of the heart lies uniquely within the practice of the clinical perfusionist.

20

122

Regarding the administration and efficacy of potassium chloride in the lethal injection context, Ramsey stated that:

It is my understanding that during the performance of lethal injection as carried out during the death penalty, potassium (and other agents) are administered intravenously to the defendant. Such administration is, in my professional opinion based upon my knowledge, training, and experience, and within a reasonable degree of medical certainty, *entirely inadequate in order to achieve reasonable cardiac standstill* Since the agents are introduced intravenously, there will occur an immediate dilution of the solution, weakening any potential effect it may have. By illustration an 80 kilogram person would have a blood volume of approximately 5.5 to 6 liters. An administration of 100 milli-equivalents of potassium intravenously to the 80 kilogram person would result in a blood concentration of <u>only</u> 16.6 meq/L. Such a dose is according to scientific literature... and as evidenced in my practice, inadequate to achieve cardiac standstill.

Furthermore, it must be remembered that [in contrast to the administration of potassium chloride in the surgical context] such administration is: (1) NOT DIRECTED INTO THE CORONARY ARTERIES; (2) DIRECTED ONLY IN AN ANTEGRADE FASHION; AND (3) IS AT MORMOTHERMIA (37 degrees Celsius, NOT at five degrees Celsius). Without reasonable data regarding any one person's anatomic and pathologic state as to their myocardial function prior to administration of the potassium, there can be no reasonable certainty that the potassium solution intended to arrest the heart would be distributed in a fashion that would arrest the heart. Thus, the very orchestrated and methodical methods used in surgery should not be thought of as optimizing the arrest of the heart, but should be considered to be necessary as the only reasonable means of ensuring that the heart is arrested. If the heart could be arrested by intravenous objections, cardiac surgery today would be a very different animal-science and research tells us that mere intravenous injection of potassium is not sufficient.

. . .

Additionally, in my professional opinion and within a reasonable degree of medical certainty, barring an effective cardiac arrest, it is entirely possible that a lethal injection as I understand it will serve ONLY to arrest the function of the pulmonary system, thereby causing a state of ischemia to the entire body (no oxygen delivery), which, in turn, will ultimately arrest the heart as well (with no oxygen delivery to it.) *As a result, the defendant is simply suffocated due to lack of oxygen.*

Affidavit of James J. Ramsey (emphasis supplied), in *Abu-Ali Abdur' Rahman v. Bell*, 226 F.3d 696 (6th Cir.2000).

21

## 2. __The danger of lethal injection creating unnecessary suffering and torture is greatly increased by the lack of physician involvement in the execution process.__

The risk of inflicting severe and unnecessary pain and suffering upon the Defendant in the lethal injection process is particularly grave in Texas because the meager procedures and protocols designed by TDCJ fail to include safeguards regarding the manner in which the execution is to be carried out. They fail to establish the minimum qualifications and expertise required of the personnel performing the critical tasks in the lethal injection procedure. Finally, they fail to establish appropriate criteria and standards that these personnel must rely upon in exercising their discretion during the lethal injection procedures. For instance, TDCJ execution protocols do not explain what to do in case an IV port cannot be established. The experience of other states teaches that, in such a case, a medically trained person must perform a "cut down" to expose a deeply buried vein, or perform an infraclavicular catheterization, or other invasive medical procedure to facilitate the subsequent lethal injection such as an attempt to establish a port through the carotid enclosure in the neck. In Texas, the physician's services are limited to his or her pronouncing death.

There are no directions and no standards for the necessary training, education, or expertise of the personnel who will be exercising this critical discretion and performing these tasks and duties. TDCJ guidelines totally fail to articulate the criteria or standards that such personnel must rely upon in exercising this discretion.[5] The consequences of this failure will likely result in the unnecessary and wanton infliction of severe pain and suffering.

---

[5] The protocols also fail to provide any direction regarding how TDCJ is to obtain these controlled substances in a manner that insures the drugs are effective, how to store the drugs in a manner to keep them effective, how to "mix" the drugs, or how to store and label the drugs once they have been prepared and transported to the execution chamber.

Perhaps most importantly, there are no apparent answers to critical questions governing a number of crucial tasks and procedures in the lethal injection procedure such as:

(a)    the minimum qualifications and expertise required for the different personnel performing the tasks involved in the lethal injection procedure after the catheter is inserted;

(b)    the methods for obtaining, storing, mixing, and appropriately labeling the drugs, the minimum qualifications and expertise required for the person who will determining the concentration and dosage of each drug to give, and the criteria that shall be used in exercising this discretion;

(c)    the manner in which the IV tubing, three-way valve, saline solution and other apparatus shall be modified or fixed in the event it is malfunctioning during the execution process, the minimum qualifications and expertise required of the person who shall have the discretion to decide to attempt such action, and the criteria that shall be used in exercising this discretion;

(d)    the manner in which the heart monitoring system shall be modified or fixed in the event it is malfunctioning during the execution process, the minimum qualifications and expertise required of the person who shall have the discretion to decide to attempt such action, and the criteria that shall be used in exercising this discretion;

(e)    the manner in which the IV catheters shall be inserted into the condemned prisoner, the minimum qualifications and expertise required of the person who is given the responsibility and discretion to decide when efforts at inserting the IV catheters should be abandoned and the cut down procedure begun, and the criteria that shall be used in exercising this discretion;[6]

---

[6]*See* Deborah Denno, *When Legislatures Delegate Death: The Troubling Paradox Behind State Uses of Electrocution and Lethal Injection and What It Says About Us*, 63 OHIO ST. L.J. 63, n. 324 (February 2002) (citing Thomas O. Finks, Lethal Injection: An Uneasy Alliance of Law and Medicine, 4 J. LEGAL MED 383, 397 (1983) (explaining that "(l)ethal injections may not work effectively on diabetics, drug users, and people with heavily pigmented skins"); Harold L. Hirsh, Physicians as Executioners, LEGAL ASPECTS OF MED. PRAC., Mar. 1984, at 1 (noting that "if a person is nervous or fearful, his veins become constricted"); *On Lethal Injections and the Death Penalty*, 12 HASTINGS CENTER REP. 2, 2 (Oct. 1982) (explaining that lethal injections are particularly difficult to administer "to people with heavily pigmented skins . . . and to diabetics and drug users"); Jacob Weisberg, *This is Your Death: Capital Punishment: What Really Happens*, NEW REPUBLIC, July 1, 1991, at 23 (describing the 45 minutes required for technicians

(f) the manner in which the condition of the condemned prisoner will be monitored to confirm that proceeding to the next procedure would not inflict severe and unnecessary pain and suffering on the condemned prisoner;

(g) the minimum qualifications and expertise required of the person who is given the responsibility and discretion to order the staff to divert from the established protocols if necessary to avoid inflicting severe and unnecessary pain and suffering on the condemned prisoner, and the criteria that shall be used in exercising this discretion; and

(h) the minimum qualifications and expertise required of the person who is given the responsibility and discretion to insure that appropriate procedures are followed in response to unanticipated problems or events arising during the lethal injection procedure, and the criteria that shall be used in exercising this discretion.

This disturbing lack of outlined medical procedure and personnel in Texas contributes in part to the numerous execution errors in Texas. *See, e.g.,* Deborah Denno, *When Legislatures Delegate Death: The Troubling Paradox Behind State Uses of Electrocution and Lethal Injection and What It Says About Us*, 63 OHIO ST. L.J. 63, 111 (February 2002) (quoting Fred Leuchter, "the highly controversial and later-discredited creator of much, if not most, of the execution equipment in this country," as admitting that "'about eighty percent' of the lethal injections in Texas "have had one problem or another.")

Some of the previous errors in Texas executions include:[7]

---

to find a serviceable vein in a former heroin addict); Another U.S. Execution Amid Criticism Abroad, N.Y. TIMES Apr. 24, 1992, at B7 (reporting that the difficulty in executing Billy Wayne White was due to his history as a heroin user).)

[7]Sources for this information include: Michael Radelet, "On Botched Executions" Peter Hodgkinson and William Schabas (eds.), *Capital Punishment: Strategies for Abolition* (Cambridge University Press, 2001) and Stephen Trombley, *The Execution Protocol*, (1992).

! **Stephen Peter Morin** – March 13, 1985 – "Technicians" punctured him repeatedly in both arms and legs for 45 minutes before they found a suitable vein.

! **Randy Woolls** – August 20, 1986 – A drug addict, Woolls had to help the executioner technicians find a good vein for the execution.

! **Elliot Johnson** – June 24, 1987 – Executioners struggled for 35 minutes to insert the catheter into his veins.

! **Raymond Landry** – December 13, 1988 – Pronounced dead 40 minutes after being strapped to the execution gurney and 24 minutes after the drugs first started flowing into his arms. Two minutes into the killing, the syringe came out of Landry's vein, spraying the deadly chemicals across the room toward the witnesses. The execution team had to reinsert the catheter into the vein. The curtain was drawn for 14 minutes so witnesses could not see the intermission.

! **Stephen McCoy** – May 24, 1989 – Had such a violent physical reaction to the drugs (heaving chest, gasping, choking, etc.) that one of the witnesses (male) fainted, crashing into and knocking over another witness. Houston attorney Karen Zellars, who represented McCoy and witnessed the execution, thought that the fainting would catalyze a chain reaction. The Texas Attorney General admitted the inmate "seemed to have a somewhat stronger reaction," adding "The drugs might have been administered in a heavier dose or more rapidly."

! **Billy Wayne White** – April 23, 1992 – It took 47 minutes for authorities to find a suitable vein, and White eventually had to help.

! **Justin Lee May** – May 7, 1992 – May had an unusually violent reaction to the lethal drugs. According to Robert Wernsman, a reporter for the Item (Huntsville), Mr. May "gasped, coughed and reared against his heavy leather restraints, coughing once again before his body froze . . ." Associated Press reporter Michael Graczyk wrote, "He went into coughing spasms, groaned and gasped, lifted his head from the death chamber gurney and would have arched his back if he had not been belted down. After he stopped breathing his eyes and mouth remained open."

! **Joseph Cannon** – April 22, 1998 – After his final statement, the execution commenced. A vein in Cannon's arm collapsed and the needle popped out. Seeing this, Cannon lay back, closed his eyes, and exclaimed to the witnesses, "It's come undone." Officials then pulled a curtain to block the view of witnesses, reopening it fifteen minutes later when a

weeping Cannon made a second final statement and execution process resumed.

**3.    Euthanasia Practices that Include the Use of a Sedative in Conjunction with a Neuromuscular Blocking Agent Violate Evolving Standards of Decency**

Recent legislative changes regarding pet euthanasia cast serious doubt as to whether the Texas execution protocol passes constitutional muster. Since 1981, at least nineteen states, including Texas, have passed laws that preclude the use of a sedative in conjunction with a neuromuscular blocking agent. Moreover, in the year 2000, the leading professional association of veterinarians promulgated guidelines for euthanasia that preclude the practice. Those guidelines specifically state that "[a] combination of pentobarbital with a neuromuscular blocking agent is not an acceptable euthanasia agent." *See* AVMA Panel on Euthanasia, *2000 Report of the American Veterinary Medical Association Panel on Euthanasia*, 218 JAVMA, 669, 680 (2001), attached as Exhibit 4. A euthanasia practice widely considered unfit for a dog is certainly unfit for humans as well, especially in light of the fact that the State may easily accomplish the same result with a more humane combination of chemicals. Given the consistency in the statutory regulation of euthanasia, the method currently practiced by the State of Texas is outside the bounds of evolving standards of decency.

Texas recently passed legislation mandating inhumane methods of euthanizing animals which precludes the use of neuromuscular blocking agents such as pancuronium bromide. TEX. HEALTH & SAFETY CODE Article 821.052(a), (b) (specifically prescribing the methods of euthanasia for cats and dogs in the custody of animal shelters and requiring that shelters euthanize all other animals "only in accordance with the applicable methods, recommendations, and procedures set forth in the 2000 Report of the American Veterinary Medical Association

Panel on Euthanasia . . . ."). With this legislation, Texas has joined numerous states with laws recognizing that use of these chemicals would be inhumane in the euthanasia of dogs and cats. *See* Florida, FLA. STAT. §§ 828.058 and 828.065 (enacted in 1984); Georgia, GA. CODE ANN. § 4-11-5.1 (enacted in 1990); Maine, ME. REV. STAT. ANN., tit. 17, § 1044 (enacted in 1987); Maryland, MD. CODE ANN. Criminal Law, § 10-611 (enacted in 2002); Massachusetts, MASS. ANN. LAWS ch. 140, § 151A (enacted in 1985); New Jersey, N.J. STAT. ANN. § 4:22-19.3 (enacted in 1987); New York, N.Y. AGRIC. & MKTS LAW § 374 (enacted in 1987); Oklahoma, OKLA. STAT. tit. 4, § 501 (enacted in 1981); Tennessee, TENN. CODE ANN. § 44-17-303 (enacted in 2001). Other States have implicitly banned such practices. *See* Illinois, 510 ILL. COMP. STAT. 70/2.09 (2005); Kansas, KAN. STAT. ANN. § 47-1718(a) (2005); Louisiana, LA. REV. STAT. ANN. § 3:2465 (2005); Missouri, 2 CSR 30-9.020(F)(5) (2005); Rhode Island, R.I. GEN. LAWS § 4-1-34 (2005), Connecticut, CONN. GEN. STAT. § 22-344a (2005); Delaware, DEL. CODE ANN. tit. 3, § 8001 (2005); Kentucky, KY. REV. STAT. ANN. § 321.181(17) (2004); South Carolina, S.C. CODE ANN. § 47-3-420 (2004).

In addition to explicitly forbidding the use of sedatives with a neuromuscular blocking agent, the American Veterinary Medical Association stressed that only personnel trained and knowledgeable in anesthetic techniques should administer potassium chloride (the third drug in Texas' lethal injection) in conjunction with any anesthesia:

> [i]t is of utmost importance that personnel performing this technique are trained and knowledgeable in anesthetic techniques, and are competent in assessing anesthetic depth appropriate for administration of potassium chloride intravenously. Administration of potassium chloride intravenously requires animals to be in a surgical plane of anesthesia characterized by loss of consciousness, loss of reflex muscle response, and loss of response to noxious stimuli.

Exhibit 4, (*AVMA Report*) at 681. The statutes in at least five other states, in addition to Texas, expressly reference the AVMA guidelines when delimiting humane methods of animal euthanasia. Illinois, 510 ILL. COMP. STAT. 70/2.09 (2005); Kansas, KAN. STAT. ANN. § 47-1718(a) (2005); Louisiana, LA. REV. STAT. ANN. § 3:2465 (2005); Missouri, 2 CSR 30-9.020(F)(5) (2005); Rhode Island, R.I. GEN. LAWS § 4-1-34 (2005).

"A claim that punishment is excessive is judged not by the standards that prevailed in 1685 when Lord Jeffreys presided over the 'Bloody Assizes' or when the Bill of Rights was adopted, but rather by those that currently prevail." *Atkins v. Virginia*, 536 U.S. 304, 311 (2002). The scope of the substantive protections afforded by the Eighth Amendment, as the *Atkins* Court reiterated, is defined by "evolving standards of decency that mark the progress of a maturing society." *Id.* at 312 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The *Atkins* Court re-emphasized that evolving standards of decency are best reflected in the various relevant laws enacted throughout the country:

"Proportionality review under those evolving standards should be informed by 'objective factors to the maximum possible extent,' We have pinpointed that the 'clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures.'" *Id.* (internal citations omitted). Moreover, "[i]t is not so much the number of these States that is significant, but the consistency of the direction of change." *Id* at 315.

The unmistakable trend over the past two decades of condemning the use of neuromuscular blocking agents, such as pancuronium bromide, in euthanasia is clear evidence that the practice violates the Eighth Amendment ban on cruel and unusual punishment. These recent alterations of euthanasia protocols for pets underscore the inhumanity of the chemicals

28

currently used in Texas. It can hardly be disputed that if certain euthanasia techniques are banned as overly cruel to animals, those same practices must violate our current standards of decency regarding the execution of humans.

## MOTION TO ABATE

Defendant would show that this case at the time of filing this motion is in the process of voir dire and the full jury has not been selected or seated. While the jury was being selected in this case the U.S. Supreme Court granted cert. to review the issues raised in this motion. See Ralph Baze, et al vs. John D. Rees, et al. The U.S. Supreme Court has abated the scheduled execution of a Texas Death Row inmate and has halted the execution of other inmates in other states due to the granting of review on this issue.

Further the prosecution has on multiple occasions told prospective jurors and selected jurors that the method of execution raised in this motion will be employed on this defendant if a death sentence is returned.

Due process and the 8th amendment of the U.S. constitution and the parallel provisions of the Texas Constitution dictate that these proceedings should be abated until the U.S. Supreme Court decides the issues raised in this motion. Failure to abate these proceedings will result in the defendant being tried under

law that is potentially unconstitutional and the selection of jurors who were told an improper and illegal method of execution would be followed.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, premises considered, the accused, this Defendant, respectfully requests that this Court:

1. Hold Texas' capital punishment statute to be unconstitutional because its current method of lethal injection is prohibited by the Eighth Amendment to the UNITED STATES CONSTITUTION; and/or

2. Hold Texas' capital punishment statute to be unconstitutional because its current method of lethal injection violates Article 1, section 13 of the TEXAS CONSTITUTION; and/or

3. Preclude the use of the current lethal injection protocol to execute [~~PRINTED OF CLIENT~~] DEFENDANT because it violates prevailing international law and, specifically, the Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment, to which the United States is a signatory; and

4. For other and further relief to which [~~PRINTED OF CLIENT~~] DEFENDANT may be entitled in law or in equity.

4. Abate and stay these proceedings until the U.S. Supreme Court has resolved the case raising these issues in which it has granted review.

30

Respectfully submitted,

Steven R. Miears

Lawyer for Defendant

SBOT# 14025600

P.O. Box 736

Bonham, Texas 75418

903 640 4963

Certificate of Service

A copy of this motion was hand-delivered to the State on the October 1, 2007

Steven Miears

# AFFIDAVIT OF CAROL WEIHRER

## STATE OF TEXAS V JESUS FLORES

### NO. 877994A

IN THE COUNTY OF FAIRFAX      }

THE STATE OF VIRGINIA      }

     BEFORE ME, the undersigned authority, did personally appear Carol Weihrer, and having been duly sworn, did state upon her oath the following:

"My name is Carol Weihrer. I underwent an eye operation in which full general anesthesia was administered but the brain scrambling drugs were not effective. I therefore experienced what has come to be known as Anesthesia Awareness, in which I was able to think lucidly, hear, perceive and feel everything that was going on during the surgery, but I was unable to move. It burnt like the fires of hell. It was the most terrifying, torturous experience you can imagine. The experience was worse than death.

To the best of my knowledge, all of the foregoing is true and correct."

Signed: _Carol Weihrer_ _____

> Carol Weihrer
> President and Founder
> Anesthesia Awareness Campaign, Inc.
> http://www.anesthesiaawareness.com

SWORN AND SUBSCRIBED BEFORE ME this 6th day of November, 2003

Signed: _____

> Notary Public in and for the State of Virginia

# AFFIDAVIT OF DR. MARK HEATH, ANESTHESIOLOGIST

## STATE OF TEXAS V JESUS FLORES

## NO. 877994A

IN THE COUNTY OF <u>NEW YORK</u>     }

THE STATE OF NEW YORK          }

BEFORE ME, the undersigned authority, did personally appear Dr. Mark Heath, and having been duly sworn, did state upon his oath the following:

"My name is Dr Mark Heath and I am assistant professor of clinical anesthesia at Columbia University. I obtained my bachelor of arts from Harvard University in 1983 magna cum laude and graduated with honors from University of North Carolina Medical School in 1987. My practice is devoted one-third to clinical patient care, one-third education of residents and fellows, and one-third research.

### The Use and Effects of Pancuronium Bromide

Pancuronium bromide is a neuromuscular blocking agent. Its effect is that it renders the muscles unable to contract but it does not affect the brain or the nerves. It is used in surgery to ensure that there is no movement and that the patient is securely paralyzed so that surgery can be performed without contraction of the muscles. Pancuronium bromide is not administered until the patient is under a proper plane of anesthesia. The anesthesia must first be administered such that the patient is unconscious and does not feel, see or perceive the procedure.

### The Chemical Veil

Pancuronium bromide makes the patient look serene because of its paralytic effect on the muscles. The face muscles cannot move or contract to show pain and suffering. It therefore provides a 'chemical veil' over the proceedings. By completely paralyzing the inmate, pancuronium bromide masks the normal physical parameters that an anesthesiologist or surgeon would rely upon to determine if a patient is completely unconscious and within a proper surgical plane of anesthesia. Because pancuronium bromide is an invisible chemical veil and not a physical veil like a blanket or hood that is easily identifiable, the use of pancuronium bromide in lethal injection creates a double veil. It disguises the fact that there is a disguise over the process.

### Pancuronium Bromide is Unnecessary in Lethal Injections

If pancuronium bromide were eliminated from the lethal injection method, it would not decrease the efficacy or the humaneness of the procedure. It is unnecessary for administering a dose of drugs in the course of an execution. It serves no legitimate purpose.

## The Substantial Risks of Inhumane Suffering

There are significant risks that the inmate in Texas' lethal injection procedure will not be rendered unconscious by the sodium thiopental (the first drug of the series to be administered), and will therefore experience the psychologically horrific effects of pancuronium bromide.

Sodium thiopental is an ultra short-acting barbiturate. It would not be used to maintain a patient in a surgical plane of anesthesia for purposes of performing surgical procedures. It is unnecessary, and risky, to use a short-acting anesthesia in the execution procedure. If the solution of Sodium thiopental comes into contact with another chemical, such as pancuronium bromide, the mixture of the two will cause the sodium thiopental immediately to precipitate or crystallize. These factors are significant in the risk of the inmate not being properly anesthetized, especially since no-one checks that the inmate is unconscious before the second drug is administered.

Sometimes batches of drugs from the manufacturer are bad – they either do not have any potency, or the manufacturer mistakenly mislabels the drug. Also, the sodium thiopental may have been stored in powder form beyond its shelf life, or the sodium thiopental might not be properly mixed into solution form.

The numerous contingencies on administering an IV- missing the vein, an extravenous injection, solution washing back into the IV bag- require a physician to monitor the intake of the solution not just paramedics. The physical distance between the executioner, the person pushing the syringe, and the inmate introduces additional needless risk. The fall back procedure for inability to locate a vein is a cut down procedure instead of a percutaneous, more modern procedure. This increases the risk of excessive suffering.

The third, fatal, drug to be administered is potassium chloride. Potassium activates all the nerve fibers inside the vein and the veins have many nerve fibers inside them. It would basically deliver the maximum amount of pain the veins can deliver. It would be agonizing for an inmate who is not properly anesthetized.

All of the foregoing is true and correct."

Signed: _____

Dr Mark Heath
Department of Anesthesiology
Columbia University
New York
New York


SWORN AND SUBSCRIBED BEFORE ME this 13th day of November, 2003

Signed: _____

Notary Public in and for the State of New York

LIA PASCALE
Notary Public, State of New York
No. 02PA6015771
Qualified in New York County
Commission. Expires 4/21/07

## AFFIDAVIT OF DR DENNIS GEISER, PROFESSOR OF VETERINARY SCIENCE

## STATE OF TEXAS V JESUS FLORES

## NO. 877994A

IN THE COUNTY OF   <u>Knox</u>     }

THE STATE OF TENNESSEE       }

BEFORE ME, the undersigned authority, did personally appear Dr. Dennis Geiser, and having been duly sworn, did state upon his oath the following:

"My name is Dr Dennis Geiser. I am a professor of veterinary science at the University of Tennessee and the Chairman of the Department of Large Animal Clinical Sciences at the College of Veterinary Medicine at the University of Tennessee.

### Pancuronium Bromide is Prohibited in the Euthanasia of Animals

It is significantly below the standard of acceptable practice to use an injection of a neuromuscular blocking agent (of which Pancuronium Bromide is one) for animal euthanasia. The use of that drug is outlawed in a number of States. The use of that drug is inhumane because neuromuscular blocking agents do not produce depression of the central nervous system that would results in anesthesia or analgesia These agents produce a peripheral paralysis of skeletal muscles, rendering an individual unable to respond to external stimuli while still being able to perceive pain and discomfort.

The use of pancuronium bromide is strictly prohibited by the ethical standards of the American Veterinary Medical Association which apply throughout the country. Under the American Veterinary Medical Association standards, there is no allowance for the use of pancuronium bromide in euthanasia under any set of circumstances.

### Sodium Thiopental is Not a Proper Anesthetic

Sodium thiopental is not a proper anesthetic for use in lethal injection. Indeed, the American Veterinary Medical Association standards for euthanasia indicate that the ideal barbituric acid derivative for use in euthanasia should be potent, long acting, stable in solution, and inexpensive. Sodium pentobarbital (not sodium thiopental) best fits this criteria. Sodium pentothal is a potent barbituric acid derivative but very short acting with one therapeutic dose.

The AVMA guidelines also state that the use of sodium pentobarbital and neuromuscular blocking agent is an unacceptable euthanasia procedure in animals.

All of the foregoing is true and correct."

Signed: _____

Dr Dennis Geiser
University of Tennessee

SWORN AND SUBSCRIBED BEFORE ME this _12_ day of November, 2003

Signed: _____

Notary Public in and for the State of Tennessee

My commission expires June 28, 2006

# SUBPEONA DUCES TECUM REQUEST FORM - CRIMINAL

NAME & ADDRESS OF PARTY TO SERVED: _CUSTODIAN OF_

_RECORDS Jail Division Collin County SHERIFFS DEPARTMENT_

CASE NO: _380-81972-07_

DATE OF APPEARANCE: _INSTANTER_

TIME OF APPEARANCE: _INSTANTER_

TESTIFY IN BEHALF OF: _Kosoul Chanthakoummane_ - DEFENDANT

ARTICLES TO BE BROUGHT TO COURT: _ANY AND ALL Jail RECORDS_

_Relating to THE CONFINEMENT OF DEFENDANT, INCLUDING BUT NOT_

_LIMITED TOG; HOUSING ASSIGNMENTS, MEDICAL RECORDS, DISIPLINARY_

_RECORDS, Telephone CALLS PLACED, OR MADE TO DEFENDANT_

_ANY AUDIO OR VIDEO RECORDING MADE OF DEFENDANT_

FIRM: _STEVE MIEARS + KEITH GORE_

ATTORNEY:

ADDRESS: _211 N. MAIN ST._

_BONHAM, TX, 75418_

PHONE#: _903-640-4963_

COLLIN COUNTY CONSTABLE TO SERVE _____
OUT OF COUNTY CONSTABLE TO SERVE _____
ATTORNEY TO SERVE _✓_

_Issued 10-9-07 + gave to attorney_

FILED
2007 OCT -9 AM 9: 14
HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

EVENT # 9/7/07 - 380 CAP   DATE: Oct. 8, 2007

STATE OF TEXAS
Vs.
KOSOUL CHANTHAKOUMMANE

Type of Case: CAP MURDER   Case number: 380-81972-07

## JURY CHOSEN

1. SHARON REED
2. MARION BROWN Jr.
3. NEYSA LAMBETH
4. SANDRA DICK
5. TERRY MULLIS
6. ADAM NEHAMA

7. JAMES HARRIS
8. JACQUES ROBITAILLE
9. ALAN SCHWARTZ
10. DEBBIE WILSON
11. KENNETH DRAKE
12. PATRICIA GILCHRIST

13. MICHAEL McCALPIN          alt
14. KIMBERLY SMITH              "

Bailiff _James Varner_
Dates JURORS served: 10/8/07

Dates REMAINING PANEL served: SEE BAILIFF PAY SHEETS,
9/7/07 - 380 CAP

NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380th JUDICIAL |
| | § | |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

The defendant, Kosoul Chanthakoummane, stands charged by indictment with the offense of capital murder, alleged to have been committed on or about July 8, 2006, in Collin County, Texas. To this charge the defendant has pleaded not guilty.

### 1.

Our law provides that a person commits murder when he intentionally or knowingly causes the death of an individual.

A person commits capital murder when he intentionally causes the death of an individual in the course of committing or attempting to commit the offense of robbery.

### 2.

Our law provides that a person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly causes bodily injury to another.

1

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Appropriate" means to acquire or otherwise exercise control over property other than real property.

"Consent" means assent in fact, whether express or apparent. Consent is not effective if induced by deception or coercion.

"Effective consent" includes consent by a person legally authorized to act for the owner.

"Deprive" means to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner.

"Owner" means a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"In the course of committing" an offense means conduct that occurs in an attempt to commit, during the commission, or in the immediate flight after the attempt or commission of the offense intended.

An "attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the

commission of the offense intended.

"Individual" means a human being who is alive.

4.

With respect to the offense of capital murder:

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

With respect to the offense of robbery:

A person acts intentionally, or with intent, with respect to the nature of his conduct or a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

5.

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

3

accident, and for no other purpose.

6.

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined or indicted or otherwise charged with the offense gives no rise to an inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit and say by your verdict "Not Guilty".

The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

7.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that on or about July 8, 2006, the defendant, Kosoul Chanthakoummane, did intentionally cause the death of Sarah Walker, an individual, hereinafter called deceased, by stabbing or cutting deceased with a knife, a deadly weapon, or by stabbing or cutting deceased

with an object, a deadly weapon, whose exact nature and identity is unknown to the grand jurors, and the defendant intentionally did cause the death of deceased while the defendant was in the course of committing or attempting to commit the offense of robbery, you will find the defendant guilty of capital murder as charged in the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

8.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a right afforded to a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

9.

You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you think or surmise the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion respecting any matter of fact in this case, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard it.

10.

At times throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them.

11.

You are instructed that any statements of counsel made during the course of the trial or during argument not supported by the evidence, or statements of law made by counsel not in harmony with the law as stated to you by the Court in these instructions, are to be wholly disregarded.

12.

You are charged that it is only from the witness stand that the jury is permitted to receive evidence regarding the case, and no juror is permitted to communicate to any other juror anything he might have heard regarding the case from any source other than the witness stand.

13.

After argument of Counsel, you will retire and select one of your members as your presiding juror. It is the duty of your presiding juror to preside at your deliberations and to vote with you in arriving at a verdict, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as presiding juror.

In deliberating on this case you are not to refer to any matter or issue not in evidence before you; nor talk about this case to anyone not of your jury.

After you have retired to consider your verdict, no one has any authority to communicate with you except the officer who has you in charge. You may communicate with the Court in

writing, signed by your presiding juror, through the officer who has you in charge. Do not attempt to talk with the officer, the attorneys, or the Court concerning any questions you may have.

If you as jurors disagree as to the testimony of any witnesses, you may, upon applying to the Court through your presiding juror, request to have read the Court Reporter's notes on that portion of the witness's testimony in dispute. If you desire to hear any portion of the testimony of any witness, you must certify through your presiding juror that you are in disagreement as to the testimony of the witness, and you should request that part of the testimony on the point in dispute, and only that point which is in dispute.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

Charles Sandoval, Judge
380th Judicial District Court
Collin County, Texas

# VERDICT FORMS

We, the jury, find the defendant, Kosoul Chanthakoummane, guilty of capital murder, as charged in the indictment.

_____
Presiding Juror
Printed Name: _Kenny Drake_

-OR-

We, the jury, find the defendant, Kosoul Chanthakoummane, not guilty.

_____
Presiding Juror
Printed Name: _____

NO. 380-81972-07

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380th JUDICIAL |
| | § | |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

By the verdict returned in this case you have found the defendant, Kosoul Chanthakoummane, guilty of the offense of capital murder as charged in the indictment. It is now your duty to determine, from all the evidence in this case, the answers to certain questions called "Special Issues" in this charge. The Court instructs you in answering these "Special Issues" as follows:

1.

The mandatory punishment for the offense of capital murder of which you have found the defendant guilty is either death or confinement in the Institutional Division of the Texas Department of Criminal Justice for life without parole.

2.

You are instructed that in answering Special Issue No. 1, you shall answer "Yes" or "No".

The State has the burden of proving beyond a reasonable doubt that Special Issue No. 1 should be answered "Yes".

In deliberating on Special Issue No. 1 you shall consider all the evidence at the guilt or

innocence stage and the punishment stage, including evidence of the defendant's background and character or the circumstances of the offense that militates for or mitigates against the imposition of the death penalty.

You may not answer Special Issue No. 1 "Yes" unless you agree unanimously.

You may not answer Special Issue No. 1 "No" unless ten (10) or more jurors agree.

Members of the jury need not agree on what particular evidence supports a negative answer to Special Issue No. 1.

You are further instructed that you are not to be swayed by mere conjecture, passion, prejudice, public opinion, or public feeling in considering all of the evidence before you and in answering Special Issue No. 1.

You are instructed that if you return an affirmative finding, that is a "Yes" answer, to Special Issue No. 1, then and only then are you to answer Special Issue No. 2.

3.

You are instructed that in answering Special Issue No. 2, you shall answer "Yes" or "No".

You may not answer Special Issue No. 2 "No" unless you agree unanimously.

You may not answer Special Issue No. 2 "Yes" unless ten (10) or more jurors agree.

Members of the jury need not agree on what particular evidence supports an affirmative answer to Special Issue No. 2.

In answering Special Issue No. 2 you shall consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness.

You are again instructed that you are not to be swayed by mere conjecture, passion, prejudice, public opinion or public feeling in considering all of the evidence before you in answering Special

Issue No. 2.

4.

You are instructed that if the jury returns an affirmative answer to Special Issue No. 1 and a negative answer to Special Issue No. 2, the Court will sentence the defendant to death. Should you return a negative answer to Special Issue No. 1 or an affirmative answer to Special Issue No. 2, the Court will sentence the defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for life without parole.

A defendant sentenced to confinement for life without parole is ineligible for release from the Department of Criminal Justice on parole.

5.

You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the answers to the Special Issues.

6.

You are instructed that a witness may be impeached by showing that he has previously been convicted of a felony offense or a crime involving moral turpitude. Such impeachment evidence may be considered by you to aid you in determining (if it does) the weight, if any, to be given the testimony of the witness at trial and his credibility.

7.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a right afforded to a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him. In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

8.

You are charged that it is only from the witness stand that the jury is permitted to receive evidence regarding the case, and no juror is permitted to communicate to any other juror anything he might have heard regarding the case from any source other than the witness stand.

In deliberating on this case you are not to refer to any matter or issue not in evidence before you; nor talk about this case to anyone not of your jury.

You are instructed that your answers to the Special Issues shall be arrived at by due deliberation and not by drawing lots or by any other method of chance.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

Charles Sandoval, Judge
380th Judicial District Court
Collin County, Texas

# SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that that there is a probability that the defendant, Kosoul Chanthakoummane, would commit criminal acts of violence that would constitute a continuing threat to society?

ANSWER: _YES_

_____
Presiding Juror

If your answer to this Special Issue is "No", and is not unanimous, then the 10 or more jurors who agree should sign individually below.

| | |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | |

IF YOUR ANSWER TO SPECIAL ISSUE NO. 1 IS "YES", YOU SHALL PROCEED TO SPECIAL ISSUE NO. 2. IF YOUR ANSWER TO SPECIAL ISSUE NO. 1 IS "NO", YOU SHALL CEASE YOUR DELIBERATIONS.

# SPECIAL ISSUE NO. 2

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, Kosoul Chanthakoummane, that there is a sufficient mitigating circumstance or circumstances to warrant a sentence of life imprisonment without parole rather than a death sentence be imposed?

ANSWER: ___*N O*___

_____

Presiding Juror

If your answer to this Special Issue is "Yes", and is not unanimous, then the 10 or more jurors who agree should sign individually below.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____

## Cause Number 380-81972-07

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 380TH JUDICIAL |
| Plaintiff, | § | |
| | § | |
| | § | DISTRICT COURT OF |
| VS. | § | |
| | § | |
| KOSOUL CHANTHAKOUMMANE, | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

October 17, 2007

I have received the following note:

1.      Can we please have the testimony of the Texas criminal investigator from special prosecution in Huntsville, TX?

2.      Can we please have the testimony of Dr. Fisher?

3.      Can we please have the testimony of the second defense expert that helped develop the Texas classification system for the TDCJ?

4.      Can we please receive the TX classification system the defense used for the testimony of both defense experts?

5.      Can we receive testimony from the North Carolina Assistant Superintendent regarding timeline of when Defendant entered North Carolina jails and when he was transferred from one prison to another?

Kenny Drake, Presiding Juror

**ANSWER: If the jury disagrees as to the statement of any witness, they may, upon applying to the court, have reproduced that part of such witness' testimony on the point in dispute.**

**If you report that you disagree concerning the statement of a witness and specify the point on which you disagree, the court reporter will reproduce for you the testimony of the witness on that point.**

Charles Sandoval, Judge Presiding

1) Can we please have the testimony of the Texas Criminal Investigator from Special Prosecution in Huntsville, TX?

2) Can we please have the testimony of Dr Fisher?

3) Can we please have the testimony of the Second Defense expert, that helped develop the Texas classification system for the TDCJ?

4) Can we please receive the TX classification system the Defense used in the testimony of both Defense experts?

5) Can we receive testimony from the North Carolina Assistant Superintendent regarding timeline of when Defendant entered North Carolina jails and when he was transferred from one prison to another?

Presiding Juror

Kenny Drake

## Cause Number 380-81972-07

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE  380TH JUDICIAL |
|       Plaintiff, | § | |
| | § | |
| | § | DISTRICT COURT OF |
| VS. | § | |
| | § | |
| KOSOUL CHANTHAKOUMMANE, | § | |
|       Defendant. | § | COLLIN COUNTY, TEXAS |

October 17, 2007

I have received the following note:

Was the Texas code for classification submitted as evidence?  If so, can we receive it?

Presiding Juror – Kenneth Drake

**Answer:  You have received all the evidence, as well as the law, contained in the Court's Charge.  Please continue to deliberate.**

Honorable Charles Sandoval

1. Was the Texas code for classification submitted as evidence? If so, can we receive it?

Presiding Juror

Kerry Drake

380-81972-07


CASE NO. 380-81972-07    SINGLE COUNT    INCIDENT NO./TRN: 9097099218 (A001)

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 380TH JUDICIAL |
| | § | |
| v. | § | DISTRICT COURT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 07801297 | § | |

## JUDGMENT OF CONVICTION BY JURY
### SENTENCE BY JURY TO DEATH

| | | |
|---|---|---|
| Judge Presiding: | **HON. CHARLES SANDOVAL** | Date Judgment Entered: | **October 17, 2007** |
| Attorney for State: | **Gregory Davis and Curtis Howard** | Attorney for Defendant: | **Steven Miears and Keith Gore** |

Offense for which Defendant Convicted:

**Capital Murder**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **Section 19.03(a)(2)  Penal Code** |

Date of Offense:
**July 8, 2006**

| Degree of Offense: | Plea to Offense: |
|---|---|
| **Capital Felony** | **NOT GUILTY** |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| **GUILTY** | **YES, A KNIFE AND OBJECT UNKNOWN TO THE GRAND JURY** |

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | **October 17, 2007** | **October 17, 2007** |

Punishment and Place of Confinement:    **DEATH**

☐ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0 | $ 363.32 | $0 | ☐ **VICTIM** (see below)  ☐ **AGENCY/AGENT** (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** years.

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | |
|---|---|---|---|
| Time Credited: | From 7-6-06 to 10-17-07 From _____ to _____ From _____ to _____ | | |
| | From _____ to _____ From _____ to _____ From _____ to _____ | | |

0493      2795



<u>If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.</u>
**N/A DAYS**  NOTES: N/A

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in Collin County, Texas. The State appeared by her District Attorney.

<u>**Counsel / Waiver of Counsel (select one)**</u>
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

<u>**Punishment Assessed by Jury / Court / No election (select one)**</u>
☒ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.
☐ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.
☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

And on the 17th day of October, 2007 this cause being again called, the State appeared by her Criminal District Attorney in Collin County, Texas and the defendant, **KOSOUL CHANTHAKOUMMANE**, appeared in person, his counsel also being present, and the same jury being called to assess the punishment, evidence was presented to the same jury in the matter of assessing punishment. The same jury after hearing all the evidence presented by the State and the defendant for purpose of assessing punishment, and having heard argument of counsel, again retired in charge of the proper office to consider their verdict, and afterward were again brought into court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is herenow entered upon the minutes of court, to-wit:

**SPECIAL ISSUE NO. 1**

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, **KOSOUL CHANTHAKOUMMANE**, would commit criminal acts of violence that would constitute a continuing threat to society?

ANSWER:  YES

0493  2787



**SPECIAL ISSUE NO. 2**

Do you find from the evidence, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, **KOSOUL CHANTHAKOUMMANE,** that there is a sufficient mitigating circumstance or circumstances to warrant a sentence of life imprisonment rather than a death sentence be imposed?

ANSWER:    NO

We, the jury, return in open Court the above answers to the Special Issues submitted to us, and the same is our verdict in this case.

<u>OCTOBER 17, 2007</u>                                 <u>KENNETH DRAKE</u>
DATE                                                                  PRESIDING JUROR

The Court **ORDERS** Defendant punished as indicated above.  The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

<u>**Punishment Options  (select one)**</u>
☒  **Confinement in State Jail or Institutional Division.**  The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.**  The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above.  The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence.
☐  **County Jail—Confinement / Confinement in Lieu of Payment.**  The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Collin** County, Texas on the date the sentence is to commence.  Defendant shall be confined in the **Collin** County Jail for the period indicated above.  The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Collin County District Clerk.  Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.
☐  **Fine Only Payment.**  The punishment assessed against Defendant is for a **FINE ONLY.**  The Court **ORDERS** Defendant to proceed immediately to the Office of the Collin County **District Clerk.**  Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>**Execution / Suspension of Sentence  (select one)**</u>
☒  The Court **ORDERS** Defendant's sentence **EXECUTED.**
☐  The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.**  The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision.  The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

**IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED** that the said Defendant, **KOSOUL CHANTHAKOUMMANE,** is guilty of the offense of **CAPITAL MURDER** and that the Defendant committed the said offense on the **8th day of July, 2006** and that the punishment of the said Defendant is fixed, as set by law, at **DEATH** and that the State of Texas do have and recover of and from the said Defendant all costs in this proceeding incurred for which let execution issue.

And the Defendant being asked by the Court if sufficient reason existed why the sentence of this Court should not be pronounced, failed to give such reason; whereupon the Court proceeded, in the presence of the said Defendant and his attorney to pronounce sentence as follows:



WHEREAS, the Defendant, **KOSOUL CHANTHAKOUMMANE**, has been adjudged guilty of the offense of **CAPITAL MURDER** by the jury and the jury having further answered that there is a probability that the defendant, **KOSOUL CHANTHAKOUMMANE**, would commit criminal acts of violence that would constitute a continuing threat to society, and the jury having further answered after taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, that there is **NO** sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

IT IS THE ORDER AND SENTENCE OF THIS COURT that you, **KOSOUL CHANTHAKOUMMANE**, having been adjudged to be guilty of capital murder and whose punishment has been assessed by the verdict of the jury and the judgment of this Court at Death, shall be remanded to the custody of the Sheriff of Collin County and transported to and kept in custody by the Director of the Institutional Division of the Texas Department of Criminal Justice, until some future date to be determined later, upon which day, at some hour before sunrise, in a room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by said Director as provided by law, **IS HEREBY COMMANDED, ORDERED AND DIRECTED** to carry out this sentence of death by intravenous injection of a substance or substances in a lethal quantity sufficient to cause your death and until you are dead, such procedure to be determined and supervised by the said Director of the Institutional Division of the Texas Department of Criminal Justice.

The Clerk of this Court shall issue this Order of Execution and Death Warrant and deliver the same to the Sheriff of Collin County, Texas, who is hereby **ORDERED**, upon receipt, to deliver the same to the Director of the Institutional Division of the Texas Department of Criminal Justice and make due return thereof showing that this Order of Execution and Death Warrant has been served and delivered as directed.

IT IS FINALLY ORDERED that the Director of the Institutional Division of the Texas Department of Criminal Justice shall endorse the Sheriff's return showing receipt of this Order of Execution and Death Warrant.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

It is further **ORDERED** that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court cost. The District Clerk is granted leave to amend the court cost to reflect this amount without the necessity of a further order.

Following the disposition of this cause, the defendant's fingerprints were, in open court, placed upon a Judgment Certificate of Defendant's Prints. Said Certificate is attached hereto and is incorporated by reference as a part of this Judgment.

<u>**Furthermore, the following special findings or orders apply:**</u>

Signed on the 18 day of October , 2007

CHARLES SANDOVAL
380TH JUDICIAL DISTRICT COURT
COLLIN COUNTY, TEXAS

0493          2789

# CLERK'S CERTIFICATE

THE STATE OF TEXAS )

COUNTY OF COLLIN    )

I, HANNAH KUNKLE, CLERK OF THE DISTRICT COURTS OF COLLIN

COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE ABOVE AND FOREGOING

IS A TRUE AND CORRECT COPY OF:
INDICTMENT
JUDGMENT & SENTENCE

IN CAUSE NO. 380-81972-07          ENTITLED STATE OF TEXAS VS.

KOSOUL CHANTHAKOUMMANE

AS THE SAME APPEARS OF RECORD IN MY OFFICE IN THE MINUTES OF THE

DISTRICT COURT OF COLLIN COUNTY, FOR THE 380TH DISTRICT COURT OF TEXAS.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, AT OFFICE IN

MCKINNEY, TEXAS, THIS THE 18TH DAY OF OCTOBER  2007
, A.D.

HANNAH KUNKLE, CLERK

OF THE DISTRICT COURTS

COLLIN COUNTY, TEXAS

BY _____ DEPUTY

165

CAUSE NO. 380-81972-07

| THE STATE OF TEXAS | § | IN THE 380TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## ORDER APPOINTING ATTORNEY

On October 22, 2007, came on to be considered the above numbered and styled cause and the Court has determined that C. Wayne Huff, should be appointed to represent the defendant, KOSOUL CHANTHAKOUMMANE, for purpose of appeal.

IT IS THEREFORE ORDERED, that C. WAYNE HUFF, P.O. Box 2334, Boerne, Texas 78006-2334, (214) 803-4127, who is a practicing attorney of this State, is appointed to represent the aforementioned individual.

SIGNED this the 23 day of October , 2007.

Charles Sandoval
Judge, 380th Judicial District Court

380-81972-07

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 380th JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## **O R D E R**

Came on to be heard defendant's request for an appointed attorney, for the purpose of pursuing an article 11.071 writ, and the Court being advised in the same,

IT IS ORDERED that Catherine Bernhard, SBOT NO. 02216575, whose address is P.O. Box 2817, Red Oak, Texas, 75154, (972) 617-5548, be and is hereby appointed to represent the defendant with regard to handling the above writ.

Signed this _____ day of _____, 2007.

_____
Judge Presiding

## ✳✳ Transmit Conf. Report ✳✳

P.1                                                          Oct 24 2007 15:57

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915129362423 | NORMAL | 24,15:57 | 7'24" | 19 | ✳ O K | |



District Clerk

HANNAH KUNKLE

DATE: 10-24-07                    NUMBER OF PAGES SENT: 19
                                       (including cover sheet)

TO: Office of Court Admin.        FROM: DISTRICT CLERK'S OFFICE
    Attn: Judicial Information           P. O. BOX 578
                                         McKINNEY, TEXAS  75070

                                   FAX #: _____

FAX #: 512-936-2423               BY: Judy W
                                       DEPUTY

IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430

COMMENTS:



District Clerk

HANNAH KUNKLE

DATE: 10-24-07                    NUMBER OF PAGES SENT: 19
                                      (including cover sheet)

TO: Office of Court Admin.      FROM: DISTRICT CLERK'S OFFICE
    Attn: Judicial Information         P. O. BOX 578
                                       McKINNEY, TEXAS  75070

                                  FAX #: _____

FAX #: 512-936-2423              BY: _Judy W_____
                                         DEPUTY


IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430


COMMENTS:

CLERK OF SUPERIOR COURT
ANSON COUNTY
PO BOX 1054
WADESBORO, NC 28170-1054

UNITED STATES POSTAGE

157
3560 PB87109
5566    PB87109
        310 OCT 25
        WADESBORO NC    281

Clerk of the 380th District Court
Collin County Courthouse
McKinney, Texas       75069

IN THE DISTRICT COURT
20 A JUDICIAL DISTRICT
COUNTY OF __Anson__
STATE OF NORTH CAROLINA



In the Matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State: regarding the attendance of
BRUCE CABOT in the matter of the
State of Texas vs. Kosoul Chanthakoummane,
No. 380-81972-07, In the 380th Judicial District
Court of Collin County, Texas)

No. 07 CV S 498

## ORDER TO APPEAR IN TEXAS

On this day BRUCE CABOT appeared in person in response to the Order of the Court to show cause why the Court should not order the said person to appear and testify in the County of Collin County and State of Texas in a criminal prosecution there pending in Cause Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane, and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the said BRUCE CABOT is a material and necessary witness in the said criminal prosecution and that it will not cause an undue hardship on the said witness to appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said BRUCE CABOT is to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of McKinney, Texas on the _14th_ day of October, 2007 at 9:00 o'clock A.M. then and there to testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_ 2007.

A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By W.N
Assistant Deputy, Clerk Superior Court

_____

Judge Presiding

_____Superior_____ Court,

County of _____Anson_____

State of North Carolina

IN THE DISTRICT COURT
**20 A** JUDICIAL DISTRICT
COUNTY OF **Anson**
STATE OF NORTH CAROLINA



2001 SEP 26 P 3: 55
ANSON COUNTY, CSC
BY ____

In the Matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State: regarding the attendance of
RAYMOND W. HENDERSON in the matter of the
State of Texas vs. Kosoul Chanthakoummane,
No. 380-81972-07, In the 380th Judicial District
Court of Collin County, Texas)

No. **07 CvS 498**

## ORDER TO APPEAR IN TEXAS

On this day  RAYMOND W. HENDERSON appeared in person in response to the Order

of the Court to show cause why the Court should not order the said person to appear and testify

in the County of Collin County and State of Texas in a criminal prosecution there pending in

Cause Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul

Chanthakoummane, and having heard the evidence and considered the Certificate from the

Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is

of the opinion that the said RAYMOND W. HENDERSON is a material and necessary witness

in the said criminal prosecution and that it will not cause an undue hardship on the said witness

to appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said RAYMOND W.

HENDERSON is to appear before the 380TH  District Court of Collin County, Texas at the

Courthouse in the City of McKinney, Texas on the __14th__ day of  October, 2007 at 9:00 o'clock

A.M. then and there to testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the

Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver

a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

the Collin County Courthouse, McKinney, Texas.

Signed this the __26__ day of ____Sept____ 2007.

**A TRUE COPY**
CLERK OF SUPERIOR COURT
ANSON COUNTY
By ____
Assistant Deputy, Clerk Superior Court

_____
Judge Presiding

_____Superior_____ Court,
County of _____Anson_____
State of North Carolina

IN THE SUPERIOR COURT
20A JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)

No. 07 CvS 498



## ORDER TO APPEAR IN TEXAS

On this day MARTY COX appeared in person in response to the Order of the Court to show cause why the Court should not order the said person to appear and testify in the County of Collin County and State of Texas in a criminal prosecution there pending in Cause Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane, and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the said MARTY COX is a material and necessary witness in the said criminal prosecution and that it will not cause an undue hardship on the said witness to appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said MARTY COX is to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

33

A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY

By _____
Assistant Deputy Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_____ 2007.

_____
Judge Presiding

_Superior_____ Court,
County of _Anson_____
State of North Carolina

IN THE SUPERIOR COURT
___2oA___ JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)



No. 07 CuS 498

## ORDER TO APPEAR IN TEXAS

On this day LAWRENCE PARSONS appeared in person in response to the Order of the
Court to show cause why the Court should not order the said person to appear and testify in the
County of Collin County and State of Texas in a criminal prosecution there pending in Cause
Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul
Chanthakoummane, and having heard the evidence and considered the Certificate from the
Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is
of the opinion that the said LAWRENCE PARSONS is a material and necessary witness in the
said criminal prosecution and that it will not cause an undue hardship on the said witness to
appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said LAWRENCE PARSONS
is to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the
City of McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to
testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the
Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver
a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

29



the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_ 2007.

_____

Judge Presiding

_Superior_ Court,
County of _Anson_
State of North Carolina

IN THE SUPERIOR COURT
 _2 O A_  JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)



No. 07 CyS 498

### ORDER TO APPEAR IN TEXAS

On this day JESSIE McDONALD appeared in person in response to the Order of the
Court to show cause why the Court should not order the said person to appear and testify in the
County of Collin County and State of Texas in a criminal prosecution there pending in Cause
Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul
Chanthakoummane, and having heard the evidence and considered the Certificate from the
Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is
of the opinion that the said JESSIE McDONALD is a material and necessary witness in the said
criminal prosecution and that it will not cause an undue hardship on the said witness to appear in
Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said JESSIE McDONALD is to
appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of
McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify
in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the
Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver
a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

21

A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By _W. H._
Assistant Deputy, Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_ _____ 2007.

_____
Judge Presiding

_Superior_ Court,

County of _Anson_ _____

State of North Carolina

IN THE SUPERIOR COURT
2o A JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA



In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)

No. 07 CuS 498

## ORDER TO APPEAR IN TEXAS

On this day JEREMY WILSON appeared in person in response to the Order of the Court
to show cause why the Court should not order the said person to appear and testify in the County
of Collin County and State of Texas in a criminal prosecution there pending in Cause Number
380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane,
and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge
of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the
said JEREMY WILSON is a material and necessary witness in the said criminal prosecution and
that it will not cause an undue hardship on the said witness to appear in Texas and testify in the
said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said JEREMY WILSON is to
appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of
McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify
in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the
Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver
a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at



17

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_ 2007.

_____
Judge Presiding

_Superior_ Court,
County of _Anson_
State of North Carolina

IN THE SUPERIOR COURT
___2oA___ JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)



No. O7 CVS 498

## ORDER TO APPEAR IN TEXAS

On this day HARRISON WHITLEY appeared in person in response to the Order of the

Court to show cause why the Court should not order the said person to appear and testify in the

County of Collin County and State of Texas in a criminal prosecution there pending in Cause

Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul

Chanthakoummane, and having heard the evidence and considered the Certificate from the

Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is

of the opinion that the said HARRISON WHITLEY is a material and necessary witness in the

said criminal prosecution and that it will not cause an undue hardship on the said witness to

appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said HARRISON WHITLEY is

to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City

of McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to

testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the

Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver

a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

13



A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By W.H.
Assistant Deputy, Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_ 2007.

_____
Judge Presiding

_Superior_ Court,
County of _Anson_
State of North Carolina

IN THE SUPERIOR COURT
____2oA____ JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)



No. _07 CuS 498_

## ORDER TO APPEAR IN TEXAS

On this day KEVIN TUTTLE appeared in person in response to the Order of the Court to show cause why the Court should not order the said person to appear and testify in the County of Collin County and State of Texas in a criminal prosecution there pending in Cause Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane, and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the said KEVIN TUTTLE is a material and necessary witness in the said criminal prosecution and that it will not cause an undue hardship on the said witness to appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said KEVIN TUTTLE is to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

25



A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By _____
Assistant Deputy. Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _24_ day of _sept_ 2007.

_____
Judge Presiding

_Superior_ Court,
County of _Anson_
State of North Carolina

IN THE SUPERIOR COURT
20 A JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)



No. 07 CVS 998

## ORDER TO APPEAR IN TEXAS

On this day FRANK THULEEN appeared in person in response to the Order of the Court
to show cause why the Court should not order the said person to appear and testify in the County
of Collin County and State of Texas in a criminal prosecution there pending in Cause Number
380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane,
and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge
of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the
said FRANK THULEEN is a material and necessary witness in the said criminal prosecution and
that it will not cause an undue hardship on the said witness to appear in Texas and testify in the
said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said FRANK THULEEN is to
appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of
McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify
in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the
Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver
a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

9

A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By W.J.
Assistant Deputy, Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of ___sept___ 2007.

_____
Judge Presiding

___Superior___ Court,
County of ___Anson___
State of North Carolina

10

IN THE SUPERIOR COURT
20 A JUDICIAL DISTRICT
COUNTY OF ANSON
STATE OF NORTH CAROLINA

In the matter of a Petition for
Hearing "Pursuant to the Uniform Act
To Secure Attendance of Witnesses from
Without a State" regarding the attendance of
Jeremy Wilson, Marty Cox, Frank Thuleen,
Harrison Whitley, Raymond W. Harrison,
Pamela Allen, Jessie McDonald, Kevin Tuttle,
Lawrence Parsons, Mike Pittman in the matter of
State of Texas v. Kosoul Chanthakoummane,
No. 380-81972-07 (In the 380th District Court
of Collin County, Texas)

No. 07 CRS 498



## ORDER TO APPEAR IN TEXAS

On this day MIKE PITTMAN appeared in person in response to the Order of the Court to show cause why the Court should not order the said person to appear and testify in the County of Collin County and State of Texas in a criminal prosecution there pending in Cause Number 380-81972-07 in the 380th District Court, styled "State of Texas vs. Kosoul Chanthakoummane, and having heard the evidence and considered the Certificate from the Charles Sandoval, Judge of the 380th District Court of Collin County, State of Texas, the Court is of the opinion that the said MIKE PITTMAN is a material and necessary witness in the said criminal prosecution and that it will not cause an undue hardship on the said witness to appear in Texas and testify in the said cause.

IT IS, THEREFORE, ORDER AND DECREED that the said MIKE PITTMAN is to appear before the 380TH District Court of Collin County, Texas at the Courthouse in the City of McKinney, Texas on the 14th day of October, 2007 at 9:00 o'clock A.M. then and there to testify in the above criminal prosecution there pending.

IT IS THE FURTHER ORDER of the Court that a copy of this Order duly certified by the Clerk of the Court be delivered to the said witness, and further that the Clerk of the Court deliver a certified copy of this Order to the Clerk of the 380th District Court of Collin County, Texas at

5

A TRUE COPY
CLERK OF SUPERIOR COURT
ANSON COUNTY
By
Assistant Deputy, Clerk Superior Court

the Collin County Courthouse, McKinney, Texas.

Signed this the _26_ day of _Sept_____ 2007.

_____
Judge Presiding

_Superior_____ Court,
County of _Anson_____
State of North Carolina

PHONE: 512/463-1625                                                              FAX. 512/936-2423

# FACSIMILE TRANSMISSION

**DATE:** October 29, 2007

**TO:** Collin County District Clerk's Office, Criminal Division

**FAX:** (972) 548-4764

**FROM:** Angela Garcia

**RE:** Case No. 380-81972-07: State v. Kosoul Chanthakoummane

**\*Pages Transmitted: 1, *including this page***

## Message:

*Thank you for faxing the judgment and jury charge for sentencing for this case. I am still in need of the jury charge for the determination of guilt or innocence. Would you please fax this document to me at your convenience?*

*Thank you!*

*Angela Garcia*
*Judicial Information Manager*

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915129362423 | NORMAL | 31,14:31 | 2'35" | 10 | * O K | |



District Clerk

HANNAH KUNKLE

DATE: _Oct 31 2007_

TO: _Angela Garcia_
_Judicial Information_
_Manager_

FAX #: _512) 936-2423_

NUMBER OF PAGES SENT: ___9___
     (including cover sheet)

FROM:  DISTRICT CLERK'S OFFICE
       P. O. BOX 578
       McKINNEY, TEXAS 75070

FAX #: _____

BY: _Ann Carley_
        DEPUTY

IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430

COMMENTS: _Jury Charge re guilt or innocence on_
_State v Kasone Chenthakoummane_
_380-81972-07_



District Clerk

HANNAH KUNKLE

DATE: _Oct 31 2007_          NUMBER OF PAGES SENT: _____9_____
                                   (including cover sheet)

TO: _Angela Garcia_          FROM: DISTRICT CLERK'S OFFICE
_Judicial Information_               P. O. BOX 578
_____Manager_                    McKINNEY, TEXAS 75070

                             FAX #: _____

FAX #: _512) 936-2423_       BY: _Anne Carley_
                                        DEPUTY

IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430

COMMENTS: _Jury Charge re guilt or innocence on_
_State v. Kasorl Chanthakoummane_
_380-81972-07_

## NO. 380-81972-07

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, KOSOUL CHANTHAKOUMMANE, the Defendant in the above-styled and numbered cause, by and through his attorney of record, STEVEN R. MIEARS, and files this Motion for New Trial; and in support thereof would show this Honorable Court as follows:

### I.

The Defendant was convicted in the instant case on October 17, 2007 for the offense of capital murder. The Defendant was subsequently sentenced to death by lethal injection. This Motion is timely in that less than 30 days have elapsed since the trial court imposed or suspended sentence in this case.

### II.

The Defendant in this case should be granted a new trial in this case because the verdict is contrary to the law and the evidence. Additionally, the Defendant would show the Court erred in failing to grant the Defendant's Motion for Continuance made as a result of the State's re-indictment of the case prior to trial which interjected a new and additional manners and means of causing the victim's death. Defendant was denied the opportunity to investigate any due diligence used by the Grand Jurors to determine the manner and means of death as alleged to be by an unknown object.

MOTION FOR NEW TRIAL – Page 1

**FILED**

At _____ M

NOV 1 5 2007

HANNAH KUNKLE
Clerk District Court Collin County, Texas
By _____

WHEREFORE, PREMISES CONSIDERED, the Defendant hereby specifically requests that the Court grant an actual hearing on this Motion in the instant cause and that subsequent to the hearing of said Motion that the Defendant be restored to the position he was in before the trial of this case.

Respectfully submitted,

STEVEN R. MIEARS
P. O. Box 736
Bonham, TX   75418
903-640-4963
903-640-4964   FAX

Attorney for KOSOUL
CHANTHAKOUMMANE

## VERIFICATION

**STATE OF TEXAS,**

**COUNTY OF FANNIN.**

ON THIS DAY personally appeared STEVEN R. MIEARS, who, after being placed under oath. stated the following:

"My name is STEVEN R. MIEARS and I am the Attorney of record for KOSOUL CHANTHAKOUMMANE and have been so at all material times relevant to this proceeding.

"I have read the Motion for New Trial and every statement is within my personal knowledge and is true and correct."

STEVEN R. MIEARS

MOTION FOR NEW TRIAL – Page 1

Sworn to and subscribed before me on the _13th_ day of November, 2007.



_Pam Durham_
NOTARY PUBLIC, STATE OF TEXAS

## CERTIFICATE OF PRESENTMENT

By signature above, I hereby certify that a true and correct copy of the above and foregoing has ~~Mailed CMRRR~~ been ~~hand-delivered~~ to the Office for the 380th Judicial District Court of COLLIN County, on the _13th_ day of November, 2007.

STEVEN R. MIEARS

## CERTIFICATE OF SERVICE

This is to certify that on the _13th_ day of November, 2007, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Collin County, Texas, by certified mail, return receipt requested.

STEVEN R. MIEARS

**MOTION FOR NEW TRIAL - Page 3**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 380TH JUDICIAL DISTRICT |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## O R D E R

On _____, 2007, came on to be considered KOSOUL

CHANTHAKOUMMANE's Motion for New Trial and said motion is hereby

(Granted)  (Denied)

_____
JUDGE PRESIDING

# STEVEN R. MIEARS, P.C.

**MAILING ADDRESS:**
P.O. Box 736
Bonham, TX 75418

Bonham, Texas Office:
211 North Main
Bonham, Texas 75418
903-640-4963
903-640-4964 FAX
E-mail: stevenmiears@msn.com

Board Certified in Criminal Law
Texas Board of Legal Specialization

November 13, 2007

_**Via CMRRR # 7007 1490 0000 7862 2492**_
Ms. Hannah Kunkle
District Clerk
Collin County Courthouse
2100 Bloomdale Rd.
McKinney, TX 75071

Re:    Cause No. 380-81972-07, The State of Texas vs. Kosoul Chanthakoummane

Dear Ms. Kunkle:

Enclosed is Defendant's Motion for New Trial, together with two copies, to be filed in the above referenced matter. Please return the file-marked copies of the motion to my office in the enclosed self-addressed, postage-paid envelope provided for your convenience.

By copy of this letter, I have forwarded a copy of the Motion for New Trial to the office for the 380th Judicial District Court of Collin County, Texas.

A copy of the Motion for New Trial has also been forwarded to the Collin County District Attorney's Office.

Sincerely,

Steven Richard Miears
Lawyer

/pd

Enclosures

FILED

At _____ M

NOV 15 2007

HANNAH KUNKLE
Clerk District Court Collin County Texas
By _____

Ms. Hannah Kunkle
District Clerk
November 13, 2007
Page 2


Cc:    Honorable Charles Sandoval    w/encl.    *Via CMRRR #7007 1490 0000 7862 2485*
       380th Judicial District Court

Cc:    Collin County District Attorney  w/encl.    *Via CMRRR # 7007 1490 0000 7862 5011*

** Transmit Conf. Report **

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915124637061 | NORMAL | 15,16:30 | 1´32″ | 4 | * O K | |



District Clerk

HANNAH KUNKLE

DATE: *Nov. 15, 2007*

NUMBER OF PAGES SENT: *4*
   (including cover sheet)

TO: *Abel Acosta
Court of Criminal Appeals
Austin, Tx*

FROM:  DISTRICT CLERK'S OFFICE
   P. O. BOX 578
   McKINNEY, TEXAS  75070

FAX #: _____

FAX #: *(512) 463-7061*

BY: *C McCarley*
   DEPUTY

IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430

COMMENTS: *Motion For New Trial
380-81972-07*

*Kousouh  CHANTHAKOUMMANE*

*Filed  11-15-07*

2.)



District Clerk

HANNAH KUNKLE

DATE: _Nov. 15 2007_

TO: _Abel Acosta_
_Court of Criminal Appeals_
_Austin Tx_

FAX #: _(512) 463-9061_

NUMBER OF PAGES SENT: _4_
(including cover sheet)

FROM: DISTRICT CLERK'S OFFICE
P. O. BOX 578
McKINNEY, TEXAS 75070

FAX #: _____

BY: _C. McCarley_
DEPUTY

IF ALL PAGES ARE NOT RECEIVED, PLEASE CALL (972) 424-1460 ext. 4430 OR (972) 548-4430

COMMENTS: _Motion For New Trial_
_380-81972-07_

_Kousouh CHANTHAKoummANE_

_Filed 11-15-07_

?

# STEVEN R. MIEARS, P.C.

**MAILING ADDRESS:**
P.O. Box 736
Bonham, TX 75418

Bonham, Texas Office:
211 North Main
Bonham, Texas 75418
903-640-4963
903-640-4964 FAX
E-mail: stevenmiears@msn.com

Board Certified in Criminal Law
Texas Board of Legal Specialization

November 13, 2007

*Via CMRRR # 7007 1490 0000 7862 2492*
Ms. Hannah Kunkle
District Clerk
Collin County Courthouse
2100 Bloomdale Rd.
McKinney, TX 75071

Re:     Cause No. 380-81972-07, The State of Texas vs. Kosoul Chanthakoummane

Dear Ms. Kunkle:

Enclosed is Defendant's Motion for New Trial, together with two copies, to be filed in the above referenced matter. Please return the file-marked copies of the motion to my office in the enclosed self-addressed, postage-paid envelope provided for your convenience.

By copy of this letter, I have forwarded a copy of the Motion for New Trial to the office for the 380th Judicial District Court of Collin County, Texas.

A copy of the Motion for New Trial has also been forwarded to the Collin County District Attorney's Office.

Sincerely,

Steven Richard Miears /pd
Lawyer

/pd

Enclosures

FILED

07 NOV 16 AM 10: 05

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

Ms. Hannah Kunkle
District Clerk
November 13, 2007
Page 2


Cc:   Honorable Charles Sandoval    w/encl.    *Via CMRRR #7007 1490 0000 7862 2485*
      380th Judicial District Court

Cc:   Collin County District Attorney  w/encl.  *Via CMRRR # 7007 1490 0000 7862 5011*

NO. 380-81972-07

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 380TH JUDICIAL DISTRICT |
| | § | |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KOSOUL CHANTHAKOUMMANE, the Defendant in the above-styled and numbered cause, by and through his attorney of record, STEVEN R. MIEARS, and files this Motion for New Trial; and in support thereof would show this Honorable Court as follows:

I.

The Defendant was convicted in the instant case on October 17, 2007 for the offense of capital murder. The Defendant was subsequently sentenced to death by lethal injection. This Motion is timely in that less than 30 days have elapsed since the trial court imposed or suspended sentence in this case.

II.

The Defendant in this case should be granted a new trial in this case because the verdict is contrary to the law and the evidence. Additionally, the Defendant would show the Court erred in failing to grant the Defendant's Motion for Continuance made as a result of the State's re-indictment of the case prior to trial which interjected a new and additional manners and means of causing the victim's death. Defendant was denied the opportunity to investigate any due diligence used by the Grand Jurors to determine the manner and means of death as alleged to be by an unknown object.

MOTION FOR NEW TRIAL – Page 1

07 NOV 16 AM 10: 05

HANNAH ROBLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____ DEPUTY

WHEREFORE, PREMISES CONSIDERED, the Defendant hereby specifically requests that the Court grant an actual hearing on this Motion in the instant cause and that subsequent to the hearing of said Motion that the Defendant be restored to the position he was in before the trial of this case.

Respectfully submitted,

STEVEN R. MIEARS
P. O. Box 736
Bonham, TX   75418
903-640-4963
903-640-4984   FAX

Attorney for KOSOUL
CHANTHAKOUMMANE

## VERIFICATION

**STATE OF TEXAS,**

**COUNTY OF FANNIN.**

ON THIS DAY personally appeared STEVEN R. MIEARS, who, after being placed under oath. stated the following:

"My name is STEVEN R. MIEARS and I am the Attorney of record for KOSOUL CHANTHAKOUMMANE and have been so at all material times relevant to this proceeding.

"I have read the Motion for New Trial and every statement is within my personal knowledge and is true and correct."

STEVEN R. MIEARS

MOTION FOR NEW TRIAL – Page 1

Sworn to and subscribed before me on the _13th_ day of November, 2007.



PAM DURHAM
Notary Public, State of Texas
My Commission Expires
June 25, 2010

_____
NOTARY PUBLIC, STATE OF TEXAS

## CERTIFICATE OF PRESENTMENT

By signature above, I hereby certify that a true and correct copy of the above and foregoing has _Mailed CMRRR_ been ~~hand-delivered~~ to the Office for the 380th Judicial District Court of COLLIN County, on the _13th_ day of November, 2007.

_____
STEVEN R. MIEARS

## CERTIFICATE OF SERVICE

This is to certify that on the _13th_ day of November, 2007, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Collin County, Texas, by certified mail, return receipt requested.

_____
STEVEN R. MIEARS

**MOTION FOR NEW TRIAL - Page 3**

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| VS. | § | 380TH JUDICIAL DISTRICT |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

### O R D E R

On _____, 2007, came on to be considered KOSOUL

CHANTHAKOUMMANE's Motion for New Trial and said motion is hereby

(Granted)   (Denied)

_____
JUDGE PRESIDING

**MOTION FOR NEW TRIAL - Page 4**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| **VS.** | § | **380TH JUDICIAL DISTRICT** |
| **KOSOUL CHANTHAKOUMMANE** | § | **COLLIN COUNTY, TEXAS** |

## O R D E R

On _____, 2007, came on to be considered KOSOUL

CHANTHAKOUMMANE's Motion for New Trial and said motion is hereby

(Granted)  (Denied)

_____

JUDGE PRESIDING

**MOTION FOR NEW TRIAL - Page 4**

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 380TH JUDICIAL DISTRICT |
| KOSOUL CHANTHAKOUMMANE | § | COLLIN COUNTY, TEXAS |

## O R D E R

On _____, 2007, came on to be considered KOSOUL CHANTHAKOUMMANE's Motion for New Trial and said motion is hereby

(Granted)  (Denied)

_____

JUDGE PRESIDING