to: The Honorable Judge Amos L. Mazzant, Judge
United States District Court
Eastern District of Texas
101 E. Pecan Street
Suite 112
Sherman, TX 75090

**FILED**
MAR 2 4 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Wednesday, 17th, March 2021

Honorable Judge Amos L. Mazzant,
Re: Abandonment of Counsel as appointed under 18 U.S.C. §3599,
Case no: 4:13-cv-00067-ALM Document 43

I am advising the court that there has been a breakdown in communication with my co-counsel, Gregory W. Gardner. The last meaningful communication I've recieved was on Aug. 18th, 2020. A brief follow up letter dated Oct. 1st indicated a more detailed letter with an explanation was to be forthcoming. At present, there has no more communication. The Texas Dept. of Criminal Justice - Institutional Division mail system keeps a legal mail log of all incoming & outgoing legal mail. I have since written a total of (3) letters inquiring on the lack of any further communication with co-counsel Gardner.

Counsel Carlo D'Angelo (federal habeas appointed CJA counsel) has not had much success either and has acknowleged not being in contact with co-counsel Gardner in months now. The only explanation that I have been given was that co-counsel Gardner has been seriously ill, and would no longer be able to work on my case.

If so, co-counsel Gardner has not moved the court to withdraw as co-counsel or upon his own motion to the court to request substitute counsel. The court has not given co-counsel Gardner permission to withdraw. An attorney's declining health is of serious concern but, it is no excuse to abandon a client or to not inform the court of the need for co-counsel for his client. I have a capital case in which the punishment is death.

I have had my successor writ of habeas corpus application denied for relief by the Texas Court of Criminal Appeals, Ex Parte Kosoul Chanthakoummane, TCCA case no. WR-78,107-02. That is now the basis for my Petition for Certiorari before the Supreme Court of the United States, which is still pending. Aside from a third successor application that is before the TCCA, there remain other filings that would require co-counsel assistance. As noted in your order appointing co-counsel, Mr. D'Angelo notes that he is a solo practitioner, and he asserts that co-counsel is needed due to the complexity

of the case." This case contains a multitude of forensic evidence as well as other available means for relief that has yet to be put before the court(s) that would require assistance.

I should further note that this is co-counsel Gardner's second bout of illness during the course of his representation of me. Although more severe than the first instance (in which communication was fairly consistent), co-counsel Gardner petitioned the 380th Judicial District Court Of Collin County, Texas, Judge Benjamin N. Smith, Applicant's Opposed Motion To Continue Evidentiary Hearing (filed 3/27/2018) in which he cites his illness as a reason to continue said hearing. At the eventual hearings dated July 16th and Nov 1st, 2018, counsels Gardner and attorney, Eric J. Allen were granted Pro Hac Vice for their appearances, to aid counsel D'Angelo. In the now continued absence of co-counsel Gardner, attorney Allen has provided assistance whereupon his counsel was needed to assist with my ongoing litigation and to prepare a potential filing with the Texas Board of Pardons and Paroles for a clemency petition.

Mr. D'Angelo was appointed by this court to represent me in my federal habeas proceedings. Co-counsel Gardner was appointed for the sole purpose of state clemency proceedings only. However, as previously noted, this case continues to be litigated as it contains a multitude of forensic evidence, many of which has been discredited entirely or has evolved to question its reliability. Additionally, other possible means for relief not yet sought that would greatly aid counsel D'Angelo in which co-counsel can continuously monitor developments of, pending court decisions, final judgement and/or relief from the court(s) (which would negate the advisement of this letter to the court). Upon continuing litigation, barring any effort by the state to request an order setting a premature execution date, any potential state clemency proceedings would continue to evolve around that. I am merely doing my due dilligence in ensuring I am well counselled and informed.

I need co-counsel to properly investigate any new material as information becomes available for the inclusion into such a clemency filing in the event that I have again exhausted my appeals and avenues for relief. Particularly as I AM INNOCENT. It has takened me untold years with two execution dates before I could begin to mount a credible state successor writ application with merit before I can begin to petition the court(s) to grant me relief. The state will continue to oppose me at every opportunity including any potential state clemency proceedings with the TBPP. I am asking the court for substitute co-counsel to prepare for that possible conclusion if need be and well in advance so as not to burden the court at a much later date.

page two

In light of these developments, I have asked counsel D'Angelo to file a motion for Co-counsel Gardner to withdraw (whose health prevents him from doing so). Therefore releasing Mr. Gardner from any previous duties as bound to under 18 U.S.C. §3599. I now ask the Court to grant Counsel D'Angelo's motion to appoint attorney Eric J. Allen as substitute Co-counsel as applicable under 18 U.S.C. §3599(e). Attorney Allen is well familiar with my case having substituted Co-counsel Gardner at my state writ habeas corpus evidentiary hearing, in relation to Ex Parte Kosoul Chanthakoummane, TCCA Case no. WR-78,107-02. Attorney Allen has expressed an interest in assisting with my case and remains on standby in the event his assistance is needed due to the continued declining health of Co-counsel Gardner. I respectfully ask this court to grant the motion upon your receipt of it.

  I regret to inform the court of this situation, being this is a life or death issue I see no other recourse but to do so. It is unfortunate but I seek to not misinform but to give it timely notice of the contents of this letter. To the best of my knowledge, it is true. Should the court agree with its own finding, I pray it will either appoint attorney, Eric J. Allen as substitute co-counsel or or any counsel the court finds suitable in the alternative with good standing.

Respectfully submitted,
Kosoul

Inmate Kosoul Chanthakoummane
Polunsky unit #999529
3872 FM 350 South
Livingston, TX 77351

page three

Counsel   Carlo D'Angelo
100 East Ferguson Street
Suite 1210
Tyler, TX 75702
ph: 903.595.6776
fx: 903.407.4119
carlo@dangelolegal.com


Co-Counsel   Gregory W. Gardner
P.O. Box 2366
Boulder, CO 80306
ph: 303.990.5910
fx: 720.580.0021
ggardner@gwgardnerlaw.com


Attorney   Eric J. Allen
4200 Regent Street
Suite 200
Columbus, OH 43219
ph: 614.443.4840
fx: 614.573.2924
eric@eallenlaw.com