IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KOSOUL CHANTHAKOUMMANE, § § Petitioner, § § v. § § LORI DAVIS, Director Texas Department of Criminal Justice, § Correctional Institution Division, § § Respondent, § | Case no  4:13-CV-00067-LED |

**PETITIONER'S MOTION TO APPOINT OF CO-COUNSEL**

The Petitioner, Kosoul Chanthakoummane, through counsel, Carlo D'Angelo,  respectfully moves this Honorable Court to appoint Eric Allen  under 18 U.S.C. § 3599(e). In support, Mr. Chanthakoummane submits the following:

**PROCEDURAL HISTORY**

On October 17, 2007, Petitioner was convicted of the offense of capital murder for stabbing and killing Sarah Walker in the course of committing the offense of robbery, in violation of Tex. Penal Code § 19.03(a).  The Texas Court of Criminal Appeals ("TCCA") affirmed the conviction and death sentence.  *Chanthakoummane v. State*, No. AP-75,794, 2010 WL 1696789 (Tex. Crim. App. April 28, 2010) (unpublished)

Petitioner filed an application for a writ of habeas corpus in state court on April 5, 2010. An evidentiary hearing was conducted on November 10, 2010.  The state trial court issued thorough findings of fact and conclusions of law on September 20, 2012.  The TCCA subsequently denied relief based on the trial court's findings and conclusions and on its own

review. *Ex parte Chanthakoummane,* No. WR-78,107-01, 2013 WL 363124 (Tex. Crim. App. Jan. 30, 2013)(unpublished).

On January 13, 2017, Petitioner filed a successor writ of habeas corpus in the State trial court. Petitioner thereafter filed a second subsequent application for writ of habeas corpus on May 13, 2019. *Ex Parte Kosoul Chanthakoumane*, Cause No. WR-78,107-02. Petitioner asserted that the State's conviction was based largely upon discredited sciencifc methods, including bite-mark evidence, hypnotically induced eye witness identification and DNA.

On June 7, 2017, the T.C.C.A. referred Petitioners subsequent writ to the trial court for an evidentiary hearing. On July 16, 2018, the trial court conducted an evidentiary hearing. That hearing was continued to November 1, 2018 to facilitate the presentation of further evidence. On March 29, 2019, the trial court issued findings of fact and conclusions of law recommending denial of Petitioner's subsequent State writ.  On October 7, 2020, the T.C.C.A. issued an order denying relief as to.

Petitioner has filed a petition for a writ of certiorari with the Supreme Court of the United States.  On April 26, 2021, the Supreme Court of the United States denied Mr. Chanthakoummane's petition for certiotrari.

On May 19, 2021, the undersigned was advised that the Collin County District Attorney intends to file a motion with the State district court requesting the setting of a November 10, 2021 execution date.

## ARGUMENT AND MEMORANDUM OF LAW

This Court has previously appointed Gregory Gardner as co-counsel in this matter for purposes of clemancy proceedings. Mr. Gardner assisted the undersigned with clemancy just prior to the case being stayed.   Mr. Gardner next assisted the undersigned with the subsequent State

2

court successor habeas proceedings. Due to his declining health, Mr. Gardner recruited Eric Allen to assist him in this case.

As noted in Mr. Chanthakoummane's recent letter to the Court, Mr. Gardner does not appear to be well enough to further assist the undersigned in this case (Doc. 49). Accordingly, Mr. Chanthakoummane requests that Mr. Allen be allowed to substitute in and replace Mr. Gardner as co-counsel to the undersigned. Mr. Chanthakoummane has written the court to request the same (Doc. 49).

Now, undersigned counsel seeks appointment to further defend Mr. Chanthakoummane. Texas Assistant Attorney General Rachel L. Patton does not oppose Mr. Reed's request for appointment. *See* Certificate of Conference, below.

**I       Proposed counsel's qualifications are exemplary, satisfy § 3599's representation standards, and will aid this Court in reaching a fair and just result in Mr. Chanthakoummanne's habeas litigation.**

To be qualified to represent a capital-habeas petitioner, appointed counsel "must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years' experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 3599(c). And "[w]ith respect to [the appointment requirements], the court, for good cause, may appoint another attorney whose background, knowledge, and experience would otherwise enable him or her to properly represent the defendant . . . ." § 35599(d).

Mr. Allen has represented to the undersigned that he has represented felony clients in the state of Ohio for the past nineteen years. These felonies include aggravated murder and other serious offenses. He has represented people charged with serious felonies, including aggravated murder on appeal numerous times. He also has represented individuals charged with serious felonies in post-conviction matters.

Mr. Allen further advised the undersigned that he is a member in good standing in a number of federal courts including:

- Northern District of Ohio
- Southern District of Ohio
- Northern District of Illinois
- Eastern District of Michigan
- Northern District of Texas
- Western District of Texas
- Fourth Circuit Court of Appeals
- Fifth Circuit Court of Appeals
- Sixth Circuit Court of Appeals
- Seventh Circuit Court of Appeals

This experience also includes assisting in representing a number of individuals charged with capital crimes at the trial level, including *State of Ohio v Marvin Lee Smith (Madison County, Ohio)*, *State of Ohio v Glenn Mcoy (Muskingum County, Ohio),* and *State v Wesley Park (Knox County, Ohio)*. It should be noted two of these cases resolved with a plea prior to trial.

In addition, Mr. Allen has represented individuals in the habeas process in Ohio. These include *Monroe v Houk, 2009 U.S. District Lexis 85259* and *Cooey v Strickland.* [1]

Mr. Allen is presently counsel in a capital-habeas cases in Texas as pro bono counsel: *Chanthakoummane v. Davis*, 4:13-cv-00067-ALM (E.D. Tex.). In addition, he represents capital-habeas petitioners at the state-level in Alabama: *Ex parte Riley*, No. CR-16-0207 (Ala. Crim.

---

[1] While not named as counsel in the federal proceedings, he assisted counsel with the case and eventually filed a number of state proceeding motions on Mr. Cooey's behalf.

App.); *Ex parte Shanklin*, No. CC-2010-76.60 (Cir. Ct. Walker County); *Ex parte White*, No. CC-2009-001813.60 (Cir. Ct. Jefferson County); *Ex parte Scheuing*, No. 11-CC-2009-000426.60 (Cir. Ct. Calhoun County); and *Ex parte Wimbley*, No. CC-2009-170.60 (Cir. Ct. Washington County).

Finally, Mr. Allen advised that he has taught at capital defense seminars including for the Ohio Association of Criminal Defense Lawyers and the Trial Lawyers College Death Penalty Seminar.

Section 3599 requires the Court to appoint qualified counsel to represent Mr. Chanthakoummane. To be qualified, attorneys must have practiced in the court of appeals for at least five years and have had three years of experience handling felony cases at that level. 3599(c). And for good cause, the Court can appoint an attorney "whose background, knowledge, or experience would enable him or her to properly represent the defendant, with due consideration to the unique and complex nature of the litigation." 3599(d).

Accordingly, Mr. Allen qualifies under subsection (c) or (d) of section 3599. First, he has been a member of federal courts of appeal for over ten years. And he has handled felony appeals for the same amount of time.

Mr. Allen has experience with filing clemency petitions with the parole board as part of his post-conviction practice. This includes presenting the petition for Richard Cooey prior to his execution in 2008.

Finally, Mr. Chanthakoummane wants Mr. Allen to represent him. He has met with him at the Polunsky Unit in Texas. Mr. Allen has a good working relationship with Mr.Chanthakoummane and is willing to accept this appointment.

## PRAYER FOR RELIEF

At the urging of the Petitioner, Kosoul Chanthakoummane, the undersigned respectfully requests that this Honorable Court appoint Eric Allen as counsel for Mr. Chanthakoummane in this matter under 18 U.S.C. § 3599(e) at the highest available payment rate.

A proposed order is attached for the Court's convenience.

Respectfully submitted,

/s/ Carlo D'Angelo
Carlo D'Angelo
100 East Ferguson, Suite 1210
Tyler, Texas 75703
Tel. 903.595.6776
Fax 903.407.4119
carlo@dangelolegal.com
Attorney for Petitioner
Appointed CJA Counsel

## CERTIFICATE OF CONFERENCE

On May 18, 2021, the undersigned conferred with, Rachael Patton, counsel for the Director, who indicated that the Respondent does not oppose this motion.

/s/ Carlo D'Angelo
Carlo D'Angelo

## CERTIFICATE OF SERVICE

I certify that on , I filed a true and correct copy of this document electronically via the ECF. A "Notice of Electronic Filing" was sent to all counsel of record on this 19th day of May, 2021.

*/s/ Carlo D'Angelo*
Carlo D'Angelo