IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KOSOUL CHANTHAKOUMMANE, | § § § | |
| Petitioner, | § § | Case No.: 4:13-CV-00067 |
| v. | § § | |
| Director, Texas Department of Criminal Justice, Correctional Institution Division, | § § § § § | |
| Respondent. | § | |

**RESPONSE TO PETITIONER'S
PRO SE MOTION TO DISMISS COUNSEL**

The counsel, Carlo D'Angelo, respectfully submits this Response to Petitioner's June 3, 2022 Pro Se Motion to Dismiss Counsel (Doc. 54). In support, the undersigned submits the following:

Mr. Chanthakoummane is currently scheduled to be put to death on August 17, 2022. Mr. Chanthakoummane seeks the appointment of new counsel "due to abandonment and conflict of interest." He further requests a stay of his upcoming execution date. *Id.* The undersigned counsel denies the allegations of abandonment and conflict of interest alleged in Mr. Chanthakoummane's *pro se* filing and responds as follows.

### STATE PROCEDURAL HISTORY

On October 17, 2007, Mr. Chanthakoummane was convicted of the offense of capital murder causing the death of Sarah Walker during the commission of a robbery, in violation of Tex. Penal Code § 19.03(a). The Texas Court of Criminal Appeals ("TCCA") affirmed the conviction and death sentence. *Chanthakoummane v. State*, No. AP-75,794, 2010 WL 1696789 (Tex. Crim. App. April 28, 2010) (unpublished).

1

Mr. Chanthakoummane sought review by the Supreme Court of the United States, which denied his petition for a writ of certiorari. *Chanthakoummane v. Texas,* 562 U.S. 1006, 131 S.Ct. 506, 178 L.Ed.2d 376 (2010).

Mr. Chanthakoummane's state habeas counsel filed an application for a writ of habeas corpus in state court on April 5, 2010. An evidentiary hearing was conducted on November 10, 2010. The state trial court issued thorough findings of fact and conclusions of law on September 20, 2012. The TCCA subsequently denied relief based on the trial court's findings and conclusions and on its own review. *Ex parte Chanthakoummane,* No. WR-78,107-01, 2013 WL 363124 (Tex. Crim. App. Jan. 30, 2013) (unpublished).

## FEDERAL PROCEEDURAL HISTORY

On March 18, 2013, the undersigned was appointed and entered an appearance as federal habeas CJA counsel. (Doc. 4). On January 26, 2014, the undersigned filed a 28 U.S.C. § 2254 federal habeas writ in this matter (Doc. 15). On July 28, 2014, the State of Texas filed a response in opposition to Mr. Chanthakoummane's federal habeas writ. (Doc. 31). On March 20, 2015, the District Court denied relief and a certificate of appealability as to all claims raised in Mr. Chanthakoummane's federal habeas writ. *Chanthakoummane v. Director*, No. 4:13cv67 (E.D. Tex. Mar. 20, 2015).

The undersigned appealed the District Court's ruling to the United States Court of Appeals for the Fifth Circuit. On February 25, 2016, the Fifth Circuit denied relief as to Mr. Chanthakoummane's application for a COA." *Chanthakoummane v. Stephens*, 816 F.3d 62, 66 (5th Cir. 2016). The undersigned next appealed the Fifth Circuit's holding to the Supreme Court of the United States. The Supreme Court denied Mr. Chanthakoummane's writ of certiorari on October 3, 2016. *Chanthakoummane v. Davis*, 137 S. Ct. 280 (2016).

## ADDITIONAL STATE PROCEDURAL HISTORY

On October 6, 2016, the State of Texas issued a death warrant ordering that Mr. Chanthakoummane be put death on January 25, 2017. On December 14, 2016, the undersigned filed a motion in the District Court seeking the appointment of co-counsel. (Doc. 42). The District Court granted the motion and co-counsel was appointed. (Doc. 43).

On January 9, 2017, the undersigned filed a Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles. On January 13, 2017, the undersigned filed a Motion to Stay Mr. Chanthakoummane's execution date based upon the need to further investigate possible successive state court claims. The trial court granted the above motion and stayed Mr. Chanthakoumane's execution date until July 19, 2017.

On January 26, 2017, the undersigned filed an *ex parte* motion with the trial court seeking the appointment of expert witnesses. The trial court granted counsel's motion for expert funding. The undersigned thereafter engaged the expert services of: (1) a board-certified forensic dentist, licensed in California for both law and dentistry, who specializes in reviewing and reporting on bite-mark evidence; (2) a clinical psychologist, licensed in the State of New York, who specializes in clinical and experimental hypnosis; and (3) an expert in the field of eyewitness identification.

After a lengthy re-investigation of Mr. Chanthakoummane's case, the undersigned filed an 82-page successive state writ of habeas corpus writ on May 13, 2019. *Ex Parte Kosoul Chanthakoumane*, Cause No. WR-78,107-02. The successor state writ was supported by 1,797 pages of exhibits. The successor writ challenged several aspects of the State's forensic evidence offered in Mr. Chanthakoummane's jury trial including: (1) bite-mark evidence; (2) eye-witness identification evidence; (3) hypnotically induced eye-witness evidence; and (4) DNA evidence found at the scene of the murder on the victim's body linking Mr. Chanthakoummane to the crime.

The undersigned argued that: (1) the State used multiple discredited forensic sciences to convict him; (2) the State introduced false, misleading, or scientifically invalid testimony to convict him; (3) the State deprived him of a fundamentally fair trial when it introduced discredited forensic sciences that contributed to the jury's culpability and sentencing verdicts; and (4) the State is violating his constitutional rights by continuing to imprison him and seeking to execute him when he is actually innocent. *Ex parte Chanthakoummane*, No. WR-78,107-02, at *2 (Tex. Crim. App. June 7, 2017). The Texas Court of Criminal Appeals held that Mr. Chanthakoummane satisfied the requirements of successive writ under Article 11.071, § 5 of the Texas Code of Criminal Procedure and remanded his writ application to the trial court for review of the issues raised." *Ex parte Chanthakoummane*, No. WR-78,107-02, at *2 (Tex. Crim. App. June 7, 2017).

An evidentiary hearing on Mr. Chanthakoummane's successor writ was initially scheduled in the trial court on April 5-6, 2018. That hearing was continued due to co-counsel's failing health. On July 16, 2018, the undersigned, two co-counsel, and Mr. Chanthakoummane appeared in Collin County for an evidentiary hearing as to the above successive writ. Counsel called the three experts to testify at the hearing in support of the successive writ. The hearing was then continued until November 1, 2018 at which time the State called witnesses and presented evidence to the trial court. At the conclusion of all evidence, the undersigned drafted and submitted proposed findings of fact and conclusions of law to the trial court.

Counsel filed a second subsequent application for writ of habeas corpus on May 13, 2019 requesting a new trial pursuant to *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) on the basis that trial counsel violated Mr. Chanthakoummane's Sixth Amendment right to autonomy by overriding his stated trial objective to maintain his innocence. *Ex parte Chanthakoummane*, No. WR-78,107-03, at *2-3 (Tex. Crim. App. Mar. 31, 2021).

On March 29, 2019, the trial court issued findings of fact and conclusions of law recommending denial of Mr. Chanthakoummane's first successor state writ. On October 7, 2020, the Texas Court of Criminal Appeals denied relief. *Ex parte Chanthakoummane*, No. WR-78,107-02, at *9-10 (Tex. Crim. App. Oct. 7, 2020).

The undersigned thereafter filed a second petition for a writ of certiorari with the Supreme Court of the United States. On April 26, 2021, the Supreme Court of the United States denied Mr. Chanthakoummane's petition. *Chanthakoummane v. Tex.*, 141 S. Ct. 2573 (2021).

On March 31, 2021, the Texas Court of Criminal Appeals denied relief as to Mr. Chanthakoummane's second successor writ regarding the *McCoy* claim. *Ex parte Chanthakoummane*, No. WR-78,107-03, at *3 (Tex. Crim. App. Mar. 31, 2021).

The undersigned thereafter filed a third petition for certiorari with the Supreme Court of the United States challenging the state court's denial of Petitioner's second successor writ. On October 14, 2021, the Supreme Court denied this petition as well. *Chanthakoummane v. Texas*, No. 21-5041, at *1 (Oct. 4, 2021).

On May 19, 2021, the Collin County District Attorney's office advised the undersigned that it intended to file a motion with the trial court requesting the setting a November 10, 2021 execution date. The trial court thereafter issued Death Warrant on June 16, 2021 setting Mr. Chanthakoummane's execution date for November 10, 2021.

At about the same time, the undersigned negotiated an agreed order with the state directing the Southwestern Institute of Forensic Sciences (SWIFS) to conduct DNA testing of evidence obtained from the crime scene, namely a plant stand that the state alleged Mr. Chanthakoummane used to strike the murder victim in the head and face prior to stabbing her multiple times. The plant stand was admitted into evidence at trial, but had never previously been tested for DNA.

The trial court granted the agreed order. SWIFS completed DNA testing of the plant stand and issued a report on September 10, 2021. The SWIFS report found a statistically strong source profile matching the murder victim on two stains obtained from the plant stand (1 in 10 trillion people). A swab of the foot of the plant stand yielded a statistically weak single source profile that included both the murder victim and Petitioner (75 in 100 people). The remaining DNA extracts found on the plant stand contained limited and unusable genetic information. The state thereafter submitted proposed findings of fact to the trial court regarding the above DNA testing results. On October 18, 2021, the trial court signed an order adopting the state's proposed findings that had the above DNA testing results been available during the trial of the offense, it was "not reasonably probable that Chanthakoummane would not have been convicted."

The undersigned next informed the state that Mr. Chanthakoummane filed a request with the Texas Department of Criminal Justice to have a spiritual advisor present during his upcoming execution on November 10, 2021. In lieu of the recent developments in the *Ramirez* case, the undersigned further requested that Mr. Chanthakoummane's upcoming execution date be put off until such time as the Supreme Court determined the merits of Ramirez's certiorari petition regarding TDCJ's regulation of spiritual advisors in the execution chamber during executions. *See Ramirez v. Collier*, No. 21-5592, at *1 (Mar. 24, 2022) (holding that Ramirez was likely to succeed on his RLUIPA claims because Texas's restrictions on religious touch and audible prayer in the execution chamber burden religious exercise and are not the least restrictive means of furthering the State's compelling interests). The State agreed to do so and an agreed order was presented to the trial court to modify Mr. Chanthakoummane's execution date to August 17, 2022. The trial court granted said agreed order and again postponed Mr. Chanthakoummane's execution date.

At the request of Mr. Chanthakoummane, the undersigned filed a motion with the Court requesting the appointment of additional co-counsel to replace initial co-counsel who could not fulfill his commitments due to failing health. (Doc. 49). On February 10, 2022, this Court granted that motion and appointed additional CJA co-counsel to assist the undersigned. (Doc. 51).

### RESPONSE TO MR. CHANTHAKOUMMANE'S MOTION

As the Court can see from this procedural history, counsel has actively represented Mr. Chanthakoummane's interests. Throughout, undersigned counsel has maintained continued communication with Mr. Chanthakoummane concerning the above events in his case. The undersigned has written Mr. Chanthakoummane numerous letters and had multiple telephone conferences concerning the above stages of his case. Co-counsel and the undersigned have also maintained regular communication regarding Mr. Chanthakoummane's case.

The undersigned is presently working to obtain all court records necessary for the preparation and filing of a Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles on Mr. Chanthakoummane's behalf. In addition, the undersigned is working to determine whether the Texas Department of Criminal Justice will grant, or in any way attempt to limit, Mr. Chanthakoummane's request to have a spiritual advisor present during his execution chamber. The undersigned will continue to zealously advocate on behalf of Mr. Chanthakoummane. The undersigned will consider and investigate any new and potentially non-frivolous claims. If such potential claims are identified, counsel will take appropriate action.

Respectfully submitted,

/s/ Carlo D'Angelo
Carlo D'Angelo
100 East Ferguson, Suite 1210
Tyler, Texas 75703
Tel. 903.595.6776

Fax 903.883.7628<br>
carlo@dangelolegal.com<br>
Attorney for Petitioner<br>
Appointed CJA Counsel

## CERTIFICATE OF SERVICE

I certify that on June 14, 2022, I filed a true and correct copy of this document electronically via the ECF. A "Notice of Electronic Filing" was sent to all counsel of record. A copy was also mailed to Mr. Chanthakoummane.

/s/ Carlo D'Angelo<br>
Carlo D'Angelo