IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KOSOUL CHANTHAKOUMMANE, | § § § | |
| *Petitioner,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CV-067 |
| DIRECTOR, TDCJ-CID, | § § § | |
| *Respondent.* | § § | |

## ORDER

Petitioner Kosoul Chanthakoummane, an inmate on Texas's death row, is scheduled for execution on August 17, 2022. In 2013, this Court appointed Carlo D'Angelo to represent Petitioner on federal habeas review. (Dkt. #3). In 2015, this Court denied Petitioner's petition for a writ of habeas corpus. (Dkt. #34). The Court of Appeals for the Fifth Circuit affirmed, *Chanthakoummane v. Stephens*, 816 F.3d 62, 66 (5th Cir. 2016), and the United States Supreme Court denied Petitioner's petition for a writ of certiorari, *Chanthakoummane v. Davis*, 137 S. Ct. 280 (2016).

On December 15, 2016, the Court appointed Gregory W. Gardner as co-counsel to assist with state clemency proceedings. (Dkt. #43). In 2021, Mr. Gardner became seriously ill and was unable to proceed as co-counsel on Petitioner's case. On February 10, 2022, the Court granted Petitioner's motion to substitute co-counsel. (Dkt. #51). Mr. Eric Allen was appointed as co-counsel for Petitioner's case and was substituted for Mr. Gardner. (*Id*.). No litigation on Petitioner's behalf is currently pending in state or federal court.

Before the Court is Petitioner's *Pro Se* Motion for Dismissal of Counsel and Appointment of New Counsel Due to Abandonment and Conflict of Interest and Request for Stay of Execution, filed on June 3, 2022. (Dkt. #54). He asserts that he has been abandoned by his counsel. Petitioner requests that this Court appoint him new counsel and stay his execution scheduled for August 17, 2022. Counsel has filed a response. (Dkt. #55).

1. <u>Plaintiff's motion</u>

Petitioner specifically asserts that on June 28, 2021, Mr. D'Angelo filed a final writ of certiorari in the Supreme Court on his behalf. (Dkt. #54, p. 2). In a telephone conference with him, Petitioner asserts that Mr. D'Angelo stated he would no longer file any additional applications in Petitioner's case. Mr. D'Angelo allegedly explained to Petitioner that he will not file any "frivolous" motions in an attempt to stop Petitioner's execution. (Dkt. #54, p. 2). Petitioner states that since the telephone conference, that he has written Mr. D'Angelo countless times and has pleaded with him to stop the State of Texas from murdering him. He claims that all attempts to communicate with Mr. D'Angelo have been ignored.

Petitioner asserts that his appointed co-counsel, Mr. Eric Allen, has been effectively "hand-tied" by the Court. (Dkt. #54 at 3). He states that the Court limited Mr. Allen's scope of work to federal filings, clemency, etc., and has not allowed him to provide legal counsel in the form of investigating, preparing, and filing of state court motions and applications for writ of habeas corpus. He alleges that the Court's February 10, 2022 order (Dkt. #51) is a government-created impediment that is effectively preventing Mr. Allen from representing him as 18 U.S.C. § 3599 requires. (Dkt. #54 at 3).

2. <u>Counsel's Response</u>

Petitioner's appointed attorney, Carlo D'Angelo, submitted a response. (Dkt. #55). Mr. D'Angelo states that: (1) he has actively represented Petitioner's interests; (2) he has maintained continued communication with Petitioner concerning the events in his case; (3) he has written Petitioner numerous letters and had multiple telephone conferences concerning the various stages of Petitioner's case; (4) co-counsel and he have also maintained regular communication regarding Petitioner's case; (5) he will consider and investigate any new and potentially non-frivolous claims and take appropriate action on such claims; and (6) he will continue to zealously advocate on Petitioner's behalf. (*Id.* at 7).

Mr. D'Angelo further sets out the significant work that he performed from 2016 to 2022. (Dkt. #55). Prior to June 2021, Mr. D'Angelo filed multiple, successive state writs of habeas corpus challenging the reliability of the forensic evidence and asserting an ineffective of assistance claim and actual innocence claim.

Since June 2021 to the present, Mr. D'Angelo provides that he filed a third petition for certiorari with the United States Supreme Court challenging the state court's denial of Petitioner's second successive writ. On October 14, 2021, the Supreme Court denied this petition. *Chanthakoummane v. Texas*, No. 21-5041, at *1 (Oct. 4, 2021).

On June 16, 2021, the trial court issued a Death Warrant setting Petitioner's execution date for November 10, 2021. At about the same time, Mr. D'Angelo negotiated an agreed order with the State directing the Southwestern Institute of Forensic Sciences (SWIFS) to conduct DNA testing of evidence obtained from the crime scene, namely a plant stand that the State alleged Petitioner used to strike the murder victim in the head and face prior to stabbing her

multiple times. The plant stand was admitted into evidence at trial but it had never been tested for DNA previously.

SWIFS completed DNA testing of the plant stand and issued a report on September 10, 2021. The SWIFS report found a statistically strong source profile matching the murder victim on two stains obtained from the plant stand (1 in 10 trillion people). A swab of the foot of the plant stand yielded a statistically weak single source profile that included both the murder victim and Petitioner (75 in 100 people). The remaining DNA extracts found on the plant stand contained limited and unusable genetic information. On October 18, 2021, the trial court entered findings that had the above DNA testing results been available during the trial of the offense, it was "not reasonably probable that Chanthakoummane would not have been convicted." (Dkt. #55, at 5-6).

Mr. D'Angelo next filed a request with the Texas Department of Criminal Justice (TDCJ) to have a spiritual advisor present during Petitioner's upcoming execution on November 10, 2021. Because of recent developments in the *Ramirez* case, Mr. D'Angelo requested that Petitioner's upcoming execution date be stayed until such time as the Supreme Court determined the merits of Ramirez's certiorari petition regarding TDCJ's regulation of spiritual advisors in the execution chamber during executions. *See Ramirez v. Collier*, No. 21-5592, at *1 (Mar. 24, 2022) (holding that Ramirez was likely to succeed on his RLUIPA claims because Texas's restrictions on religious touch and audible prayer in the execution chamber burden religious exercise and are not the least restrictive means of furthering the State's compelling interests). The State agreed to voluntarily stay the execution, and an agreed order was presented to the trial court to modify Petitioner's execution date to August 17, 2022. Petitioner's execution date was postponed to its current August 17, 2022 date. (Dkt. #55 at 6).

At Petitioner's request, Mr. D'Angelo states he prepared and filed a motion (Dkt. #49) requesting the appointment of additional co-counsel to replace initial co-counsel, Mr. Gardner, who could not fulfill his commitments due to failing health.  The Court granted that motion and appointed additional CJA co-counsel to assist Mr. D'Angelo.  (Dkt. #51).

Mr. D'Angelo, furthermore, states that he is currently working on obtaining all necessary court records for the preparation and filing of a Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles for Petitioner.  (Dkt. #55 at 7).

3. Discussion and Analysis

A court should substitute an attorney when necessary "in the interests of justice," *Martel v. Clair*, 565 U.S. 648, 658 (2012).  This "context-specific" inquiry involves "several relevant considerations," including: "the timeliness of the motion, the adequacy of the district court's inquiry into the defendant's complaint, and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any for that conflict)." *Id*. at 663.  The current motion to substitute does not provide any reason needing additional inquiry, but instead is based only on Petitioner's pending execution date.  Petitioner's current attorney, Mr. D'Angelo, has represented him for several years and has competently litigated on his behalf.  Mr. D'Angelo's response demonstrates all the matters that have been considered, investigated, and action taken on Petitioner's behalf from June 2021 to the present.  Mr. D'Angelo's response dispels, and in fact discredits, Petitioner's complaints about his current representation.

Petitioner's assertion that the Court's February 10, 2022 order substituting co-counsel prevents Mr. Allen from taking any action in state court on Petitioner's behalf is in error.  Petitioner's misapprehends the Court's warning to counsel regarding reimbursement or payment

5

of work conducted in state court proceedings. The Supreme Court in *Harbison v. Bell*, 556 U.S. 180, 194 (2009), clearly held that federally appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction processes, together with applications for stays of execution and other appropriate motions and procedures . . . ." that transpire "subsequent" to counsel's appointment.

For the purposes of payment or reimbursement for work performed in state court, counsel should request payment or reimbursement from the state court following its rules and procedures. *See Storey v. Lumpkin*, 8 F.4th 382, 393 (5th Cir. 2021) (holding that "the Supreme Court [has] explicitly limited the scope of § 3599 to exclude state habeas proceedings and other proceedings that are not 'subsequent to' federal habeas." (quoting *Harbison*, 556 U.S. at 189)); *see also id.* at 195 (Roberts, C.J., concurring) (describing that § 3599(e)'s reference to "subsequent stages" "does not include state judicial proceedings after federal habeas, because those are more properly regarded as new judicial proceedings"). Counsel is authorized to file non-frivolous proceedings in state court and is not prevented by the Court's order from proceeding in accordance with *Harbison*.

Little time remains before Petitioner's execution date. If a new attorney were appointed, he or she would invariably argue that the pending execution date must be stayed to become familiar with the case. To this point, Petitioner has not suggested that Mr. D'Angelo refuses to litigate any viable ground for relief. In fact, Mr. D'Angelo has represented that he has investigated possible claims and would file additional non-frivolous challenges. With only a couple of months remaining before the date of execution, the experience Mr. D'Angelo and now Mr. Allen have with this complex case strongly weighs against substituting counsel. The

substitution of counsel without cause at this juncture would only insert uncertainty and unnecessary delay into the enforcement of an otherwise valid criminal judgment.

    4.       Stay of Execution

Petitioner also requests a stay of execution. He is scheduled to be executed on August 17, 2022.

Pursuant to 28 U.S.C. § 2251(a)(1), a federal court has the authority to stay state court proceedings when a federal habeas corpus proceeding is pending. *See Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) ("[o]nce the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under section 2251."). Whether to grant a stay under 28 U.S.C. § 2251(a)(1) is discretionary. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

Additionally, pursuant to 28 U.S.C. § 2251(a)(3) a federal court has the authority to stay an execution after a state prisoner files an application for appointment of new counsel, under 18 U.S.C. § 3599(a)(2), in a court that has jurisdiction to entertain a habeas corpus application regarding that sentence. Whether to grant a stay under 28 U.S.C. § 2251(a)(3) is not discretionary if a petitioner's right to federally appointed counsel will be violated unless the district court stays his execution. *McFarland v. Scott*, 512 U.S. 849, 858–59 (1994).

The Court lacks jurisdiction to grant a stay in this case pursuant to Section 2251(a)(1), because there currently is no federal habeas corpus proceeding pending. *See Teague*, 151 F.3d 291. The Court also lacks jurisdiction to grant a stay pursuant to Section 2251(a)(3) because Petitioner is represented by counsel, who has not been allowed to withdraw. *See Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009) (holding that the district court did not abuse its

discretion "where the already-appointed counsel has never withdrawn from the case and is well familiar with the facts on which the petitioner claims his clemency petition should be based").

Alternatively, even if the Court were to find that it had jurisdiction, it denies Petitioner's Motion to Stay Execution. "A stay of execution is an equitable remedy." *In re Paredes*, 587 F. App'x 805, 826 (5th Cir. 2014). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Charles v. Stephens*, No. CV H–09–0592, 2015 WL 11117729, at *2 (S.D. Tex. May 4, 2015), *aff'd*, 612 F. App'x 214 (5th Cir. 2015), *cert. denied*, 135 S. Ct. 2075 (2015); *Nken*, 556 U.S. at 433–34. (citations omitted). In deciding whether to issue a stay of execution, a court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other party interested in the proceeding, and (4) where the public interest lies. *Nken*, 556 U.S. at 425–26. A petitioner is not entitled to a stay "[as] a matter of right, even if irreparable injury might otherwise result to the appellant." *Id*. at 427 (internal quotation marks omitted).

Petitioner fails to show a likelihood of success on the merits. He does not specify what claims his counsel should be presenting in a non-frivolous, non-successive petition. Without identifying his potential claims for relief, he cannot show a likelihood of success on the merits. Petitioner also fails to demonstrate he will be irreparably injured absent a stay, because he has not shown that his counsel would hamper his execution-phase litigation. As to the public interest, granting a stay would inhibit the State's ability to carry out an otherwise valid sentence and impair the finality of state criminal judgments. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006) (stating that a stay of execution "is not available as a matter of right, and equity must be

sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts"). Accordingly, in an alternative to its denial for lack of jurisdiction, the Court denies Petitioner's request to stay execution on its merits. It is accordingly

**ORDERED** that Petitioner's *Pro Se* Motion for Dismissal of Counsel and Appointment of New Counsel Due to Abandonment and Conflict of Interest (Dkt. #54) is **DENIED**, subject to reconsideration if counsel were to actually abandon Petitioner. Petitioner's request for a stay of execution is **DENIED** for lack of jurisdiction.

**SIGNED this 1st day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE