IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

**FILED**
JUL 11 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

KOSOUL CHANTHAKOUMMANE, §
　Petitioner Pro-Se §
　　§
V. § Civil No: 4:13-cv-00067
　　§
BRYAN COLLIER, Director §
Texas Department of Criminal Justice, §
Correctional Institution Division, §
　Respondent §

ACTIVE EXECUTION DATE FOR AUGUST 17, 2022
AMENDMENT TO PRO-SE MOTION FOR DISMISSAL OF COUNSEL AND APPOINTMENT
OF NEW COUNSEL DUE TO ABANDONMENT AND CONFLICT OF INTEREST AND
REQUEST FOR STAY OF EXECUTION

Comes now, Kosoul Chanthakoummane, Texas Death Row Prisoner, applicant pro-se; hereafter "Kosoul"; and would present the following facts in this EMERGENCY situation.

I.

Kosoul has an active execution date for August 17, 2022 and he has been abandoned by federal CJA Lead Counsel, Carlo D'Angelo, and is effectively without any legal representation, which is a violation of his Sixth Amendment Right to the U.S. Constitution and violation of § 3599.

1

On June 28, 2021, Mr. D'Angelo filed a final Writ of Certiorari in the United States Supreme Court and in a telephone conference with him, Mr. D'Angelo stated that he would no longer file any additional applications in Kosoul's case. Since that time Kosoul has written him countless times and have pleaded with him to stop the State of Texas from murdering an INNOCENT man. All attempts to communicate with Mr. D'Angelo have been ignored. Mr. D'Angelo has effectively abandoned Kosoul.

Mr. D'Angelo has also used the excuse that he will not file any "frivilous" motions in an attempt to to the State of Texas from executing Kosoul. This is a thinly veiled excuse that appointed counsel is using to do any work on Kosoul's case that he will not get paid for.

The fact of the matter is that Kosoul's case is a highly complex case involving different forensic evidence that are now considered "Junk Science" and Kosoul's life is on the line. Because Mr. D'Angelo has taken this stance in Kosoul's case Mr. D'Angelo has created a conflict of interest with his refusal to effectively assist Kosoul in his appeal.

Effectively assisting Kosoul requires Mr. D'Angelo pursuing further forensic analysis/testing and filing of State Court subsequent habeas writ/application because there are real merit based factual issues that must be pursued before the State of Texas succeeds in executing Kosoul, an INNOCENT man. Kosoul's Sixth Amendment and § 3599 requires Mr. D'Angelo to competently represent him until Kosoul's case is "disposed of." Kosoul's case will not be disposed of until every possibility/option has been exhausted in attempting to stop his execution from going forward and he is dead. Battaglia v. Stephens, 824 F.3d 470 (5th Cir. 2016).

## II.

On February 10, 2022, Eric Allen was appointed as co-counsel substitute on Kosoul's case by this Court. But this court effectively ties Mr. Allen's hands behind his back in limiting Mr. Allen's scope of work to federal filings/clemency/Etc... and not allowing him to provide legal counsel in the form of investigating, preparing and filing of a State Court motion(s) and/or habeas writ. (Dkt.#51) This government created impediment is effectively preventing my court appointed counsel to represent me as required by the Sixth Amendment and §3599 requires.

Because Lead Counsel Mr. D'Angelo has refused to fulfill his duties as CJA Counsel and Co-counsel Mr. Allen is prevented by this court to represent in an effective manner assist Kosoul in State Court, he has been abandoned by his legal counsel and is without any counsel at all.

## III.

In support of the amendment of this motion, Kosoul would show that upon the original motion to DISMISS COUNSEL (Dkt#54) being submitted, Mr. D'Angelo therein arranged a teleconference with Kosoul on June 17th, 2022. Mr. D'Angelo has remained adamant that he will not seek any relief through the State Courts. As Lead Counsel, Mr. D'Angelo has had well over a year now to prepare a timely filed subsequent State habeas writ application. In particular as Kosoul's third execution date, November 10th, 2021, was modified to August 17th, 2022 pending a decision in the Supreme Court, Ramirez v. Collier.

Mr. D'Angelo has since signaled to the 380th State District Court - McKinney, Texas, Collin County, District Attorney Office, Texas Court of Criminal Appeals and the Supreme Court that no further appeals from Kosoul would be forthcoming. Kosoul would reiterate that Mr. D'Angelo is seeking to excuse his CJA obligations by stating that any additional court filings would be considered "frivolous", if only to provide him a relinquishment of his duties.

## IV.

Prior to Mr. D'Angelo's teleconference with Kosoul on June 17th, 2022, there has been a consistent lack of communication between Lead Counsel and client in the past five years. Upon this Courts' inquiries, Kosoul would show that the following personnel at the TDCJ-ID Allan B. Polunsky unit can provide to the Court:

A) Misty Sumner, Mailroom Supervisor: All of Kosoul's Legal Incoming/Outgoing Legal Correspondence Mail Log.

B) Jody Daniels, Inmate Records Supervisor: All of Kosoul's Legal teleconferences from Mr. D'Angelo as well as attorney visitation logs.

Communication between an attorney and client with an active execution date(s) is paramount to ensure that any and all effort is being made to seek relief. Neither has Mr. D'Angelo shown any effort to amend Kosoul's original Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles, by seeking additional input from Kosoul with updated information vital for the board's consideration. Mr. D'Angelo is at this point merely intending to recycle the original clemency effort previously put forth by former Co-counsel Gregory Gardner.

## V.

Because Lead Counsel Mr. D'Angelo has refused to fulfill his duties as CJA counsel and Co-counsel Mr. Allen is prevented by this court to represent in an effective manner assist Kosoul in State Court, he has been abandoned by his legal counsel and is without any counsel at all.

This is an EMERGENCY situation because there is less than 48 days until Kosoul's scheduled execution. For this reason, Kosoul requests this court to issue a STAY OF EXECUTION which will allow this court to appoint new competent Lead Counsel and give this new attorney time to become familiar with Kosoul's complex case.

4

## VI.

For this reason, Kosoul respectfully request this court to issue a STAY OF EXECUTION, and to appoint new lead GJA counsel to competently and pursue other means of relief this court deems Kosoul is entitled to recieve.

Respectfully submitted,

Kosoul Chanthakoummane

Kosoul Chanthakoummane #999529
Polunsky unit D/R
3872 FM 350 South
Livingston, TX 77351

Thursday 30th, June 2022

C.C.

Carlo D'Angelo
100 East Ferguson Street, Suite 1210
Tyler, TX 75702
Tel: (903) 595-6776
Fax: (903) 407-4119

Greg Willis
Collin County District Attorney
2100 Bloomdale Road, Suite 200
McKinney, TX 75071
Tel: (972) 548-4323
Fax: (972) 548-4324

Texas Attorney General Office of Capital Writs
Attn: Fredericka Sargent, Assistant Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548