# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# SHERMAN DIVISION

| | | |
|---|---|---|
| **KOSOUL CHANTHAKOUMMANE,** | § § § | |
| *Petitioner,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:13-CV-067 |
| **DIRECTOR, TDCJ-CID,** | § § § | |
| *Respondent.* | § § | |

## ORDER

Petitioner Kosoul Chanthakoummane, an inmate on Texas's death row, is scheduled for execution on August 17, 2022. In 2013, this Court appointed Carlo D'Angelo to represent Petitioner on federal habeas review. (Dkt. #3). On December 15, 2016, the Court appointed Gregory W. Gardner as co-counsel to assist with state clemency proceedings. (Dkt. #43). On February 10, 2022, the Court appointed Mr. Eric Allen as substitute co-counsel in place of Mr. Gardner. (Dkt. #51). Appointed counsel have competently represented Petitioner throughout the federal habeas process. Recently, the Court denied Petitioner's motion to substitute counsel on July 1, 2022. (Dkt. #56).

Before the Court is Petitioner's Amended *Pro Se* Motion for Dismissal of Counsel and Appointment of New Counsel Due to Abandonment and Conflict of Interest and Request for Stay of Execution, filed on July 11, 2022. (Dkt. #57). The Court construes Petitioner's amended motion as a motion for reconsideration.

Petitioner asserts only one additional fact that was not present in the original Motion for Dismissal of Counsel.  (*Cf.* Dkt. #54 and #57).  He asserts that he had a teleconference with Mr. D'Angelo on June 17, 2022.  Prior to the recent teleconference, he claims that there had been a consistent lack of communication between himself and Mr. D'Angelo for the past five years.  Petitioner fails to explain why he would wait five years to bring a lack of communication with his counsel to the Court's attention and then present that allegation on the eve of his execution.  Petitioner, moreover, claimed in his original motion that he had not heard from Mr. D'Angelo since June 28, 2021–a time period much shorter than five years asserted here.  (Dkt. #54 at 2).  He further claims, without any factual underpinning, that Mr. D'Angelo has not shown any effort to amend Petitioner's original Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles.

Petitioner states that on the June 17, 2022, teleconference, Mr. D'Angelo indicated that he will not seek further relief through the state courts as any further filings would be frivolous.  Petitioner wrongly asserts that Mr. D'Angelo is seeking to relinquish his CJA duties because he refuses to file frivolous pleadings.  Counsel is not under any obligation to file frivolous motions or raise frivolous arguments.  If counsel were to file frivolous motions or raise frivolous arguments, he would subject himself to censure from the courts and the State Bar of Texas.  *See, eg.,* Fed. R. Civ. P. 11(b)-(c).  Petitioner's motion does not identify any non-frivolous state or federal habeas corpus claim(s) that appointed counsel have failed to advance. He also asserts that there are "real merit-based factual issues" but does not identify what the factual issues are.

To the extent that Petitioner is asserting that the issue of whether a religious advisor may be present in the death chamber to pray and lay hands upon him is a bar to his execution, the Supreme Court has resolved that issue in *Ramirez v. Collier*, 142 S. Ct. 1264 (2022) (finding that

the state's refusal to allow a pastor to lay hands on the death-row inmate and pray over him in the execution chamber likely violates RLUIPA). TDCJ has announced that it has changed its policy in accordance with *Ramirez*.

Mr. D'Angelo's June 14, 2022 response (Dkt. #55) belies Petitioner's conclusory allegations. In his response (Dkt. #55), Mr. D'Angelo sets out the various actions that he and his co-counsel have initiated to ensure representation for Petitioner. (*See also* Dkt. #56, pp. 3-5). Mr. D'Angelo affirmatively states that he is currently working on obtaining all necessary court records for the preparation and filing of a Petition for Commutation of Death Sentence with the Texas Board of Pardons and Paroles for Petitioner. (Dkt. #55 at 7). The obtaining of "all necessary court records" raises the inference that Mr. D'Angelo is doing more than recycling the previous filed Petition for Commutation of Death Sentence as alleged by Petitioner. Appointed counsel have assured that they will file a clemency petition on Petitioner's behalf. Importantly, counsel have stated that they will continue to zealously advocate on Petitioner's behalf. (Dkt. #55 at 7).

For the reasons above, the Court again finds that the interests of justice do not require the appointment of new counsel at this late date. It is accordingly

**ORDERED** that Petitioner's Amended *Pro Se* Motion for Dismissal of Counsel and Appointment of New Counsel Due to Abandonment and Conflict of Interest (Dkt. #57) is **DENIED**, subject to reconsideration if counsel were to actually abandon Petitioner.

In its previous Order, the Court stated the reasons why it lacked the jurisdiction to grant a stay of execution. (Dkt. #56 at 7-9). In his amended motion, Petitioner did not provide any new argument or analysis showing that the Court does in fact have jurisdiction to grant a stay. *See Teague v. Johnson*, 151 F.3d 291(5th Cir. 1998) ("[o]nce the appellate mandate issues, a habeas

petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under section 2251."). Again, Petitioner's request for a stay of execution is **DENIED** for lack of jurisdiction.

    **SIGNED this 13th day of July, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE